UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

        - v. -                           18 CR 457 (S-2) (AMD)

HUAWEI TECHNOLOGIES CO.
LTD., *et al.*,

                        Defendants.

───────────────────────────────

## HUAWEI'S MOTION FOR THE COURT TO REVIEW THE GOVERNMENT'S REDACTIONS TO THE MOTION TO DISQUALIFY COUNSEL

The Government has moved to disqualify James Cole from representing defendants Huawei Technologies Co., Ltd. and Huawei Device USA Inc. (collectively, "Huawei") in this matter. In making such a motion, the Government "bears a heavy burden" "[b]ecause disqualification of a criminal defendant's chosen counsel seriously implicates the Sixth Amendment." *United States v. Escobar-Orejuela*, 910 F. Supp. 92, 97 (E.D.N.Y. 1995) (internal quotation marks omitted). And yet, in seeking to shoulder that heavy burden, the Government apparently believes that it need reveal *nothing* to Huawei about the basis for stripping Huawei of its counsel. Instead, the Government offers the following incomprehensible summary of its argument for this extraordinary relief: "[H]aving represented the government in his role as DAG in the DOJ's [REDACTED] investigation [REDACTED], Cole should not now be allowed to represent the defendants in a [REDACTED] matter brought by the DOJ that is substantially related in multiple respects to that [REDACTED] investigation." (Mot. at 7.)

Moreover, having concealed from Huawei *all* information about why disqualification is supposedly warranted, the Government goes further and attacks Mr. Cole for not *volunteering* to

disqualify himself. According to the Government, Mr. Cole is to be faulted because "[d]espite the obvious conflict of interest presented by Cole's representation … Cole has refused to recuse himself from this matter." (Mot. at 1.)

The alleged conflict is not only not "obvious" to Mr. Cole; it is completely unknown. As Mr. Cole explains in the attached declaration, when the Government met with him on several occasions prior to filing its motion, nominally to present the basis for disqualification, it did not identify "any particulars of the facts that it asserts were presented to [him] while [he was] serving as DAG, how those facts relate to this case, or whether any of those facts would be used in this case." (Cole Decl. ¶ 4.) For his own part, having supervised approximately 120,000 DOJ employees in his four years as DAG, and having been briefed on numerous matters in which he was not operationally involved, Mr. Cole did not have any recollection of any facts that would warrant disqualification. (*Id*. at ¶¶ 2, 4.) Nonetheless, although he neither knew of nor had been presented with any facts that would call for him to abandon his client and disqualify himself, Mr. Cole made clear to the Government that he took its suggestion of a conflict "seriously" and was "open to considering any further information" the Government could present. (*Id*. at ¶ 5.)

The Government has never provided anything further. Neither the Government's heavily redacted public motion nor the slightly less redacted version shown privately to Mr. Cole earlier this month[1] included any information that would cause a reasonable lawyer to recuse himself from this matter. In sum, the Government faults Mr. Cole for declining to disqualify himself for reasons

---

[1] Like the publicly filed version of the motion, the version of the motion shown to Mr. Cole did not identify any particulars of the facts that the Government asserts were presented to Mr. Cole while he was DAG, how those facts relate to this case, or whether any of those facts would be used in this case. Thus, like the Government's earlier presentation, it did not include information sufficient to allow Mr. Cole to determine whether to recuse himself from this matter.

that the Government will not sufficiently reveal to him, and wants the Court to order that disqualification without offering Huawei a meaningful opportunity to oppose.

The Court should not permit the Government to proceed in this manner. This is hardly the first case in which a former client—including the Government—has sought disqualification of its former lawyer in some subsequent matter. But there appears to be no case—much less a criminal case, in which the Sixth Amendment right to counsel of choice necessarily looms large—in which the former client sought disqualification but revealed *no* facts about the prior representation to the party opposing disqualification. The position taken by the Government in this case simply is unprecedented.

For these reasons, Huawei respectfully submits that before Huawei is required to respond to the Government's motion, the Court should review the motion and order the lifting of redactions to the maximum extent possible in order to permit Huawei as much access as possible to the information that the Government has advanced to strip Huawei of its Sixth Amendment right to choice of counsel, and at least enough to permit it to reasonably oppose the Government's motion. Although Huawei's constitutional right to counsel of its choice is not absolute, the right is certainly not so inconsequential that it can be overcome without any reasonable opportunity for Huawei to oppose. Huawei has no objection to the revised version being filed under seal, and will cooperate (just as it is already cooperating for purposes of discovery) in any reasonable procedures required to address the protection of classified material disclosed to Huawei's counsel.

**ARGUMENT**

    **A.**     <u>**Huawei's Sixth Amendment Right to Counsel**</u>

The Sixth Amendment enshrines the constitutional guarantee that a criminal defendant shall have the right to counsel "of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53 (1932). The Framers erected this safeguard to ensure "not that a trial be fair, but that a particular guarantee of fairness be provided—to wit, that the accused be defended by the counsel he believes to be best." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006). Accordingly, "an element of [the Sixth Amendment] right is the right of a defendant who does not require appointed counsel to choose who will represent him." *Id.* at 144; *see also Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989) ("[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant."). Where it is determined on appeal that a criminal defendant was erroneously denied the use of the particular lawyer he selected, the error is structural and his conviction *must* be vacated without any review for harmlessness. *Gonzalez-Lopez*, 548 U.S. at 148 ("Where the right to be assisted by counsel of one's choice is wrongly denied, . . . it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants[.]").

The right to counsel of choice is not absolute. But where the Government's disqualification efforts target defense counsel in a *criminal* case, the constitutional stakes enhance the "high standard of proof" and "intensely fact-specific" scrutiny that already accompany civil disqualifications, themselves "drastic" and "disfavored" measures. *Escobar-Orejuela*, 910 F. Supp. at 98; *see also Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983); *Huntington v. Great W. Res., Inc.*, 655 F. Supp. 565, 567 (S.D.N.Y. 1987).

### B. The Government's Extraordinary Request to Withhold *All* Facts Supporting Its Disqualification Motion

Despite the important constitutional right at stake, the Government takes the position that as a former client it may obtain the disqualification of Huawei's chosen counsel without articulating any factual justification to the defendant, or a sufficient factual basis for the lawyer in question to make an informed judgment for himself. In the publicly filed version of its motion, the Government observes only that Mr. Cole was once the Government's lawyer, assures Huawei that there is a substantial relationship between some undescribed aspect of that prior representation and the present matter, and says that Mr. Cole must be disqualified. (*See* Mot. at 17-18.) But the Government refuses to reveal *any* aspect of the prior representation, *any* aspect of the present issues implicated, or *any* factual basis for its claim that there is a substantial relationship between the two. (*See, e.g.,* Mot. at 17 ("[T]he instant prosecution of Huawei Tech and Huawei USA is [REDACTED] 'substantially related' to [REDACTED] the [REDACTED] investigation [REDACTED] in which Cole personally and substantially participated.").

The Government's proposal to disqualify defense counsel on a sealed record that offers the defendant no meaningful opportunity to oppose is a procedure of the Government's unilateral invention. The Government did not seek prior permission from the Court to redact all relevant facts from its motion, and has pointed to no instance where such a procedure has been allowed. Indeed, every case cited by the Government in its motion involves some description of the work the former client claimed justified the disqualification of the lawyer in question, thus giving the new client a meaningful opportunity to oppose disqualification. For example, the principal case on which the Government relies, *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227 (2d Cir. 2016), was a civil forfeiture case to which the Sixth Amendment did not apply. But, even in that context, the former client seeking disqualification explained exactly what its counsel had been

-5-

hired to do, and described the substantial relationship between the prior representation and the new one, all of which the new client had an opportunity to challenge. *See id.* at 230-33, 239; *see also United States v. Ostrer*, 597 F.2d 337, 339 (2d Cir. 1979) (affirming disqualification of defense counsel who served as former prosecutor after describing in detail his involvement in relevant investigation and prosecution and relationship between that work and new matter).

Even when challenged by Huawei on this issue, the Government has provided no authority for its actions. On May 3, 2019, after the Government publicly filed only the cover page of its motion and promised a subsequent filing of a redacted version of the motion itself, Huawei's counsel asked Government counsel to "make all reasonable efforts to let Huawei's lawyers see" as much as possible about the basis for the Government's motion so that "Huawei can fairly litigate the issue." (Ex. A at 1.) A week later, the Government responded by denying the request, citing a single *civil* case—*Decora Inc. v. DW Wallcovering, Inc.*, 901 F. Supp. 161 (S.D.N.Y. 1995)—for the supposed proposition that it could proceed based entirely on facts submitted *ex parte*. (Ex. B at 2.) But even that single case does not stand for what the Government claims. To the contrary, although the district court in *Decora* accepted *some* facts *ex parte*, it did so only after having received a significant portion of the relevant information publicly. *Id.* at 163. The fact that the *ex parte* information was merely a supplement to substantial publicly articulated evidence was the district court's principal justification for approving consideration of the *ex parte* submission. *Id.* (approving partial *ex parte* procedure because key facts were supported by public "evidence in addition to the *in camera* submissions," including in "papers and argument on the original motion," and *ex parte* submission was merely effort by plaintiff "to go further and present additional *ex parte in camera* evidence to show that the former client's confidential information was actually imparted").

Every former client that seeks disqualification necessarily has some interest in confidentiality, but the Government has identified no case in which the former client was permitted to submit *every* fact justifying disqualification on an *ex parte* basis.[2] Nor would one anticipate that such a case exists. As the Supreme Court has recognized, "The value of a judicial proceeding … is substantially diluted where the process is *ex parte*, because the Court does not have available the fundamental instrument for judicial judgment: an adversary proceeding in which both parties may participate." *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 183 (1968).

Moreover, permitting a disqualification motion to proceed on an entirely *ex parte* basis is particularly inappropriate in a *criminal* case, where courts have found that the application of the Sixth Amendment heightens the need for the factual specificity of any disqualification analysis. In *Escobar-Orejuela*, for example, the district court denied the Government's motion to disqualify a former prosecutor who was representing a defendant he once prosecuted in a different but related matter, rejecting the Government's attempt to justify the disqualification with generalities. *Escobar-Orejuela*, 910 F. Supp. at 93. Instead, the court "conducted a searching fact-specific inquiry of counsel to flush out the nature and scope of [the competing] interests in the context of the prior and current prosecutions." *Id.* at 94. It concluded that although there was *some* relationship between the subject matter of the prior prosecution and the issues in the new prosecution, the Government had failed to establish that there was "a substantial relationship," *id.* at 99; *see United States v. Washington*, 797 F.2d 1461, 1467 (9th Cir. 1986) (reversing

---

[2] To be clear, a party seeking disqualification of its former attorney is permitted not to reveal *privileged* information. *See Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 740 (2d Cir. 1978). But Huawei is not asking for access to anything privileged. It is asking for non-privileged facts sufficient to understand and evaluate the Government's claim that the subject of Mr. Cole's prior representation as DAG is substantially related to this matter.

disqualification of former government attorneys where the Government alleged that former prosecutors had received "unspecified confidential information" about the defendant).

But while a "searching fact-specific inquiry" is required before Huawei's criminal defense counsel could be disqualified, the Government asks this Court to exclude Huawei entirely from participating in that inquiry. The Court should reject that request. Instead, should the Government wish to proceed with its motion, the Court should review the motion carefully and require lifting of the Government's redactions to the maximum extent possible.[3]

### C. The Government's Redactions Are Facially Overbroad, Demonstrating Its Indifference to Huawei's Rights

The Government's refusal to provide any context for the purported conflict is all the more unjustifiable because it is clear that the Government has not even *tried* to minimize the level of redaction in its motion. Although the Government informed Huawei in its letter that it would "endeavor[] as much as possible to leave surrounding text [around its redactions] unredacted" (Ex. B at 2, n.1), the Government has done no such thing. Against this backdrop, the Government's claim that there is *nothing* about Mr. Cole's prior representation that can be revealed to Huawei— even in a sealed filing—rings hollow.

---

[3] It bears noting that the Government need not proceed with this motion if it finds the cost too high. A former client is not required to reveal *privileged* information in order to vindicate its right to the duties owed to it by its former lawyer, but there is no case that says that a former client is entitled to *total* secrecy about the prior representation in order to vindicate that right. The Government has made a voluntary decision to assert as Mr. Cole's prior client that Mr. Cole cannot represent Huawei in this matter. If the reasonable price of litigating that position—here, disclosure to the opposing party of at least *some* reasonable amount of information about the prior representation—is more than the Government is prepared to pay, it need not seek Mr. Cole's disqualification. Its rights can be waived, just as any potential plaintiff can decline to assert any claim the ordinary litigation of which the plaintiff perceives to carry too great a cost in time, money, loss of privacy, or some other value. Of the rights at issue, Huawei's Sixth Amendment right to counsel and Due Process right to participate in every meaningful stage of the case against it plainly trumps the Government's mere desire (far from a right) to pursue this legal conflict issue *ex parte* and in total secrecy.

Even from the limited information available it is clear from the face of the Government's motion that the Government has made unjustifiable and overbroad redactions in numerous places. For example, on pages 4 and 5 of its motion, the Government repeatedly redacts the location of the U.S. Attorney's Office that issued a grand jury subpoena in 2017. (Mot. at 4-5.) There is no basis for that redaction. The Government cannot claim it was observing any grand jury secrecy requirement, because if that were the case it could not have openly discussed the subpoena at all. And even if that were the reason, that would be a basis for filing a *sealed* version of the motion, visible to Huawei (which already knows the redacted detail) but not the public. In fact, this is exactly how Huawei asked the Government to proceed, observing that it would be "difficult to believe that . . . no part of [the] motion . . . could be shown to Huawei's defense counsel beyond what [the Government] plan[ned] to show the entire world . . . in [its] public filing." (Ex. A at 1.) The Government responded that Huawei would get no more than the public filing. (Ex. B at 2.)

As another example, on page 21, in the heart of the Government's argument section, the Government attempts to distinguish unfavorable precedent, beginning a paragraph by asserting that "the relationship between" Mr. Cole's prior work and the current case "is far closer than in cases where disqualification was denied." (Mot. at 21.) The Government then presumably discusses one of those historical cases where disqualification was denied before saying "But here . . .," and attempting to articulate that the current case is different. (*Id.*) Yet one or more sentences before "But here"—*i.e.*, one or more sentences that presumably are in large part devoted to discussing some other case—are redacted. And then the Government does the same thing *again* later on the page, redacting an entire *paragraph* that one can infer is in substantial measure a discussion of some prior precedent, before again saying "But here . . . ," and attempting to distinguish that prior case. (*Id.*) Huawei does not have the benefit of knowing precisely what is

-9-

under those redactions, but it is inconceivable that every word in paragraphs seemingly devoted to discussing prior precedents must be redacted.

As still another example, the Government claims at pages 17 to 18 of its motion that: "[Mr.] Cole's current representation conflicts with *two* aspects of his prior work for the Department. First, the defendants' defenses, discovery requests, and strategy in this case already implicate aspects of the [REDACTED] investigation on which Cole was briefed during his tenure as DAG." (Mot. 17-18 (emphasis added).) But even the very word "Second" (introducing the second of the "two aspects") has been redacted, leaving the reader to guess if, whether, or how the Government ever completed its thought. Similarly, the part of the motion where the Government merely defines the capitalized term "Cole Discovery Request"—which is used publicly for the first time with no explanation in a footnote on page 19—is hidden under a redaction somewhere.

None of this is to suggest that the specific words under any of these particular redactions are necessarily critical. But the fact that the Government redacted so much more than it needed to redact even in these detectable instances suggests an attitude of indifference by the Government to the Sixth Amendment rights at stake in its motion to strip Huawei of its choice of counsel. At a minimum, it demonstrates that judicial review of the redactions is warranted.

Even the mechanics of how the Government has implemented its redactions demonstrates that indifference. Although the government could have used word-by-word and line-by-line black-bar redactions over existing text as was done in the Special Counsel's report on Russian interference in the 2016 Presidential election, the Government here felt it appropriate to *remove* redacted text rather than cover it, replacing whole sentences and paragraphs with the simple word, "Redacted." Far from "endeavor[ing] as much as possible to leave surrounding text unredacted" (Ex. B at 2, n.1), the Government has removed whole strings of paragraphs, left no words spared,

and concealed the magnitude of its redactions by replacing what would be numerous unbroken lines or even pages of potentially embarrassing black-bar redactions with the single word "Redacted." According to the Government, *none* of the words in these sentences or paragraphs could be safely revealed and Huawei and the public are left to guess how much actual text has been redacted.

Put simply, the Government has not made a reasonable effort to redact as little as possible. Nor has it drawn any distinction between the defendant—the holder of a constitutionally protected Sixth Amendment right—and the public at large by creating a more detailed, sealed version of its motion that would allow Huawei a meaningful ability to respond, even though Huawei made that request and it is clear from the above that the Government could have complied. Rather, the Government has redacted in a blunderbuss fashion, with no serious concern for Huawei's rights. With that context, the Court should have no faith in the Government's blanket assertion that *nothing* can be revealed to Huawei about the prior representation by Mr. Cole that supposedly mandates his disqualification. The foregoing indicates that the Government has not even made an attempt to respect the rights at issue here.

**D. The Court Should Review the Redacted Motion and Order That Huawei Be Given Greater Access, Even if in a Sealed or Classified Manner**

Whatever the public may be entitled to see in a redacted public filing, Huawei—whose constitutional right to counsel hangs in the balance—is surely entitled to see much more. For this reason, this Court should meet the Government's excessive redactions with exacting scrutiny, and afford Huawei maximum transparency into the supposed factual basis for Mr. Cole's purported conflict. Only then can Huawei have a meaningful opportunity to respond to the Government's motion.

Moreover, this relief need not expose anything to the public. To the extent necessary, Huawei has no objection to the Government revealing the information only in a sealed filing. Similarly, if the relevant information has a security classification, that should not be a barrier either. The Government has already notified defense counsel that there will be classified discovery in this case and has already arranged for three members of the defense team to obtain security clearances to see it. To the extent defense counsel are allowed to see classified discovery, those same counsel should be allowed access to see classified material related to the supposed basis for disqualifying Mr. Cole.

Indeed, the Government does not seem to dispute that it *could* show classified material to the defense, as it will where Rule 16 discovery requirements mandate it. Rather, the position expressed by the Government in its letter to Huawei is that while the defense can see classified material when it is entitled to that material—such as when required in discovery—the factual basis for why Mr. Cole must be disqualified "is not information to which the defense is entitled." (Ex. B at 1.)

That answer misses the mark in a way that is of a piece with the rest of the Government's attitude towards this motion. Although it is true that Huawei would have no entitlement to the information about Mr. Cole's prior representation *absent* the motion to disqualify, the Government is simply wrong that Huawei is not entitled to *any* information at all about the prior representation. The fact of the Government's motion entitles Huawei to know its basis and to be able to respond. Because there must be at least some descriptive, non-privileged facts about that basis that could be revealed (under seal if need be), the Government may not rely on security classifications to prevent disclosing the basis of its motion to Huawei.

Accordingly, for the foregoing reasons, Huawei respectfully requests that the Court review the Government's motion and order the lifting of redactions—subject to whatever protections are needed—in order to permit Huawei as much access as possible to the information that the Government has advanced to strip Huawei of its Sixth Amendment right to choice of counsel, and at least enough to permit it to reasonably oppose the Government's motion. The Constitution and basic fairness require no less.

Respectfully submitted,

| | |
|---|---|
| /s/ Michael A. Levy | /s/ David Bitkower |
| James M. Cole | David Bitkower |
| Michael A. Levy | JENNER & BLOCK LLP |
| SIDLEY AUSTIN LLP | 1099 New York Avenue, NW |
| 787 Seventh Avenue | Washington, D.C. 20001 |
| New York, NY 10019 | Tel: 202-639-6048 |
| Tel: 212-839-7341 | Email: dbitkower@jenner.com |
| Email: mlevy@sidley.com | |

*Counsel for Defendants Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.*

# Exhibit A

| | |
|---|---|
| **From:** | Levy, Michael |
| **To:** | "Kessler, David (USANYE)" |
| **Cc:** | Seitz, Virginia; Cole, James M.; Solomon, Alexander (USANYE); Nestor, Julia (USANYE); Evans, Sarah (USANYE); Farrell, Kaitlin (USANYE) 1; Billings, Laura (CRM); Nauvel, Christian (CRM); Kendler, Thea (NSD) (JMD) |
| **Subject:** | RE: Motion to Disqualify |
| **Date:** | Friday, May 03, 2019 12:22:00 PM |

David,

You're correct that Virginia represents the firm, not Huawei. But Huawei has a Sixth Amendment right to counsel of its choice and its lawyers need to be in a position to oppose your motion to disqualify the lawyer it has chosen. With the obvious caveat that I don't want to be exposed to any information that is the basis of your motion to disqualify Jim – *i.e.*, I don't want to be shown anything that, if ultimately deemed disqualifying, would disqualify me – we find it difficult to believe that there is no part of your motion that could be shown to Huawei's defense counsel beyond what you plan to show the entire world next week in your public filing. To the contrary, we expect that there is some category of information in your motion that you do not intend to make public but is not the disqualifying information itself, and our position is that a fair concern for Huawei's rights requires you to make all reasonable efforts to let Huawei's lawyers see it so that Huawei can fairly litigate this issue. The implicit point in my earlier request is that if what is standing in the way of Huawei's counsel seeing that information is its classification, then we think the Government must find a way to enable me (and likely other members of the defense team) to see the information. We're happy to discuss on the phone if you'd like.

Best,

Mike

**MICHAEL A. LEVY**
Partner

**SIDLEY AUSTIN LLP**
+1 212 839 7341
mlevy@sidley.com

---

**From:** Kessler, David (USANYE) <David.Kessler@usdoj.gov>
**Sent:** Thursday, May 02, 2019 4:51 PM
**To:** Levy, Michael <mlevy@sidley.com>
**Cc:** Seitz, Virginia <vseitz@sidley.com>; Cole, James M. <jcole@sidley.com>; Solomon, Alexander (USANYE) <Alexander.Solomon@usdoj.gov>; Nestor, Julia (USANYE) <Julia.Nestor@usdoj.gov>; Evans, Sarah (USANYE) <Sarah.Evans@usdoj.gov>; Farrell, Kaitlin (USANYE) 1 <Kaitlin.Farrell@usdoj.gov>; Billings, Laura (CRM) <Laura.Billings@usdoj.gov>; Nauvel, Christian (CRM) <Christian.Nauvel@usdoj.gov>; Kendler, Thea (NSD) (JMD) <Thea.Kendler@usdoj.gov>
**Subject:** RE: Motion to Disqualify

Mike –

Setting aside any other issues, the government arranged for Virginia's read-in after her representation that she would not represent Huawei.

David

---

**From:** Levy, Michael <mlevy@sidley.com>
**Sent:** Thursday, May 2, 2019 12:42 PM
**To:** Kessler, David (USANYE) <DKessler@usa.doj.gov>
**Cc:** Seitz, Virginia <vseitz@sidley.com>; Cole, James M. <jcole@sidley.com>; Solomon, Alexander (USANYE) <ASolomon@usa.doj.gov>; Nestor, Julia (USANYE) <JNestor@usa.doj.gov>; Evans, Sarah (USANYE) <SEvans@usa.doj.gov>; Farrell, Kaitlin (USANYE) 1 <KFarrell1@usa.doj.gov>; Billings, Laura (CRM) <Laura.Billings@usdoj.gov>; Nauvel, Christian (CRM) <Christian.Nauvel@usdoj.gov>; Kendler, Thea (NSD) (JMD) <Thea.Kendler@usdoj.gov>
**Subject:** FW: Motion to Disqualify

David,

Could you please make arrangements to read me in too? I'll be participating in opposing the motion. Perhaps needless to say, we're eager to take you up on the offer to be in touch very soon, since we'd like to read the brief.

Best,

Mike

**MICHAEL A. LEVY**
Partner

**SIDLEY AUSTIN LLP**
+1 212 839 7341
mlevy@sidley.com

---

**From:** Kessler, David (USANYE) <David.Kessler@usdoj.gov>
**Sent:** Thursday, May 02, 2019 10:54 AM
**To:** Cole, James M. <jcole@sidley.com>; Seitz, Virginia <vseitz@sidley.com>
**Cc:** Solomon, Alexander (USANYE) < >; Nestor, Julia (USANYE) <Julia.Nestor@usdoj.gov>; Evans, Sarah (USANYE) <Sarah.Evans@usdoj.gov>; Farrell, Kaitlin (USANYE) 1 <Kaitlin.Farrell@usdoj.gov>; Billings, Laura (CRM) <Laura.Billings@usdoj.gov>; Nauvel, Christian (CRM) < >; Kendler, Thea (NSD) (JMD) < >
**Subject:** Motion to Disqualify
Thea.Kendler@usdoj.gov

Jim and Virginia -

This morning we filed the motion to disqualify with the Court's classified information security officer. Later this afternoon we'll memorialize that classified filing with a public cover letter stating that we have filed a motion to disqualify Jim with the CISO and expect to file a public version by next Friday (May 10). A copy of that cover letter is attached. We'll be in touch very soon about a read-in so you can review a redacted copy of the brief.

David

------------------------------------------------
David K. Kessler
Assistant United States Attorney
National Security and Cybercrime Section
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Tel: 718-254-7202
Fax: 718-254-6076
Email: David.Kessler@usdoj.gov
SIPR: David.Kessler@usdoj.sgov.gov
JWICS: David.Kessler@doj.ic.gov

*********************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

*********************************************************************************

# Exhibit B



U.S. Department of Justice

*United States Attorney
Eastern District of New York*

AAS:DKK
F. #2017R05903

*271 Cadman Plaza East
Brooklyn, New York 11201*

May 9, 2019

By E-mail

Michael A. Levy
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

      Re:    United States v. Huawei Technologies Co., Ltd., et al.
                Criminal Docket No. 18-00457 (AMD)

Dear Mr. Levy:

      The government writes in response to your May 3, 2019 email request for access to certain classified information contained in the government's May 2, 2019 motion to disqualify defense counsel James Cole, Esq. ("Motion to Disqualify").  (*See* ECF No. 49.)  For the reasons articulated below, the government will not provide the requested access to classified information.

      The government's disqualification motion was an *ex parte* sealed and classified filing.  In broad strokes, the disqualification motion argues that Mr. Cole's prior representation of the United States creates a conflict of interest that requires his disqualification from the above matter.  In support, the motion summarizes classified and privileged materials, including materials provided to Mr. Cole during his service as Deputy Attorney General with the Department of Justice.

      To allow Mr. Cole to assess the nature of his conflict, and to prevent any improper disclosure of privileged information by Mr. Cole acquired while representing the United States, the government has arranged for Mr. Cole and another member of your firm, Virginia Seitz, Esq., to sign non-disclosure agreements providing them access to a redacted version of the disqualification motion.  The government agreed to provide Ms. Seitz with a non-disclosure agreement based on Ms. Seitz's representation that she would solely be representing Cole and would not join the defense team.

      With respect to your May 3, 2019, request, the classified information in the redacted Motion to Disqualify is not information to which the defense is entitled, and the government would be prejudiced if the trial defense team were given access to it.  But more important, neither ethical rules nor caselaw require the government to provide a defendant with the very information it seeks to prevent its former attorney from sharing in order to

allow a defendant to protect any Sixth Amendment interest. See, e.g., Decora Inc. v. DW Wallcovering, Inc., 901 F. Supp. 161, 163 (S.D.N.Y. 1995) ("The substantial relationship test and the receipt of ex parte submissions are designed to protect the confidences of the former client and to avoid the necessity of its disclosing confidences to an adversary."); N.Y. Rules of Prof'l Conduct 1.9, cmt. 3 ("A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter."). Huawei will have access to the public version of the motion, and the Court will be fully apprised of all relevant information.[1]

        Very truly yours,

        RICHARD P. DONOGHUE
        United States Attorney
        Eastern District of New York

By:    /s/ David K. Kessler
        Alexander A. Solomon
        Julia Nestor
        David K. Kessler
        Kaitlin T. Farrell
        Sarah M. Evans
        Assistant U.S. Attorneys
        (718) 254-7000

        DEBORAH L. CONNOR
        Chief
        Money Laundering and Asset Recovery Section
        Criminal Division, U.S. Department of Justice

        Laura M. Billings
        Christian J. Nauvel
        Trial Attorneys

        JAY I. BRATT
        Chief
        Counterintelligence and Export Control Section
        National Security Division, U.S. Department of Justice

        Thea D. R. Kendler
        David Lim
        Trial Attorneys

---

[1] In preparing the public version of the motion, when redacting classified information, the government has endeavored as much as possible to leave surrounding text unredacted.