

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS:JN/DKK
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 11, 2019

By Email and ECF

James M. Cole
Michael Levy
Joan M. Loughnane
Sidley Austin LLP

David Bitkower
Matthew S. Hellman
Jenner & Block LLP

Re: United States v. Huawei Technologies Co., Ltd., et al.
Criminal Docket No. 18-457 (S-2) (AMD)

Dear Counsel:

Enclosed please find the government's first production of discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The discovery is being produced pursuant to the Protective Order entered by the Court on June 10, 2019. See ECF Docket Entry No. 57. The government also requests reciprocal discovery from the defendant.

I. The Government's Discovery

   A. Documents to Be Produced

| Document Description | Category of Discovery Pursuant to Protective Order | Bates Range |
|---|---|---|
| Information from Google Accounts | Sensitive Discovery Material ("SDM") | DOJ_HUAWEI_B_0000000001-2[1] |
| Information from Microsoft and Google Accounts | SDM | DOJ_HUAWEI_B_0000000004-6 |
| Laptop Computer Image | Discovery Materials ("DM") | DOJ_HUAWEI_B_0000000007 |
| Information from Facebook Account | SDM | DOJ_HUAWEI_B_0000000008 |
| Travel Records | DM | DOJ_HUAWEI_B_0000000008-19 |
| Materials from House Permanent Select Committee on Intelligence | DM | DOJ_HUAWEI_B_0000000020-111 |
| Postings on www.irantalent.com | DM | DOJ_HUAWEI_B_0000000112-256 |
| News Articles | DM | DOJ_HUAWEI_B_0000000257-308 |
| Translations of Material From Official Newspaper of the Islamic Republic of Iran[2] | DM | DOJ_HUAWEI_B_0000000309-349 |
| Skycom Corporate Records | DM | DOJ_HUAWEI_B_0000000350-799 |
| Skycom Credit Reports | DM | DOJ_HUAWEI_B_0000000800-808 |
| Additional Skycom Corporate Records | DM | DOJ_HUAWEI_B_0000000809-811 |

| Document Description | Category of Discovery Pursuant to Protective Order | Bates Range |
|---|---|---|
| Transactional Data | DM | DOJ_HUAWEI_A_0000000001-350 |
| Written Communications Between the Defendants and Various Financial Institutions | DM | DOJ_HUAWEI_A_0000000351- DOJ_HUAWEI_A_0000055656 |

Furthermore, on March 14, 2019 the government provided the defendants with an unredacted copy of the Second Superseding Indictment.[3]

B. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

C. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

D. <u>Brady Material</u>

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

---

[1] DOJ_HUAWEI_B_0000000003 is intentionally left blank.

[2] Any translations produced are in their draft form. The government will provide final translations in advance of trial.

[3] Huawei has previously produced certain documents to another United States Attorney's Office pursuant to an April 2017 subpoena. The government does not intend to reproduce those documents to Huawei.

E.     Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.    The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.   Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact us.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer,"

as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/ Julia Nestor
Alexander A. Solomon
Julia Nestor
David K. Kessler
Kaitlin Farrell
Sarah Evans
Assistant United States Attorneys
(718) 254-7000

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

By:   /s/ Laura Billings
Laura Billings
Christian J. Nauvel
Trial Attorneys

JAY I. BRATT
Chief, Counterintelligence and Export
Control Section
National Security Division, U.S. Department
of Justice

By:   /s/ Thea D. R. Kendler
Thea D. R. Kendler
David Lim
Trial Attorneys

Enclosures

cc:     Clerk of the Court (AMD) (by ECF) (without enclosures)