UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
**UNITED STATES OF AMERICA,**                                     :
                                                                  :
                    - against –   :  **ORDER**
                                                                  :  18-CR-457 (S-2) (AMD)
                                                                  :
**HUAWEI TECHNOLOGIES CO. LTD.,** *et al.,*                       :
                                                                  :
                         Defendants.   :
----------------------------------------------------------------- X

**ANN M. DONNELLY,** United States District Judge:

On January 24, 2019, a grand jury charged defendants Huawei Technologies Co., Ltd. and Huawei Device USA Inc. (collectively, "Huawei") with conspiracy to commit bank fraud, conspiracy to commit wire fraud, bank fraud, wire fraud, conspiracy to defraud the United States, conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), violations of the IEEPA, money laundering conspiracy, and conspiracy to obstruct justice. (ECF Nos. 13, 19.)

On May 2, 2019, the Government filed a sealed classified motion to disqualify James M. Cole, the former Deputy Attorney General ("DAG"), from representing any of the defendants in this case. (*See* ECF No. 49.) The Government asserts that Mr. Cole "personally supervised and participated in" an investigation that is "directly implicated" in this case "during the entire time that Cole was DAG." (ECF No. 50-1 at 1–2.) The Government—Mr. Cole's former client—contends that he "ha[d] access to privileged (and classified) factual information as a Department attorney that would give him an improper advantage in representing his current clients." (*Id.* at 2.) The Government does not consent to Mr. Cole's continued representation of any of the defendants in this case. (*Id.*) As a second basis for disqualification, the Government argues that Mr. Cole cannot sufficiently disclose the conflict to his clients, because the nature of the conflict

1

related to privileged and classified information, and that his clients, therefore, cannot knowingly and intelligently waive the conflict. (*Id.* at 22–23.)

On May 10, 2019, the Government publicly filed a redacted version of the motion to disqualify.[1] (ECF Nos. 50, 50-1.) The Government also gave Mr. Cole and his counsel, Virginia Seitz, a version of the motion that was redacted to "avoid disclos[ure] [of] classified information," but that includes significantly more information than the publicly filed motion.[2] (*See* ECF No. 50-1 at 1 n.2.)

A week later, Huawei asked the Court to review the Government's redacted motion to disqualify, claiming that the Government's redacted filing "offers the defendant no meaningful opportunity to oppose" the motion, and that the redactions are "facially overbroad." (ECF No. 51 at 5, 8.) The defendants, characterizing the motion as "entirely *ex parte*," ask the Court to review the redacted motion. (*Id.* at 7.) The defendants do not specify exactly what they want the Court to order the Government to unredact, but claim that "there must be at least some descriptive, non-privileged facts about [the] basis [of the disqualification motion] that could be revealed." (*Id.* at 12.) Huawei requests a less redacted version of the Government's motion so that Huawei can have "as much access as possible to the information" with which the Government seeks to disqualify Mr. Cole. (*Id.* at 13; *see id.* at 6.)

The Government consents to the Court's review of the redactions, but asserts that "the redactions are appropriate, and that there is no additional material information to which the defendants are entitled." (ECF No. 54 at 3.) The Government says that it has disclosed the

---

[1] The Government provided the Court with a redline reflecting the redactions made in the publicly filed motion to disqualify. (*See* ECF No. 54 at 2 n.2.)

[2] The Government submitted a copy of the motion identifying the redactions applied to the version reviewed by Mr. Cole and Ms. Seitz to the Court.

2

"information that could be revealed without providing some of the very information the government seeks to prevent from being used improperly." (*Id.*)

Neither party cites any case that is factually similar to this case, and I have not found any.[3] That is not surprising given the unique facts: a former high ranking Department of Justice official—indeed, the second-in-command of the Department—who oversaw and had access to highly classified and privileged information about a non-public investigation, seeks to represent a criminal defendant in a matter that may involve the very classified and privileged material he learned from the investigation.

Since the Government's motion implicates the Sixth Amendment right to chosen counsel, I begin there. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. While the Sixth Amendment provides defendants the right to be represented by their chosen counsel, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988) (citations omitted). Thus, "the right to choose one's own counsel is not absolute." *United States v. Jones*, 381 F.3d

---

[3] Both parties cite *Decora Inc. v. DW Wallcovering, Inc.*, in which Judge Koeltl held an *ex parte in camera* hearing to review "confidential information" related to the plaintiff's motion to disqualify defense counsel who had previously represented the plaintiff in a substantially related matter; the "confidential information" was used to "show[] that actual confidences of [the former client] were communicated [to defense counsel]." 901 F. Supp 161, 163 (S.D.N.Y. 1995). Relying on *Government of India v. Cook Indus., Inc.*, 569 F.2d 737, 739–40 (2d Cir. 1978), Judge Koeltl held that the proceeding was appropriate because the *ex parte* submissions were necessary "to prevent further disclosure" of the confidential information. *Decora*, 899 F. Supp. at 138 (quoting *Decora Inc. v. DW Wallcovering, Inc.*, 899 F. Supp. 132, 138 (S.D.N.Y. 1995)). Unlike the litigants in *Decora*, the parties here do not appear to dispute the propriety of *ex parte* filings that relate to privileged information; they dispute only whether Huawei is entitled to non-privileged information submitted *ex parte*.

3

114, 119 (2d Cir. 2004) (citing *Wheat*, 486 U.S. 153, 159 and *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993)).

The disqualification of a defendant's chosen counsel "implicates not only the accused's right to counsel, but also the interests of the judiciary in preserving the integrity of its processes, and the government's interest in ensuring a fair trial and a just verdict. *Jones*, 381 F.3d at 119 (citing *Locascio*, 6 F.3d at 931). Determining whether Mr. Cole should be disqualified is exclusively the province of the Court; the parties do not dispute that the unredacted, classified motion to disqualify includes sufficient information for me to make that decision.

Rather, the defendants argue that they cannot defend their Sixth Amendment right to retain their chosen counsel because the Government seeks disqualification on an "*ex parte*" basis.[4] (*See* ECF No. 51 at 7 ("[P]ermitting a disqualification motion to proceed on an entirely *ex parte* basis is particularly inappropriate in a *criminal* case, where courts have found that the application of the Sixth Amendment heightens the need for the factual specificity of any disqualification analysis.") (emphasis in original)). I have reviewed the unredacted motion, the publicly filed redacted motion, and the version provided to Mr. Cole and Ms. Seitz. Huawei's description of the motion process as "entirely *ex parte*" is inaccurate. In the publicly filed redacted motion, the Government discloses that as DAG, Mr. Cole "personally supervised," "participated in," and "was briefed about" an investigation that the "Department [of Justice] was

---

[4] The Court is aware of at least two criminal cases in which defense attorneys seem to have been disqualified after *ex parte* submissions to the presiding judges. *See United States v. Hobson*, 672 F.2d 825, 830 n.3 (11th Cir. 1982) (noting that the evidence used to disqualify "the attorney was given ex parte" without a "hearing, formal or otherwise") (J. Kravitch concurring in part, dissenting in part), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259 (1984); *United States v. James*, 674 F.2d 886, 891 n.9 (11th Cir. 1982) (referencing an "ex parte in camera hearing held on the motion to disqualify James' attorneys").

4

conducting," and that the investigation lasted "the entire time that Cole was DAG." (ECF No. 50-1 at 1–2, 4.)

Moreover, the Government gave Mr. Cole a version of the motion to disqualify that included fewer redactions and significantly more information about Mr. Cole's involvement in the investigation at issue. The assigned assistant U.S. attorneys have met with Mr. Cole twice since January 22, 2019, when the Government first informed Mr. Cole of the potential conflict, to explain why they thought there was a conflict, and showed Mr. Cole certain supporting facts to support their concern.[5] Having reviewed those facts and the less redacted version of the motion that Mr. Cole and Ms. Seitz received, I conclude that the Government has sufficiently disclosed to Mr. Cole the underlying details about his participation as DAG in the investigation to make a determination about the need for disqualification and to answer the Government's motion.

Nevertheless, I have compared the redacted and unredacted versions of the motion to disqualify, focusing on the defendants' request that I direct the Government to unredact "descriptive, non-privileged facts about [the] basis" of the Government's disqualification motion. I find that the Government, for the most part, has redacted only privileged, classified information.[6] If I were to order the Government to share that information with members of the defense team, they could also become conflicted.

---

[5] The Government met with Mr. Cole on January 29, 2019 and February 26, 2019. (*See* ECF No. 50-1 at 6.)

[6] The defendants complain about the Government's method of redaction—using the word "[REDACTED]" in lieu of blacking out lines—but do not explain how it obscures their understanding of the basis of the disqualification motion; nor do they ask that I order the Government to use an alternative method. (*See* ECF No. 51 at 10–11.) The defendants also point to the redaction of information they already know as an example of the Government's "unjustifiable and overbroad redactions." (*Id.* at 9.) They do not, however, ask me to direct the Government to unredact this information or argue that its unredaction would help them grasp the Government's basis for the alleged conflict.

I have, however, identified certain redactions that do not conceal privileged or classified materials. The following portions of the publicly-filed redacted motion to disqualify should be unredacted:

1. The first two words in the text marked "[REDACTED]" between "respect to" and "Cole" on page 1;[7]

2. Footnote 1 on page 1, except for the fifth and last sentences of the footnote;

3. The sentence marked "[REDACTED]" between "former attorney" and "The government" on page 2;

4. The text marked "[REDACTED]" between "work as DAG" and "which the law" on page 2;

5. The first four words and the last five words in the text marked "[REDACTED]" between "in this case" and "The DOJ" on page 5;

6. The text marked "[REDACTED]" between "Huawei USA is" and "substantially related" on page 17;

7. The first sentence, except for the twenty-fifth and twenty-sixth words, of the paragraph marked "[REDACTED]" after "grounds for disqualification. Id." on page 19;

8. The first, second, third, and fifth sentences in the lines marked "[REDACTED]" between "denied" and "But here," on page 21;

9. The last sentence of the second paragraph marked "[REDACTED]" under the subheading "B. [REDACTED]" on page 21;

10. The third, fourth, and fifth sentences in the first paragraph marked "[REDACTED]" on page 22; and

11. The footnote to the fifth sentence in the first paragraph marked "[REDACTED]" on page 22, except the first and last sentences.

The Court will provide the Government with a sealed copy of the unredacted motion marking the portions of the classified motion to be unredacted; the Government is to contact chambers

---

[7] Citations accompanying any sentence to be unredacted should be considered a part of that sentence. Classified designations throughout the motion are to remain redacted.

directly to arrange for the delivery of the copy of the motion. The Government has requested the opportunity to discuss the propriety of certain redactions with the Court or in the event that the Court order that certain redactions be unredacted, to withdraw its motion to disqualify entirely. By June 18, 2019, the Government is to inform the Court, by letter, whether it seeks to discuss the revised redactions or intends to withdraw the motion to disqualify. Alternatively, by June 18, 2019, the Government is to file an amended redacted motion to disqualify that complies with this Order.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      June 14, 2019