**SIDLEY**                                                    **JENNER&BLOCK**ʟʟᴘ

April 15, 2020

**VIA ELECTRONIC MAIL**

Alexander A. Solomon
David K. Kessler
Julia Nestor
Sarah Evans
Kaitlin Farrell
Assistant United States Attorneys
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Laura Billings
Christian Nauvel
Trial Attorneys
Money Laundering and Asset Recovery Section
U.S. Department of Justice, Criminal Division
1400 New York Ave., NW, 10th Floor
Washington, D.C. 20005

Thea Kendler
David Lim
Trial Attorneys
Counterintelligence and Export Control Section
U.S. Department of Justice, National Security Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Re:   *United States v. Huawei Technologies Co., Ltd., et al.*, **18 CR 457 (S-3) (AMD) (EDNY) – Bill of Particulars Request**

Dear Counsel:

      Per our telephone conversation of April 8, 2020, we write regarding the Huawei Defendants' request for a bill of particulars pursuant to Rule 7(f). As you know, Defendants

*United States v. Huawei Technologies Co., Ltd., et al.*
April 15, 2020
Page 2

made their request for a bill of particulars in a letter to you on March 26, 2019. That request has now been pending for more than a year.

We recognize that the government has been producing discovery during that period, but discovery is now substantially complete regarding the particulars at issue, and it is not possible for Defendants to ascertain most of those particulars from the discovery. For example, the indictment refers extensively to bank transactions, but specifically cites only a handful of allegedly illegal transactions. Meanwhile, the government has produced discovery concerning more than 2,000,000 bank transactions. The government has an obligation to give Defendants fair notice of which of those transactions it alleges are unlawful. Likewise, the indictment refers to purported misstatements to financial institutions by unnamed Huawei personnel. But the government has produced thousands of communications between Huawei personnel and financial institutions. The government has an obligation to give Defendants fair notice of which of those communications it alleges were fraudulent.

As part of our meet and confer on April 8, you asked us to identify and prioritize the particulars we were still seeking after having received the discovery. Defendants' original list from March of last year was already designed to include only those particulars that we believed were necessary to prepare the defense. Nonetheless, we have attempted to further prioritize our requests and provide more specificity to assist the government in responding. Likewise, during our meet and confer you also asked us to review the Record of the Case and Supplemental Record of the Case the government filed in the Canadian extradition proceeding regarding Ms. Meng. We have reviewed those documents and narrowed our requests where they provided relevant information.

Accordingly, pursuant to Rule 7(f), we reiterate our request for specification of the following information alleged in the Indictment:

<u>Fraudulent Statements and Wires</u>

1. *Statements*: Information identifying the alleged materially false and fraudulent statements or omissions that the government intends to rely upon to prove the bank and wire fraud and related conspiracy charges in the Indictment, including at a minimum:

   a. The date and time of each communication containing a relevant pretense, representation, or promise or reflecting deceitful or dishonest means;

   b. The means of each communication;

   c. The parties to each communication;

*United States v. Huawei Technologies Co., Ltd., et al.*
April 15, 2020
Page 3

    d. The location of each party to each communication and the locations through which each communication passed;

    e. The contents of each communication; and

    f. The manner in which the communication constituted a misrepresentation or material omission and the basis of the allegation that Defendants knew of and/or intended that misrepresentation or material omission.

2. *Wires*: Information identifying all alleged wire communications (including written or oral communications conveyed or transmitted through the wires) referred to or that the government intends to rely upon to prove the wire fraud and related charges in the Indictment, including at a minimum:

    a. The date and time of each communication;

    b. The means of each communication, whether email or otherwise;

    c. The parties to each communication;

    d. The location of each party to each communication and the locations through which each communication passed; and

    e. The contents of each communication, including any "writings, signs, signals, pictures and sounds" transmitted.

3. *Financial Institution 1 Termination*: The identities of financial institutions other than U.S. Subsidiary 4 to which Huawei allegedly made material misrepresentations about the reason for the termination of its relationship with Financial Institution 1. *See* Indictment ¶ 84 (alleging that misrepresentations were made to U.S. Subsidiary 4, "among other financial institutions").

4. *Venue*: Information regarding the connection between the purportedly fraudulent statements and the Eastern District of New York, including which components of U.S. Subsidiary 4 received the communications in the Eastern District of New York. *See* Indictment ¶ 84.

Financial Transactions

5. *Illegal Transactions*: Information identifying the financial transactions supporting the fraud, IEEPA, and money laundering counts in the Indictment.

*United States v. Huawei Technologies Co., Ltd., et al.*
April 15, 2020
Page 4

6. *EDNY Transactions*: Information identifying in particular which U.S.-dollar clearing transactions relevant to the Indictment passed through the Eastern District of New York.

7. *Other Dollar-Clearing Transactions*: Information identifying any other U.S.-dollar clearing transactions allegedly processed "in furtherance of HUAWEI's Iran based business." *See, e.g.*, Indictment ¶ 72.

8. Whether the "wires" referred to in Indictment ¶ 110(b), as opposed to the "communications" referred to in ¶ 110(a), refer to financial transactions or to other types of "wires."

Information Identifying Specific Individuals or Institutions

9. *Victim Institutions*: The identities of Financial Institution 2; Financial Institution 3; and all other "Victim Institutions" referred to in the Indictment.

10. *Dollar-Clearing Banks*: The identities of Bank 1; Bank 2; and the "other financial institutions operating in the United States" that allegedly processed U.S.-dollar clearing transactions "in furtherance of HUAWEI's Iran-based business" (in addition to U.S. Subsidiary 1), including which, if any, of the banks processed transactions through the Eastern District of New York.

11. *Huawei Personnel*: The identities of all "Huawei representatives" and employees referred to in the Indictment, including the redacted names. *See, e.g.*, Indictment ¶¶ 75, 81, 84, 85.

12. *U.S. Employee in Iran*: The identity of Employee-1, as well as any other U.S. persons allegedly employed in Iran. *See* Indictment ¶ 70. ("Moreover, contrary to U.S. law, SKYCOM, on behalf of HUAWEI, employed in Iran *at least* one U.S. citizen ("Employee-1"), an individual whose identity is known to the Grand Jury." (emphasis added)).

Conspiracy

13. *Co-Conspirators*: The identities of all alleged co-conspirators, whether indicted or unindicted.

Objects of the Scheme

14. The identity and location of the "money," "fund," "credit," and "other property" that were the alleged objects of the bank fraud schemes charged

*United States v. Huawei Technologies Co., Ltd., et al.*
April 15, 2020
Page 5

>   in Counts 4, 5, 7 & 8, and the "money" and "property" that were the alleged objects of the wire fraud schemes charged in Counts 6 & 9.

Obstruction Charge

15. The identities of which alleged witnesses were moved "to the PRC, and beyond the jurisdiction of the U.S. government," including the identity of Individual 4.  *See* Indictment ¶¶ 87, 133(i).

16. Information regarding what specific "evidence in the United States of HUAWEI's Iran-based business" was allegedly destroyed or concealed. *See* Indictment ¶ 87.

17. The date on which the relevant grand jury proceedings were initiated in the Eastern District of New York.  *See* Indictment ¶ 128.

Means of Sanctions Violations

18. Whether, as part of the "Skycom Fraudulent Scheme" alleged in the Indictment, Huawei is alleged to have operated Skycom "to obtain otherwise prohibited U.S.-origin goods, technology and services" for Huawei's Iran-based business other than "banking services" from the alleged Victim Financial Institutions, and if so, what goods, technology, and services.  *See* Indictment ¶ 70.

19. Whether, apart from purportedly procuring U.S.-origin banking services and employing a U.S. citizen in Iran, Huawei is alleged to have in any other way "conducted its business in Iran in a manner that violated applicable U.S. law," and if so, in what manner.  *See* Indictment ¶¶ 71, 118.

Thank you for your attention to this matter.  We appreciated your statement during our call that you would provide us with a prompt written response to this letter, and we request that you do so within two weeks.  Given the length of time that Defendants' request has been pending, Defendants are prepared to move promptly to request relief from the Court to the extent the government does not provide the information Defendants seek.

*United States v. Huawei Technologies Co., Ltd., et al.*
April 15, 2020
Page 6

Sincerely,

| | |
|---|---|
| SIDLEY AUSTIN LLP | JENNER & BLOCK LLP |
| By: /s/ Thomas C. Green | By: /s/ David Bitkower |
| Thomas C. Green | David Bitkower |
| Mark D. Hopson | Matthew S. Hellman |
| Michael A. Levy | JENNER & BLOCK LLP |
| 1501 K Street, NW | 1099 New York Avenue, NW |
| Washington, D.C. 20005 | Washington, D.C. 20001 |
| Tel.: 202-736-8000 | Tel: 202-639-6048 |
| Email: tcgreen@sidley.com | Email: dbitkower@jenner.com |

*Counsel for Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA Inc., and Futurewei Technologies, Inc.*