**SIDLEY**                                                          **JENNER&BLOCK** LLP

May 21, 2020

UNREDACTED VERSION
FILED UNDER SEAL

**VIA ECF**

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, NY 11201

Re:   *United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457 (S-3) (AMD);
      <u>Reply in Support of Application to Discuss Discovery Materials with Witness</u>

Dear Judge Donnelly:

    Huawei Technologies Co., Ltd. ("Huawei Tech"), Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc. (collectively, "the Huawei Defendants"), respectfully submit this reply in support of their application to discuss the discovery materials on a limited basis with co-defendant Meng Wanzhou.[1]

**ARGUMENT**

    According to the Indictment, Ms. Meng has served as Huawei Tech's CFO since 2010, and previously served on the board of Skycom, the company whose relationship to Huawei is at the center of the government's case. The Huawei Defendants presume that the government intends to argue that one or more of the Huawei entities are liable for her acts as a co-conspirator or under a *respondeat superior* theory. Literally no other human being is identified in the core fraud and sanctions allegations in the Indictment. Yet the government insists that the Huawei Defendants cannot discuss with Ms. Meng the vast majority of the evidence in the case.

    The core of the government's argument is that Ms. Meng is not entitled to discovery because she is a "fugitive." Gov't Opp'n to Huawei's Appl. to Discuss Discovery Materials with

---

[1] The Huawei Defendants have respectfully requested oral argument on this application.

*United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457
May 21, 2020
Page 2

Witness ("Gov't Opp'n") at 2–4, 6, ECF No. 155. But (as the Huawei Defendants explained in their opening brief), that doctrine has no relevance here. It is *the Huawei Defendants'* right to mount their defense that is at issue, not Ms. Meng's. The government hypothesizes that Ms. Meng could nonetheless violate the Court's orders and misuse discovery. Not only is that pure speculation, but the highly restrictive protective order terms that the Huawei Defendants propose make it effectively impossible anyway. *See* June 10, 2019 Protective Order ("Protective Order"), ECF No. 57; March 12, 2020 Supplemental Protective Order ("Supplemental Protective Order"), ECF No. 139.

That leaves the government to argue that the Huawei Defendants do not *need* to discuss discovery with Ms. Meng. That assertion is, respectfully, beyond the government's competence to make; but, in any event, it is baseless. On the government's own theory, Ms. Meng was responsible for Huawei Tech's financial affairs, personally involved in a scheme to defraud international banks on behalf of the Company, and had personal knowledge of the relationship between Huawei and Skycom.

As with other aspects of the government's attempts to restrict the Huawei Defendants' defense in this case, the government barely acknowledges and has not come close to meeting the relevant legal standard to prevent the Huawei Defendants from consulting with potential witnesses—much less an individual who may be the central witness in the case. The Court should, with appropriate restrictions, make clear that the Huawei Defendants can do so.

    **A.    Huawei's Right To Prepare Its Defense Cannot Be Constrained Because Ms. Meng Is Challenging Canada's Right To Extradite Her.**

The government argues that this application should be denied because "fugitives are not entitled to criminal discovery." Gov't Opp'n at 3. But the *Huawei Defendants* are not fugitives, and the case law cited by the government is irrelevant. As the Huawei Defendants have explained, they need to discuss relevant discovery materials with Ms. Meng to prepare *their own defense*. None of the cases cited by the government (in which fugitives seek judicial relief for themselves) alters the constitutional rule that a defendant that has appeared to defend itself in a criminal case is entitled to discuss discovery with "potential defense witnesses in the course of [its] investigation." *United States v. Johnson*, 314 F. Supp. 3d 248, 256 (D.D.C. 2018); *see also United States v. Lindh*, 198 F. Supp. 2d 739, 742 (E.D. Va. 2002).

Perhaps recognizing this gap in its argument, the government suggests that this case is different because of "Huawei's ongoing efforts to assist [Ms.] Meng in opposing extradition, particularly by providing her with documentary materials." Gov't Opp'n at 6. But the Huawei Defendants' "due process right to prepare and present a full defense," *Lindh*, 198 F. Supp. at 742, cannot be abridged simply because Huawei Tech has made a lawful decision to assist its corporate officer—who is presumed innocent—in presenting her own legal defense to extradition in a Canadian court. The government's suggestion that its position on this motion might be different

*United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457
May 21, 2020
Page 3

if the Huawei Defendants did not support Ms. Meng's legal case in Canada is of questionable legality, *cf. United States v. Stein*, 541 F.3d 130, 142-43 (2d Cir. 2008), but in any case the argument should be rejected because the government has not even attempted to support it with law.[2]

### B. The Harms Articulated by the Government Are Speculative and Preventable.

The government next argues that, even granting that it is the Huawei Defendants' and not Ms. Meng's Sixth Amendment rights that are implicated here, the Court should nonetheless restrict the defense because Ms. Meng might "misuse" discovery materials that the Huawei Defendants discuss with her. The government has not remotely presented good cause to restrict discovery on this account.

First, the government offers zero basis to suggest that Ms. Meng would violate this Court's order, or worse—as the government speculates without any foundation—use the materials "in an effort to chill witnesses" against her. Gov't Opp'n at 6. Ms. Meng has been under judicial supervision in Canada for over a year and has never been cited for a single violation of her terms of release. To justify discovery restrictions, the government must do more than casually speculate that she will leak information to intimidate witnesses. "[T]he Government has the burden of demonstrating, and not just alleging," good cause. *United States v. Smith*, 985 F. Supp. 2d 506, 531 (S.D.N.Y. 2013).

Second, the government does not even *mention* the stringent terms under which the Huawei Defendants propose to confer with Ms. Meng. Assuming the Court proceeds under the Supplemental Protective Order already entered, Ms. Meng would be allowed to review the discovery materials only in the presence of U.S.-based defense counsel, who are signatories to the Supplemental Protective Order.[3] Neither Ms. Meng nor her U.S.-based counsel (who are also signatories to the Supplemental Protective Order) would be allowed to retain any discovery materials, and only U.S. counsel could retain work product. No discovery materials at all would

---

[2] For the same reason, the government's assertion that the cases cited by the Huawei Defendants do not "involve[] a situation in which a defendant sought to share discovery with a fugitive outside the United States, let alone a fugitive whom the defendant has helped fight extradition," is a non sequitor. The cases cited by the Huawei Defendants establish that a defendant's Sixth Amendment rights include the right to discuss discovery with potential witnesses. *E.g.*, *Johnson,* 314 F. Supp. 3d at 256; *Lindh*, 198 F. Supp. 2d at 742. Whether that witness is challenging the government's legal positions elsewhere is of no relevance to the Huawei Defendants' Sixth Amendment rights, particularly in light of the restrictions on use of the discovery materials to which Huawei has agreed.

[3] The government concedes that the Supplemental Protective Order is enforceable against U.S.-based counsel. Gov't Opp'n at 6.

*United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457
May 21, 2020
Page 4

be discussed or shared with Ms. Meng's Canadian counsel handling her extradition proceedings. These kind of restrictions are routinely deemed adequate to safeguard discovery (and typically far more sensitive discovery than is at issue here).  *Id.* at 544 (noting that courts "regularly" use and "explicitly approve[]" having those who assist in a defense "sign a memorandum certifying that they understand they are bound by the Protective Order.").[4]

Ignoring these restrictions, the government hypothesizes that Ms. Meng might nonetheless go rogue and deploy discovery materials in her extradition proceeding.  Here too, the government's argument is built on speculation.  But in any event the government's fears are nonsensical—the Canadian extradition is a judicial proceeding under court supervision, where the U.S. government is a represented party.  If discovery materials were inappropriately used in those proceedings, both this Court and the Canadian court could take any appropriate action, and the result would presumably not work out to Ms. Meng's benefit.[5]

### C. Huawei Has A Substantial Need To Discuss Relevant Discovery Materials With Its CFO And The Central Figure In The Indictment.

Finally, the government argues that the Huawei Defendants need only discuss with Ms. Meng the roughly ▮ email communications in the discovery on which she was the sender or recipient.  As noted above, this is not the government's call, and it is untrue.  The government has made Ms. Meng a central figure in the Indictment, and apparently seeks to hold the Huawei Defendants vicariously liable for her conduct with respect to key allegations in the case.  Unless the government plans to rely solely on those ▮ documents to establish her culpability—and, by the same token, the Huawei Defendants' conspiratorial or vicarious liability for her actions—then the Huawei Defendants have a right to discuss with her the evidence as it relates to her knowledge and her areas of responsibility.

The government counters that "Huawei can *discuss* any topics with [Ms.] Meng" without showing documents, Gov't Opp'n at 5 (emphasis added), but here the government understates the

---

[4] This answers the government's concerns about sharing "Sensitive Discovery Material," or "SDM," with Ms. Meng as well.  First, as has been explained elsewhere, most of the materials marked SDM are not sensitive under any defensible legal standard.  But in any event, the restrictions applicable here—with the exception that the discussion must take place in Vancouver, Canada, 45 minutes north of the United States border—are already commensurate with those imposed for SDM.  *See* Protective Order ¶¶ 12–16, 19–22; Supplemental Protective Order ¶¶ 3–5, 7.

[5] Indeed, the government's speculation is doubly illogical because Ms. Meng has already raised serious defects in the case for extradition, which the Canadian court has found to present colorable issues warranting further proceedings.  *United States v. Meng*, 2019 BCSC 2137, Dkt. 27761 (Dec. 9, 2019).  Only a handful of extradition challenges in Canada in the last 25 years have met that standard.

*United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457
May 21, 2020
Page 5

restrictions in the Protective Order. The Protective Order covers not only documents, but also "any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Discovery Materials." Protective Order at ¶ 2. Thus, under the government's proposed restriction, not only could counsel for the Huawei Defendants not *show* Ms. Meng a document she was not on, but they also could not *discuss* with Ms. Meng, or her U.S. counsel, anything else they have learned from the evidence.

  Such a restriction is no small matter. Any responsible defense counsel would seek assistance from a corporate CFO to understand purported evidence of financial improprieties that allegedly occured during her nearly decade-long tenure. Indeed, in this case Ms. Meng's perspective on the evidence is crucial. To rely solely on the example already cited in the Huawei Defendants' original motion, there is a raft of evidence indicating ███████████████ ███████████████████████████████████████████████████████████████████████████.[6] But those ███████████████████████████████████████████████████████████████████████████. Ms. Meng may be able to offer perspective ███████████████████.[7] She may be able to offer explanations of the ███████████████████████████████████████.[8] And she may be able to offer context for ███████████████████████████████████████████████████.[9] At a minimum, as indicted criminal

---

[6] *See also* the Huawei Defendants' discussion of the government's erroneous effort to minimize this legal issue in their additional filing today. Defs.' Reply in Supp. of Appl. re Sensitive Discovery Material at 9.

[7] *See, e.g.,* ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

[8] *See, e.g.,* ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

[9] *See, e.g.,* ███████████████████████████████████████████████████████████.

*United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457
May 21, 2020
Page 6

defendants, the Huawei Defendants have a constitutional right to explore these areas to see if there is useful information that could assist in its defense, and not to have the government summarily assert that that effort can be dismissed as a waste of time.[10]

Likewise, the Indictment alleges that Ms. Meng was on the board of directors for Skycom, and she may be able to offer valuable assistance in understanding discovery materials that relate to Skycom.[11] Perhaps her assistance will result in counterarguments; perhaps it will lead to additional avenues for investigation; or perhaps a review of the evidence by someone who understands it first-hand will even lead to an opportunity to persuade the government that its theories are wrong. Again, it is also possible that at the end of the day Ms. Meng may not offer as much assistance as the Huawei Defendants hope. Either way, the government has shown no basis to ask the Court to prevent the Huawei Defendants from discussing the evidence with a key witness.

Finally, the government argues that the request is overbroad because it seeks to discuss all of the evidence with Ms. Meng, even where that evidence has nothing to do with her role or knowledge. The Huawei Defendants are open to rational restrictions on the subject-matter categories of documents to be discussed with Ms. Meng, and to the extent the Court believes such restrictions are important, the Huawei Defendants are prepared to accept any practicable solution, including referral to a magistrate judge or special master.[12]

***

---

█████████████████████████████████████████████████████████████████████████████████.

[10] The government states that "[t]here is no reason to believe that Meng, who is fighting extradition to the United States, would ever serve as a trial witness for Huawei in the United States." Gov't Opp'n at 4 n.2. But this statement wishes away both Ms. Meng's potential to assist the Huawei Defendants in pretrial investigation and trial preparation and the potential for her to testify at trial by deposition.

[11] *See, e.g.*, ███████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
███████████████████████████████.

[12] The Huawei Defendants proposed to the government a potential compromise limiting the categories of documents to be discussed with Ms. Meng to those related most closely to the charges against her (and for which the government seeks to hold the Huawei Defendants vicariously liable), ████████████████████████████████████████████████████. The government has rejected this proposal and proposed instead that the Huawei Defendants should seek specific authorization from the government on a document-by-document basis.

*United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457
May 21, 2020
Page 7

The government has not come close to establishing the good cause needed to restrict discussion of discovery with Ms. Meng. This Court should therefore hold that the Huawei Defendants may do so, subject to the same terms under which Agreed Discovery Materials may be shared under the Supplemental Protective Order.

Respectfully submitted,

/s/ Thomas C. Green
Thomas C. Green
Mark D. Hopson
Michael A. Levy
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
Tel.: 202-736-8069
Email: tcgreen@sidley.com

/s/ David Bitkower
David Bitkower
Matthew S. Hellman
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
Tel: 202-639-6048
Email: dbitkower@jenner.com

*Counsel for Defendants Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*