UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**UNITED STATES OF AMERICA,**                                :
                                                             :
         – against –                : **MEMORANDUM DECISION AND ORDER**
                                                             :
**HUAWEI TECHNOLOGIES CO., LTD.,** *et al.*,   : 18-CR-457 (S-3) (AMD) (CLP)
                                                             :
                  Defendants.         :
------------------------------------------------------------ X

**ANN M. DONNELLY,** United States District Judge:

    Before the Court is the Huawei defendants' motion for a bill of particulars. (ECF No. 174.) The parties submitted briefing on the motion, and I heard oral argument on February 18, 2021. The parties agreed to try to resolve the issues raised in the motion without the Court's involvement. On April 1, 2021, the defendants notified the Court that the parties had come to an agreement on some of the issues. They ask that the Court rule on three outstanding issues, which are described below. (ECF No. 271.) For the reasons that follow, the motion is denied.

## BACKGROUND

    The Third Superseding Indictment charges the defendants—Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA Inc., and Futurewei Technologies, Inc.—with participating in schemes to misappropriate intellectual property, defraud financial institutions, and obstruct justice. (ECF No. 126.)[1] No trial date has been set.

---

[1] The defendants' motion concerns charges in the Second Superseding Indictment that were realleged in the Third Superseding Indictment. (ECF No. 174-1 at 5.) The Second Superseding Indictment includes thirteen counts: conspiracy to commit bank fraud (two counts); conspiracy to commit wire fraud; bank fraud (two counts); wire fraud; conspiracy to defraud the United States; conspiracy to violate IEEPA (two counts); IEEPA violations (two counts); money laundering conspiracy; and conspiracy to obstruct justice. (ECF No. 19.) The Third Superseding Indictment adds three counts: racketeering conspiracy; conspiracy to steal trade secrets; and an additional count of conspiracy to commit wire fraud. (ECF No. 126.)

The charges are detailed in the 56-page Third Superseding Indictment, which includes a 33-page factual recitation. In connection with Wanzou Meng's extradition proceedings in Canada, the government has prepared two documents—a Record of the Case ("ROC") and Supplemental Record of the Case ("SROC")—both of which contain detailed recitations of the facts underlying the charges. The government provided additional information in its June 12, 2020 response to the defendants' request for a bill of particulars (the "June BOP letter"). (*See* ECF No. 166; ECF No. 209 at 10.)[2] Finally, the government has produced millions of pages of discovery. (*See* ECF No. 174-1 at 9-10; ECF No. 150)

The defendants claim that this information is insufficient, and seek a bill of particulars as to (1) the allegedly fraudulent statements, (2) the allegedly unlawful wires, and (3) the identity of the U.S. citizen who was allegedly employed in Iran. (ECF No. 174-1 at 15-25; ECF No. 271 (narrowing the scope of the requested information).)[3]

## LEGAL STANDARD

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to move for a bill of particulars. Fed. R. Crim. P. 7(f). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Schlesinger*, 261 F. App'x 355, 359 (2d Cir. 2008) (quoting *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984)). A bill of particulars is "required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378

---

[2] After oral argument, the government also provided information identifying certain transactions that it contends were unlawful, and non-exhaustive information about individuals that the government alleges are co-conspirators or were involved in the obstruction count. (*See* ECF No. 271.)

[3] In their original motion, the defendants also sought particulars as to allegedly illegal transactions, the alleged co-conspirators, and the obstruction charge. (*See* ECF No. 174-1.) The defendants are no longer seeking this information. (*See* ECF No. 271.)

F.3d 151, 163 (2d Cir. 2004) (quotation marks omitted). The bill of particulars is not "a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial." *United States v. Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001). Its purpose is to enable the defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). Thus, the test "is not whether the information sought would be useful to the defendant but rather whether it is necessary to a defense." *United States v. Sierra-Garcia*, 760 F. Supp. 252, 268 (E.D.N.Y. 1991); *see also United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) ("It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case."). While the government does not "fulfill its obligation merely by providing mountains of documents to defense counsel" without any guidance, *Bortnovsky*, 820 F.2d at 575, the defense may not "use the vastness or complexity" of the case "as a sword against the government when the Indictment, discovery, and other information provided by the government adequately notify Defendants of the charges against them," *United States v. Rigas*, 258 F. Supp. 2d. 299, 305 (S.D.N.Y. 2003). In making its determination, "the court must examine the totality of the information already available to the defendant—through the indictment, affirmations, and general pre-trial discovery." *United States v. Bin Laden*, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000).

## DISCUSSION

I have considered the information already provided by the Third Superseding Indictment, the ROC and SROC, the June BOP letter, and the voluminous discovery—and conclude that no

3

additional particulars are required. Accordingly, the motion for a bill of particulars is denied with respect to all three categories of information requested.

### A. Fraudulent Statements and Omissions

The defendants seek the following particulars about "the statements and omissions that the government plans to contend are fraudulent" with respect to the alleged Skycom fraudulent scheme (*see* ECF No. 126 at 26-30): "(1) each statement or omission alleged to be fraudulent, (2) the date, parties, location, and method of communication thereof, (3) what is allegedly false about the statement or omission, (4) the specific object(s) of the fraudulent scheme of which the statement or omission was a part, and (5) the basis for the allegation that Huawei Tech knew the statement or omission to be false." (ECF No. 174-1 at 15-19.) In their April 1, 2021 letter, they stated that they "proposed to the government that if it refuses to identify the alleged misrepresentations at issue, it must at least identify the *Huawei personnel* who allegedly made those representations." (ECF No. 271 at 2.)

The defendants claim that they are entitled to more information about the misrepresentations so that they can "determine the context" in which the allegedly fraudulent statements or omissions were made and "whether the government's theories are credible." (ECF No. 174-1 at 19.) They cite cases in which courts ordered the government to provide particulars detailing allegations of fraud. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 571, 574 (S.D.N.Y. 2000) (requiring the government to provide details about "each and every one" of the "false and misleading" Medicare claims that were part of the conspiracy, where the government's documents referenced 2,000 claims in 200,000 documents but did not specify which claims were allegedly false and how they were false); *United States v. Vaid*, No. 16-CR-763, 2017 WL 3891695, at *11 (S.D.N.Y. Sept. 5, 2017) (requiring the government to specify

4

which of over 500,000 claims it would seek to prove were fraudulent, but not requiring the government to provide additional information, such as the preparers and content of the fraudulent mailings or wires, the identities of the actors who engaged in the crimes, and the conduct upon which the government intended to rely); *United States v. Scully*, 108 F. Supp. 3d 59, 126 (E.D.N.Y. 2015) (requiring disclosure of the "specific fraud alleged in each count, including the false statements alleged to have been made," where the government made a blanket statement that "all were fraudulent"); *United States v. Schlegel*, No. 06-CR-550, 2009 WL 10673617, at *3 (E.D.N.Y. Jan. 26, 2009) (requiring disclosure of "allegedly fraudulently reclassified expenses," where journal entries provided by the government included thousands of entries); *United States v. Holmes*, No. 18-CR-258, 2020 WL 666563, at *8 (N.D. Cal. Feb. 11, 2020) (requiring the government to provide details about the fraudulent misrepresentations in advertisement and marketing materials among a "vast" "universe of potential misrepresentations").

In contrast to the cases the defense cites, the government has given the defendants additional sources of information—the Third Superseding Indictment, as well as the ROC and SROC—all of which include details about the alleged scheme and the relevant fraudulent statements and omissions. The Third Superseding Indictment describes the nature of the alleged scheme and the defendants' statements—Huawei misrepresented its ownership and control of Skycom, and its compliance with applicable United States law in conducting business in Iran. (ECF No. 126 at 26-30.) The Third Superseding Indictment also describes Huawei's statements to The Wall Street Journal and Reuters about its operations in Iran, as well as Huawei representatives' and employees' statements to victim institutions and to the public following publication of the articles, and Ms. Meng's statements to an executive at a victim financial institution. (*Id.* at 27-29.) The ROC also details specific misrepresentations, including when

5

statements were made, the titles of the individuals to whom statements were made, and some of the statements themselves. (*See* ROC; ECF No. 209 at 9; *see also* the June BOP letter (summarizing information provided in the Third Superseding Indictment, as well as the ROC and SROC, concerning allegedly fraudulent statements and omissions).)

Because there is no confusion about the nature of the alleged scheme or misrepresentations, and because the government has provided detailed guidance about the relevant statements in addition to the Third Superseding Indictment, it is not appropriate to order the government to detail each and every statement it may use at trial to support its theory at this stage. *See United States v. Wey*, No. 15-CR-611, 2017 WL 237651, at *15, 20-22 (S.D.N.Y. Jan. 18, 2017) (denying a request for a bill of particulars detailing, among other things, "each allegedly false or misleading statement or representation referenced or alluded to in the Indictment" because it "target[ed] evidentiary detail that is plainly beyond the scope of a bill of particulars," and because the government had provided sufficient detail—including "at least one specific misstatement . . . that allegedly constitutes securities fraud"—in documents that supplemented the Indictment); *United States v. Levy*, No. 11-CR-62, 2013 WL 664712, at *13 (S.D.N.Y. Feb. 25, 2013), *aff'd*, 803 F.3d 120 (2d Cir. 2015) ("[The defendant's] request for a recounting of each specific misrepresentation and omission alleged is simply a request to compel the production of the very type of evidentiary minutiae that is not appropriate in a bill of particulars." (quotation marks omitted)); *Gibson*, 175 F. Supp. 2d at 537 (a bill of particulars is not "a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial"). Although additional details about the alleged misrepresentations would undoubtedly be "useful" to the defendants, they are not

6

"necessary" for them to understand the charges against them and prepare their defense. *See Sierra-Garcia*, 760 F. Supp. at 268.

### B. Wires

The defendants seek the following particulars about the wires alleged in the wire fraud counts: "(1) the wires [the government] is relying upon, including the content of the wires; (2) the date, time, and parties for each wire; (3) and the locations from which the wires originated and to and through which they traveled." (ECF No. 174-1 at 20-21.) The defendants claim that the government has not identified the wires at issue, and though it has produced records of over two million wire transfers, as well as hundreds of thousands of pages of email correspondence and documents that could represent additional wire communications, it has not given them any guidance about how the productions relate to the specific charges. (*Id.*) The government responds that the Third Superseding Indictment—which identifies specific wire communications and transactions that form the scheme—and its June BOP letter—which provided spreadsheets detailing hundreds of financial transactions, many of which are U.S.-dollar transactions, that constitute relevant wires—are sufficient at this stage. (ECF No. 209 at 21-22.)

The government has given the defendants sufficient information to allow them to prepare a defense with respect to the wire fraud counts. The Third Superseding Indictment describes news articles, email communications, and transactions that form the basis of the wire fraud counts, and the government provided a spreadsheet that enumerates a narrower set of transactions involving Skycom that are at issue. (*See* ECF No. 126 at 28-29, 42, 44; ECF No. 166 at 4.) Although this set of wire communications may not be exhaustive, it is sufficient. *See Wey*, 2017 WL 237651, at *20 (declining to order a bill of particulars where the indictment "identifie[d] one or more specific example each of [the defendant's] wire communications in

7

furtherance of the alleged scheme, failures to disclose, manipulative match trades, and improper monetary transfers"); *United States v. Chalmers*, 410 F. Supp. 2d 278, 285-86 (S.D.N.Y. 2006) (declining to hold that "the Government must inform a defendant of all transmissions it will use to prove a defendant's guilt at trial in a bill of particulars," and finding that examples of transmissions were sufficient until thirty days before the start of trial).

### C. Identity of Employee-1

According to the Third Superseding Indictment, Skycom, on behalf of Huawei, employed at least one U.S. citizen ("Employee-1"), contrary to United States law. (ECF No. 126 at 26-27, 47-48.) The defendants seek the identity of Employee-1. (ECF No. 174-1 at 23; ECF No. 223 at 7-8.) The government maintains that Employee-1's identity is governed by a protective order (ECF No. 209 at 23), but the defendants claim that protective orders do not absolve the government from providing information (ECF No. 223 at 7).

In the context of assessing whether the government must disclose the names of unindicted co-conspirators in a bill of particulars, courts in this Circuit have "routinely evaluated six factors," among them "the potential danger to co-conspirators," and "the potential harm to the Government's investigation." *United States v. Kahale*, 789 F. Supp. 2d 359, 372 (E.D.N.Y. 2009), *aff'd sub nom. United States v. Graham*, 477 F. App'x 818 (2d Cir. 2012). The Third Superseding Indictment does not describe Employee-1 as a co-conspirator, but the government's citation to the protective order suggests that the *Kahale* factors might be relevant in determining whether identifying Employee-1 is appropriate at this stage.

In any event, the Court need not decide whether the protective order should prevent disclosure, because disclosure of Employee-1's identity is not necessary for the defendants to prepare their defense. The Third Superseding Indictment describes the charge: Skycom

8

employed at least one U.S. citizen, Employee-1, and that employee provided services to Iran and the Government of Iran without the required license. Courts "have routinely denied requests for bills of particulars concerning the 'wheres, whens, and with whoms' of the crime," *United States v. Ma*, No. 03-CR-734, 2006 WL 708559, at *14 (S.D.N.Y. Mar. 21, 2006), and the defendants have not shown that learning the identity of this individual at this time is necessary to allow them to prepare a defense.

As Judge Nathan observed in *Wey*, reviewing the extensive discovery in this case is undoubtedly a "laborious" task. *See Wey*, 2017 WL 237651, at *21. Nevertheless, in the context of this case, and considering that a trial date is not even contemplated at this point, the law does not require the government to provide a bill of particulars. At the same time, however, it is undeniable that in a case this complex, with millions of pages of discovery, "the potential for unfair surprise and the difficulty of preparing a defense are amplified." *United States v. Rajaratnam*, No. 09-CR-1184, 2010 WL 2788168, at *2 (S.D.N.Y. July 13, 2010). Under these circumstances, the government's approach in *Chalmers*—providing "roadmaps explaining which documents support each overt act alleged in the Superseding Indictment," and providing "a subset of documents, culled out from the voluminous records, that it believe[d] supported the charges"—is a model the government should follow. *See Chalmers*, 410 F. Supp. 2d at 285 (quotation marks omitted).

In addition, as Judge Nathan did in *Wey*, the Court will direct "early identification of certain subsets of the [g]overnment's trial exhibits" sufficiently in advance of trial. *See Wey*, 2017 WL 237651, at *22 ("Under the circumstances, the Court finds that while no bill of particulars is necessary, early identification of certain subsets of the Government's trial exhibits is appropriate. In particular, in light of the relative scarcity of specific allegedly fraudulent

9

misstatements, omissions, and wire communications ascribed to Wey in the Indictment and the Search Warrant Affidavit, the Government shall, no later than 60 days before trial, produce and identify to Wey all documents which it intends to introduce at trial to demonstrate a misstatement, omission, or wire communication in support of the substantive securities fraud and wire fraud charges.").

## CONCLUSION

For the reasons stated above, the defendants' motion for a bill of particulars is denied.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
        July 26, 2021