**SIDLEY**                                                                 **JENNER&BLOCK** LLP

October 20, 2021

**BY ECF**

The Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Huawei Technologies Co., Ltd. et al.* No. 18-457 (S-3) (AMD) (CLP); Redactions to *Brady* Motion

Dear Chief Judge Pollak:

    The Court has scheduled a conference for October 22, 2021 to discuss issues relating to the government's proposed redactions to the transcript of the September 9, 2021 oral argument on the Huawei Defendants' *Brady* motion.  We write on behalf of the Huawei Defendants to identify a related redaction issue concerning the *Brady* Motion that the parties have been unable to resolve by negotiation and that we respectfully submit requires resolution by the Court.  The Huawei Defendants will be prepared to discuss this issue at the October 22 conference, or at another point at the convenience of the Court.

    As the Court is aware, the Huawei Defendants filed on the public docket partially redacted versions of their *Brady* motion and reply.  The redactions included not only those that the Huawei Defendants themselves made to the briefs—generally to conceal information derived from discovery material that the government had designated as "Sensitive"—but also numerous *additional* redactions that the government directed the Huawei Defendants to make.  For the purpose of getting some version of the briefs on file, the Huawei Defendants filed their briefs with the government's proposed redactions while noting that they disagreed with those redactions and intended to address those disputes with the government and, if need be, the Court.  *See* ECF Nos. 290, 309 (cover letters transmitting motion and reply). Subsequently, and similarly, the Huawei Defendants agreed to the government's filing of a partially redacted version of the transcript from the *Brady* motion argument, while noting that that version contains numerous redactions proposed by the government to which the Huawei Defendants object.  *See* Letter from Govt. to Court (Oct. 1, 2021) (noting disagreement over transcript redactions).

    The parties have met and conferred several times by telephone and email about the various redaction issues and have been able to narrow some of the areas of dispute.  But the parties continue to have significant disagreement over whether the Huawei Defendants' description in their filings of information contained in basic Discovery Material ("DM")—the default designation under the Protective Order that applies to *all* discovery in this case, except that which the government specifically designates as Sensitive Discovery Material ("SDM") or Attorneys' Eyes Only ("AEO")—needs to be redacted from public view.  The government's initial position—articulated for the first time at an April 26, 2021 conference at which the government sought and was denied the right to pre-review and apply redactions to all defense filings—was that the Protective Order categorically requires the Huawei Defendants to redact from court filings *any* information derived from *any* discovery material,

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**                                                                                          **JENNER&BLOCK** LLP

Page 2

even base-level DM material.  Tr., Apr. 26, 2021, at 20:20–23 (asserting that all information "derived from discovery material … should not be disseminated publicly … under the terms of the Protective Order").[1]

In practice, this issue did not come to a head until the *Brady* Motion, which was the first motion by the defense that required significant discussion of DM evidence as support.  Given the government's new position, the Huawei Defendants conferred with the government prior to filing their *Brady* Motion, and the government indeed insisted that the Huawei Defendants redact from the motion *any* information derived from DM-level material and supplied a marked-up version of the motion containing redactions that did just that.  The Huawei Defendants filed that version, noting their objection.  ECF No. 290 (cover letter transmitting motion).

After a meet-and-confer on the issue, the government continued to insist that DM-level information needed to be redacted, but withdrew its demand as to certain items of DM, while maintaining it as to other items of DM.[2]  Even then, the government offered no principled justification for which DM it believed did and did not require redaction, nor has Huawei been able to discern one.  The parties subsequently discussed the matter further, with the Huawei Defendants asking on several more occasions for the government "to confirm what its position is on the redaction of DM-level evidence" and to state clearly "whether the government believes DM-level material needs to be redacted." Oct. 4, 2021 Email from Def. to Govt.  The government's most recent answer, by email dated October 5, 2021, sheds no further light, saying only, "We can agree that certain DM information can be unredacted with respect to the 'Brady' motion.  We are not agreeing, however, that all DM should be treated the same way going forward." Oct. 5, 2021 Email from Govt. to Def.

Despite the Huawei Defendants' attempts to reach a resolution, this issue now requires determination by the Court; specifically, a ruling that discussion of DM-level information need not be redacted from court filings such as the *Brady* motion papers.  This ruling would be consistent with the text of the Protective Order, which does not require redaction of information derived from DM-level discovery.  It requires only that DM-level *documents* be restricted, providing that a filing must initially be made under seal only where it "*attach*[*es*] any portion of the Discovery Materials to public filings." ECF No. 57 ¶ 9.  The Huawei Defendants have complied with that restriction, filing exhibits designated as DM

---

[1] The Huawei Defendants do not here dispute that the Protective Order requires in the first instance that references to SDM or AEO materials be redacted.

[2] For example, in the second bullet on page 4 of the Motion, the government withdrew its demand that the Huawei Defendants redact their description of several specific pieces of DM evidence that the Huawei Defendants had described as showing that: (1) "HSBC sent documents regarding the Skycom account to Huawei"; (2) HSBC allowed "Huawei to dictate what payments to make from the Skycom account"; and (3) "[e]ventually, HSBC allowed Huawei to direct that the Skycom account be closed and that the remaining funds in the account be transferred to Huawei's account."  However, the government continued to insist on redaction of the Huawei Defendants' description of various other DM-level documents.

**SIDLEY**                                              **JENNER&BLOCK** LLP

Page 3

under initial seal. But the Protective Order does not require redacting *discussion* of DM-level evidence in the Huawei Defendants' briefing.

Nor *could* any Protective Order call for a default presumption that motion papers may not reveal information to the public that is derived from *any* discovery exchanged in the case. The government's contrary position would violate the law. The Second Circuit has recognized a common law and First Amendment right of access to judicial proceedings, including documents filed with the court in support of or in opposition to motions. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). To overcome this right of access to judicial documents requires "specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id*. A default rule that any information contained in any discovery material has to be redacted from public view flies in the face of that standard and could never be legally sustained.[3] Thus, the Protective Order not only does not support the government's position, it could not.

That the government's position on DM is not grounded in the Protective Order is further evidenced by the asymmetric, *ad hoc* approach the government is taking to public discussion of information contained in DM. For its own part, the government has shown no hesitation to describe and quote from DM in its own court filings. In its opposition to the Huawei Defendants' motion for a bill of particulars, for example, the government summarized the "discovery" in this case as "includ[ing] electronic communications … between Huawei employees and victim institutions in which Huawei employees state … that Skycom was merely a partner of Huawei, that Huawei had sold Skycom and that Huawei's business in Iran did not violate any sanctions. The discovery also includes communications between Huawei and a staffing company that further reflects Huawei's control over Skycom." Govt. Opp. to Mot. for Bill of Particulars (ECF No. 209), at 15. Indeed, in that brief, the government explained that it "redact[ed] specific references to SDM," *id.* at 25, but it did not self-impose any of the restrictions on its discussion of DM that it seeks to impose on the Huawei Defendants here. Likewise, the government has described information from DM-level evidence in press releases and other public documents when it seeks to characterize its case against Huawei—including a 56-page speaking indictment that quotes liberally from DM and three publicly available documents in the Canadian extradition proceeding that describe the government's view of DM. The government's concerns about the confidentiality of DM manifest only when the Huawei Defendants seek to use DM in their defense.

Finally, the government's suggestion that there is some undefined set of DM-level material that can be discussed publicly, and another undefined set that cannot, would be an unworkable restriction on the Huawei Defendants' ability to mount a public defense. The government has no defined criteria, and so the Huawei Defendants cannot know before filing their briefs which DM-level information supposedly needs to be redacted.[4] In order to

---

[3] The common law right of access requires a careful balancing of party and public interests, an inquiry that likewise eschews blanket rules. *See Lugosch*, 435 F.3d at 119–20.

[4] The lack of any consistent, objectively applied criteria cuts across a variety of the government's demands for redaction, not just those relating to DM material. For example, the government (at least initially) directed the Huawei Defendants to redact their quotations

**SIDLEY**                                                                                           **JENNER&BLOCK** LLP

Page 4

comply with such a rule, the Huawei Defendants would have to preview every court filing for the government, essentially appointing the government as a monitor over any defense filings that refer to the evidence. But Judge Donnelly already correctly rejected such a regime when she denied the government's motion to modify the protective order to "requir[e] Huawei to confer with the government about redactions to its public filings in advance of any such filings." Minute Entry (Apr. 26, 2021); see ECF 272, at 4.

* * * *

In the interests of efficiency, the Huawei Defendants have been accommodating of the government's redaction demands in this motion sequence, including by giving the government a chance to propose redactions to the Brady motion and reply before filing on the public docket. But such accommodation is unnecessary and will quickly prove unsustainable as this case moves closer to trial and the frequency of motions practice increases. This difficulty reinforces why information derived from DM-level material should not be subject to redaction, much less redaction at the government's subjective whim. Rather, only discovery material that the government has specifically designated as "sensitive" should be subject to a presumptive redaction requirement. The Huawei Defendants look forward to discussing this issue further at the upcoming conference or such other time as is convenient for the Court.

---

of, citations to, and descriptions of certain judicial decisions. See *Brady* Reply 2, 6 n.4; *Brady* Tr. 25:11. Similarly, the government initially directed the Huawei Defendants to redact aspects of their legal arguments, before partially relenting. See Brady Mot. 16; *Brady* Reply 6. For the purposes the *Brady* motion, however, most of these disputes have been settled, and it is principally the treatment of DM-level material that requires a determination by the Court.

**SIDLEY**                                                 **JENNER&BLOCK** LLP

Page 5

                                      Respectfully submitted,

| /s/ Thomas C. Green | /s/ David Bitkower |
|---|---|
| Thomas C. Green | David Bitkower |
| Mark D. Hopson | Matthew S. Hellman |
| Michael A. Levy | JENNER & BLOCK LLP |
| Joan M. Loughnane | 1099 New York Avenue, NW |
| Douglas A. Axel | Washington, D.C. 20001 |
| Brian J. Stretch | Tel: 202-639-6048 |
| Melissa Colón-Bosolet | Email: dbitkower@jenner.com |
| Ellyce R. Cooper | |
| SIDLEY AUSTIN LLP | |
| 787 Seventh Avenue | |
| New York, NY 10019 | |
| Tel: 212-839-7341 | |
| Email: tcgreen@sidley.com | |

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,
Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*

CC:    Government counsel (by ECF)
           Clerk of Court (by ECF)