

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

                                      :

**UNITED STATES OF AMERICA**,

                                      :

        – against –          :   **MEMORANDUM DECISION AND ORDER**

                                        :

**HUAWEI TECHNOLOGIES CO., LTD.**, *et al.*,  :   18-CR-457 (AMD) (JAM)

                                      :

           Defendants.    :

------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the government's motion for leave to depose a witness pursuant to Rule 15 of the Federal Rules of Criminal Procedure. (ECF Nos. 715, 716.) The witness, a ▮ national who lives in ▮▮▮▮ and ▮▮▮▮▮, refuses to travel to the United States to testify at trial, which is scheduled to begin September 8, 2026. (ECF No. 715 at 1.) He has agreed, however, to be deposed before July 17, 2026. (ECF No. 722 at 2.) The defendants opposed the motion (ECF Nos. 719, 723),[1] and the government replied (ECF No. 722).

The government maintains that the witness, a manager at the victim financial institution identified as Financial Institution 3 in the Fourth Superseding Indictment, has material testimony to give about Huawei's representations to the bank about its business in Iran and compliance with United States laws and regulations. (ECF No. 715 at 1–4; ECF No. 722 at 4; *see also* ECF No. 689 ¶ 64.) The defense objects that the witness's testimony is not material and that they

---

[1] The moving defendants are Huawei Technologies Co., Ltd. ("Huawei Tech"), Huawei Device Co., Ltd. ("Huawei Device"), Huawei Device USA, Inc. ("Huawei Device USA"), and Futurewei Technologies, Inc. ("Futurewei") (collectively, "Huawei"). Unless otherwise specified, the term "defendants" refers to these four entities.

cannot prepare adequately for the deposition because of the government's "delay" in making this motion and in producing certain discovery material. (ECF No. 719 at 2–4.)

## LEGAL STANDARD

The government "may move that a prospective witness be deposed in order to preserve testimony for trial," a motion that the court "may grant . . . because of exceptional circumstances and in the interest of justice." Fed. R. Cr. P. 15(a)(1). To establish "exceptional circumstances" under Rule 15, the "movant must show that (1) the prospective witness is unavailable for trial, (2) the witness's testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001) (citation omitted). The decision to order a Rule 15 deposition "rests within the sound discretion of the trial court." *United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984) (citation omitted).

## DISCUSSION

### I. Availability

"Unavailability is to be determined according to the practical standard of whether under the circumstances the government has made a good-faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 709 (citations omitted). The government argues that it made repeated efforts to secure the witness's testimony at trial; it has communicated with the witness's counsel, and with counsel for Financial Institution 3, where the witness still works. (ECF No. 715 at 3–4; ECF No. 722 at 1–2.) The government has also offered to pay for the witness to travel to the United States to testify at trial. (ECF No. 715 at 4.) The defendants respond that the government delayed in requesting the deposition and "has provided no explanation for [the witness's] extremely limited availability." (ECF No. 719 at 1, 4 n.9.)

The witness is a foreign national who resides overseas and is thus "beyond this Court's subpoena power." *United States v. Vilar*, 568 F. Supp. 2d 429, 439 (S.D.N.Y. 2008); *see also*

*United States v. Grossman*, No. 03-CR-1156, 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005).[2] The government details the efforts that it made, beginning in 2019, to interview the witness and get him to testify at trial. Those efforts include seeking permission from foreign authorities to interview the witness pursuant to a mutual legal assistance treaty and communicating with Financial Institution 3's counsel. (ECF No. 715 at 3; ECF No. 722 at 1–2.) On April 20, 2026, ████ authorities interviewed the witness, who by then was represented by his own lawyer. (ECF No. 716 at 3; ECF No. 722 at 2.) Since around that time, the government has communicated with the witness's lawyer to get the witness to travel to the United States, at the government's expense, to testify at the upcoming trial. (ECF No. 716 at 3; ECF No. 722 at 2.) On May 26, 2026, the witness's counsel told the government that the witness's "final decision" was that he would not come to the United States to testify in person but would sit for a deposition before July 17, 2026. (ECF No. 716 at 4; ECF No. 722 at 2.) Courts in this circuit have routinely found that witnesses are unavailable to testify at trial in similar circumstances. *See, e.g.*, *Vilar*, 568 F. Supp. 2d at 438–39 (granting the government's motion for Rule 15 depositions where witnesses were not subject to subpoena, the government had been in contact with the witnesses for months and promised to pay their travel expenses, and the witnesses had refused to travel to the United States to testify); *United States v. Sindona*, 636 F.2d 792, 804 (2d Cir. 1980) (upholding the same). The government has tried to secure the witness's testimony by communicating with counsel for the witness and for the financial institution, communicating with foreign governments, and offering to pay the witness's travel expenses. Accordingly, "the government has made a good-faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 709.

---

[2] The defendants do not appear to dispute that the witness is beyond the Court's subpoena power.

## II.    Materiality

"[T]estimony is material if it is 'highly relevant' to a central issue in the case.'" *United States v. Kostin*, No. 24-CR-91, 2025 WL 1002254, at *5 (S.D.N.Y. Apr. 3, 2025) (citations omitted).  The defendants are charged with conspiracy to defraud, and defrauding, Financial Institution 3 through misrepresentations about Huawei's business in Iran and compliance with United States laws and regulations.  (*See* ECF No. 689 ¶¶ 68, 71–72, 99, 103.)  The government anticipates that the witness will testify about Financial Institution 3's banking relationship with Huawei and Huawei's misrepresentations about its operations in Iran and legal compliance with United States laws and regulations.  (ECF No. 715 at 1–2.)  According to the defendants, however, this testimony is not material because it is cumulative of other witnesses' testimony and the government did not interview the witness until April 2026, which means that the testimony cannot be "uniquely important."  (ECF No. 719 at 2–3.)  The defendants also say his testimony is not material because the witness told foreign authorities that he did not know anything about Skycom Technologies Co. Ltd. ("Skycom"), the Hong Kong corporation that the government alleges was controlled by Huawei Tech and that provided telecommunications infrastructure and services in Iran.  (*Id.* at 3.)

The proffered testimony does not have to be "uniquely important," as the defendants argue; instead, it must be "highly relevant to a central issue in the case."  *Kostin*, 2025 WL 1002254, at *5.  The government has clearly satisfied this standard.  It proffers that the witness "had repeated direct communications" with Huawei employees about Huawei's sanctions compliance and business in Iran.  (ECF No. 722 at 3.)  The witness also signed a compliance form in which Huawei "lied about its relationship with entities in Iran."  (*Id.*)  Based on these alleged misrepresentations, the witness recommended that Financial Institution 3 continue its relationship with Huawei.  (*Id.* at 3–4.)  This evidence is "highly relevant" to a central issue in

the case. Given the obvious relevance of the witness's anticipated testimony, it does not matter that the witness will not also testify about Skycom.

### III. Interest of Justice

"The final factor — the necessity of the testimony to prevent a failure of justice — is likely satisfied when the first two factors are met." *United States v. Khan*, No. 06-CR-255, 2008 WL 2323375, at *4 (E.D.N.Y. June 2, 2008); *see also Vilar*, 568 F. Supp. 2d at 442–43 (same) (collecting cases). The defendants argue that the interest of justice would not be served by permitting a Rule 15 deposition, because the government gave late notice of the deposition, and turned over *Jencks* material belatedly. (ECF No. 719 at 2–4.) In addition, the defendants say that their representatives cannot get visas to travel for the deposition, which violates the defendants' Sixth Amendment rights. (*Id.* at 4.) Because the first two factors are met, the Court finds that the permitting the Rule 15 deposition is necessary "to prevent a failure of justice," but addresses the defendants' arguments below.

Rule 15 requires "reasonable written notice" of a deposition. Fed. R. Cr. P. 15(b)(1). As described above, the government has made multiple efforts to interview the witness. (ECF No. 722 at 1–2.) In February 2026, the government and the defendants' counsel conferred about Rule 15 depositions, and the government represented that it did not "currently intend to seek Rule 15 depositions" for this witness. (*Id.* at 2.) After that conference, foreign authorities notified the government for the first time that the witness was available for an interview overseas on April 20, 2026. (*Id.*) Foreign authorities interviewed the witness, and the government communicated with the witness's newly retained counsel about getting the witness to come to the United States to testify at trial. (*Id.*) On May 26, 2026, the witness's counsel conveyed the witness's "final decision" that he would not come to this country to testify. (*Id.*) That same day, the government asked the defendants to consent to a Rule 15 deposition of the witness; the

defendants refused a few days later.  (*Id.*)  In these circumstances, the Court finds that the timing of the government's disclosures to the defendants was reasonable and that the government did not delay that notice.[3]

The defendants also argue that their representatives cannot get visas in time to travel for the deposition and that attending via video teleconference violates their Sixth Amendment rights. (ECF No. 719 at 4.)  The government argues that the May 26, 2026 notice gave the defendants' representatives enough time to get visas,[4] and that, in any event, the ability to attend the deposition by video teleconference satisfies the Sixth Amendment.  (ECF No. 722 at 5.)  "A defendant who is not in custody has the right upon request to be present at the deposition, subject to any conditions imposed by the court."  Fed. R. Cr. P. 15(c)(2).  The defendants do not cite any caselaw to support their claim that a two-way video teleconference of a Rule 15 deposition violates the Sixth Amendment right of confrontation.  In fact, courts in this circuit have found, and the Second Circuit has upheld, the use of video conferencing in similar circumstances.  *See United States v. Patterson*, No. 21-1678, 2022 WL 17825627, at *4–5 (2d Cir. Dec. 21, 2022) (summary order) ("[A] trial court may allow testimony via two-way video" consistent with the Sixth Amendment's Confrontation Clause "provided that the court make a finding that there are exceptional circumstances . . . includ[ing] . . . the unavailability of the witness[], and that

---

[3] The defendants also assert that the government "produced no *Jencks* material until May 26, [2026]," when it produced a foreign-language transcript of the April 20, 2026 interview of the witness by foreign authorities.  (ECF No. 719 at 1.)  The defendants prepared their own translation of the transcript before they received the government's translation and before opposing the government's Rule 15 motion.  (*See id.* at 3 n.7.)  The government represents that it has produced *Jencks* materials in its possession for the witness on a rolling basis since approximately 2019, produced the foreign authorities' transcript of the witness's interview within a few days of receiving it, and produced an English translation shortly after getting one.  (ECF No. 722 at 2.)  The timing of these disclosures was reasonable.

[4] The defendants do not describe what efforts they have made to get travel visas for their representatives, but according to the government, there is still "ample time" to get travel visas if the representatives want to attend the depositions in person.  (ECF No. 722 at 5.)

testimony via two-way video would further the interests of justice." (citing *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999))); *United States v. Won*, No. 22-2716, 2024 WL 827774, at *2 (2d Cir. Feb. 28, 2024) (summary order) (same); *see also United States v. Banki*, No. 10-CR-08, 2010 WL 1063453, at *4 (S.D.N.Y. Mar. 23, 2010) ("Courts have even approved [depositions via videoconferencing] in cases involving Government depositions to be used against the defendant." (citation omitted)).  As explained above, the witness is unavailable to testify, and his testimony is material and necessary to "prevent a failure of justice."  Accordingly, the Court finds the defendants' remote attendance at and participation in the Rule 15 deposition via video teleconference does not violate their Sixth Amendment Confrontation Clause rights.

In addition, the government represents that this witness's testimony will "obviate the need to call multiple witnesses at trial, including most of the [foreign]-based witnesses" from Financial Institution 3.  (ECF No. 722 at 5.)  Needlessly calling multiple witnesses when one witness can provide the necessary testimony is inefficient.  Thus, permitting the government to depose the witness further serves the interest of justice.

**CONCLUSION**

The Court grants the government's motion.  The Court directs the parties to confer to schedule the deposition on or by July 15, 2026, pursuant to the government's "Requested Deposition Procedures."  (*See* ECF No. 715 at 5.)  In addition, as with the other Rule 15 depositions in this case, the parties may "make the relevant objections [to the questions] at the deposition and object to the admissibility of testimony at trial," or seek leave from the Court to do so in a pre-trial motion.  *United States v. Mohamed*, No. 18-CR-603, 2020 WL 1545522, at \*2 (E.D.N.Y. Apr. 1, 2020) (quoting *United States v. Little*, No. 12-CR-647, 2014 WL 3604417, at \*2 (S.D.N.Y. July 16, 2014)).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
June 15, 2026