<u>**Appendix A**</u>

For the reasons set forth in this motion, Huawei objects to the following questions asked and testimony elicited during ███████ Rule 15 deposition:

| Page/Line Numbers | Basis for Objection |
|---|---|
| 24:16-24:22 | Huawei objects to ████ testimony regarding the ████ Termination Meeting. ████ has withheld information regarding, and minutes from, the meeting as privileged but disclosed contents of the meeting to the government before ████ deposition. Permitting the government to introduce testimony that Huawei was prohibited from investigating and challenging on cross-examination because of a claimed privilege would be an unfair use of the testimony. |
| 31:18-39:25<br><br>40:14-44:4<br><br>44:14-48:11 | The ████ Report is inadmissible hearsay for which the government has failed to establish a business-records foundation under Federal Rule of Evidence 803(6). The report and any related testimony should be excluded in its entirety. If the Court admits the exhibit, its embedded statements constitute inadmissible hearsay for which the government has failed to establish an independent exception. Those statements should be excluded under Federal Rule of Evidence 805. Finally, the Court should exclude inflammatory and irrelevant statements about Huawei's alleged conduct under Federal Rule of Evidence 403. |
| 47:10-47:19 | Government counsel read from the ████ Report—stating, "Huawei advised ████ that its shareholding in Skycom was sold in 2009"—and then asked ████ "So according to the representation, was there still an ownership relationship between Huawei and Skycom as of March 2014?" This question is impermissibly leading in violation of Federal Rule of Evidence 611(c) because it suggests the desired answer. ████ response—"Per the paragraph, no."—merely adopted counsel's characterization. Both the question and the answer should be stricken. |
| 48:14-24 | The ████ Report is inadmissible hearsay for which the government has failed to establish a business-records foundation under Federal Rule of Evidence 803(6). The report and any related testimony should be excluded in its entirety. If the Court admits the exhibit, its embedded statements constitute inadmissible hearsay for which the government has failed to establish an independent exception. Those statements should be excluded under Federal Rule of Evidence 805. Finally, the Court should exclude inflammatory and irrelevant statements about Huawei's alleged conduct under Federal Rule of Evidence 403. |
| 48:25-56:14 | The ████ Report is inadmissible hearsay for which the government has failed to establish a business-records foundation under Federal Rule of Evidence 803(6). The report and any related testimony should be excluded in its entirety. If the Court admits the exhibit, its embedded |

| | |
|---|---|
| | statements constitute inadmissible hearsay for which the government has failed to establish an independent exception. Those statements should be excluded under Federal Rule of Evidence 805. Finally, the Court should exclude inflammatory and irrelevant statements about Huawei's alleged conduct under Federal Rule of Evidence 403.<br><br>Specifically, government counsel asked the witness to read into the record excerpts regarding the paper's methodology, *see* ▮▮ Depo. Tr. at 51:11-19, an excerpt from the introduction, *see* ▮▮ Depo. Tr. at 52:11-23, and a passage from the section titled "4.2 Sanctions Exposure." *See* ▮▮ Depo. Tr. at 53:9-54:9. The excerpts from the methodology and introduction sections constitute inadmissible hearsay and should be excluded—along with any related testimony—under Rule 803(6). *See* ▮▮ Depo. Tr. at 48:25-53:8.<br><br>The passage from the "4.2 Sanctions Exposure" section contains multiple layers of hearsay. The first, third, and fourth sentences rely on statements derived from news reports and therefore constitute double hearsay not subject to any exception. The second sentence relies on purported corporate documents and likewise constitutes inadmissible double hearsay. The fifth sentence contains triple hearsay, as it reflects a purported representation by Huawei reported by *Reuters*. |
| 56:18-58:1 | GX-21621 is misleading because the Huawei section is over-redacted and, compared with several other versions of the ▮▮ minutes, contains the most extensive content redactions—applied by ▮▮ inconsistently and without any clear or principled basis. While Huawei does not object to admitting an unredacted version, the redacted version is incomplete and creates a distorted impression. Admission in this form would violate Federal Rule of Evidence 106 and should be denied. Within the redacted version, ▮▮ redacted a question from ▮▮ ▮▮ ("▮▮ in the unredacted minutes) as privileged but did not redact the responsive answer from ▮▮ ("▮▮ in the minutes). *Compare* GX-21621 at 2 (redacting ▮▮ preceding question but including ▮▮ response: "▮▮ advised that the CFO of Huawei had resigned from the Skycom board, the Huawei shareholding in Skycom had been sold and no new business is being conducted. The existing business is being serviced, the revenue for which is less than USD100m."), *with* DX-00244.2 at 2 (unredacting ▮▮ question: "▮▮ also asked the position with [Hewlett Packard] where the ▮▮ report suggested negative behaviour arising from the relationship with Skycom, an Iranian Business."). This is an improper assertion of privilege. The question cannot be privileged if the answer is not. Moreover, it does not allow both parties access to and use of the complete narrative. |

| | |
|---|---|
| | In addition, GX-21621 also improperly redacts a reference to information presented to the ▮▮▮▮ by member ▮▮▮▮▮▮▮▮ "▮▮ clarified that ▮▮▮▮▮▮▮▮ (member of ▮▮▮ FSVC) had engaged with the government who confirmed they were comfortable with Huawei." ▮▮▮ acknowledged on cross-examination that the committee viewed this as a mitigating factor that supported retaining Huawei as a client. ▮▮▮ Depo. Tr. 186:21-187:1. Huawei offered this version on cross-examination as DX-00107.6. |
| 70:23-71:5 | Government counsel asked the witness, "And following the receipt of the sales contract described in the log, did the relationship between ▮▮▮ and Huawei continue." This question improperly suggested that ▮▮▮ received the sales contract described in the exhibit and mischaracterizes the evidence. In fact, the exhibit states that ▮▮▮ "witnessed Huawei's sales contract for Skycom," not that ▮▮▮ received the sales contract. *See* GX-21352-2 at 3. Both the question and the witness' affirmative response should be excluded. |
| 72:17-73:3 | Huawei objects to ▮▮▮ testimony regarding the ▮▮▮ Termination Meeting. ▮▮▮ has withheld information regarding, and minutes from, the meeting as privileged but disclosed contents of the meeting to the government before ▮▮▮ deposition. Permitting the government to introduce testimony that Huawei was prohibited from investigating because of a claimed privilege would be an unfair use of the testimony. |

**Appendix B**

Huawei objects to the following questions asked and testimony elicited during ██████ ██████ Rule 15 deposition:

| Page/Line Numbers | Basis for Objection |
|---|---|
| 18:14-19:07 | There is a lack of foundation for the witness to testify as to the practices of ██████ members, Relationship Managers, or bank employees generally, with respect to contacting ██ clients and the government has not established that the witness has personal knowledge pursuant to Federal Rule of Evidence 602 to testify about this matter. The witness testified that his responsibilities were to arrange the time of ██████ meetings, ensure the papers for the ██████ were complete, and to take minutes during ██████ meetings. There is no evidence on the record that the witness has personal knowledge of the roles and responsibilities of the ██████ committee members, Relationship Managers, or whether they met with client representatives. Both the questions and the witness' responses should be excluded. |
| 22:20-23:03 | The government's question mischaracterizes the witness' prior testimony and incorrectly states that "the relationship manager would complete the questionnaire with the client." The witness testified that ██ "had a sanctions questionnaire which we expected the relationship manager to complete for the client" and ask the client questions to allow for completion of the questionnaire. ██████ Depo. Tr. 22:13-16. Both the question and the witness' response should be excluded. |
| 24:08-25:11<br><br>26:03-26:12<br><br>27:09-27:12<br><br>29:13-29:23 | The government has not established that the witness has personal knowledge pursuant to Federal Rule of Evidence 602 to testify about this matter. There is a lack of foundation for the witness to testify about dollar clearing or how dollar clearing works in practice at ██ The question is also vague. The government does not explain what it means for ██████ to be "familiar with" dollar clearing, how he became familiar with dollar clearing, how it relates to his role at ██ or whether he has knowledge of the practice as opposed to a general awareness of the term.<br><br>In addition, government counsel's question regarding the countries in which the witness "would [] expect dollar clearing activity to occur for a multinational corporation" and whether it would be reasonable for a bank or corporation to expect a US dollar clearing transaction not to go through the US impermissibly calls for speculation and opinion testimony from the witness. ██████ Depo. Tr. 26:03-27:12. There is no evidence or testimony suggesting the witness has knowledge regarding corporations' understanding of dollar clearing nor that he has awareness of how banks, generally, would expect dollar clearing to occur. Further, both banks and |

| | |
|---|---|
| | multinational corporations are complex entities; even were there a basis for this testimony, speculation about the expectations of these complex entities as a whole is inappropriate and inadmissible. Both the questions and the witness' responses should be excluded. |
| 29:13-29:23 | In addition to the reasons stated above for ▮▮▮▮▮ Depo. Tr. 24:08-25:11 regarding the witness' lack of foundation to testify regarding dollar clearing, government counsel's question has been asked and answered. |
| 35:19-35:23 | Government counsel's question regarding "concerns about Huawei's ties to the Iranian military" is vague as to the time period of any purported concerns and what the phrase "concerns" refers to in this context. Both the question and the witness' response should be excluded. |
| 37:22-38:05 | Huawei objects to the form of the government's question. Government counsel's question has been asked and answered. ▮▮▮▮▮ Depo. Tr. 36:14-21. Both the question and the witness' response should be excluded. |
| 38:25-40:12 | Huawei objects to having the witness read the document into the record. The document speaks for itself. |
| 40:20-41:03 | Government counsel's question is leading and vague. It implies that there is risk inherent to banking a client with ties to the Iranian military which has not been established. Further, the question is vague as to what "risk" is being referred to and what "ties" to the Iranian military refers to. |
| 42:25-43:04 | Government counsel's question is vague regarding what "policies" are being referred to and what "compliance related questions" are referred to. |
| 45:17-46:12 | Government counsel has not established that the witness has sufficient knowledge to testify regarding the specific source of the author's information. The witness did not prepare GX-22306-3 and testified that he did not "know who drafted" the report and did not know when the report was drafted. ▮▮▮▮▮ Depo. Tr. 34:12-35:02. Based on the witness' own testimony, his answer to the question is no more than speculation with no basis in the witness' personal knowledge. Both the questions and the witness' responses should be excluded. |
| 48:20-49:17 | Government counsel impermissibly asked the witness for an improper opinion regarding "how ▮▮▮▮▮▮▮ could be comfortable with a client that had some [] business... in a sanctioned country." The witness was not qualified as an expert regarding compliance matters with the expertise to opine on the circumstances under which ▮▮ or any other bank would retain clients with business in sanctioned countries. Both the questions and the witness' answers should be stricken. |
| 54:04-54:15 | Government counsel's question, "[d]oes the subject of the conversation here involve the news article that we looked at earlier," is leading in violation of Federal Rule of Evidence 611(c) and suggests the answer to |

| | |
|---|---|
| | the question is yes. Both the question and the witness' answer should be stricken. |
| 55:18-55:23 | Government counsel's question regarding whether GX-22301, an email, "accurately reflects what was in" the witness' mind is impermissibly vague as to the time period and topic of the question. Further, the witness testified that he did not remember the discussion referenced in the email and could not answer the question. ▓▓▓▓ Depo. Tr. 53:02-06. Both the question and the witness' response should be excluded. |
| 59:11-59:15 | Government counsel's question, "[d]o you know what was done after this conversation," is impermissibly vague and does not identify the time period nor does it identify the individual or entity that is the subject of the question. Both the question and the witness' response should be excluded. |
| 76:10-76:15 | Government counsel's question is impermissible as there is no foundation establishing that the witness has any personal knowledge regarding whether the individual listed on the document is or is not a Huawei employee. Both the question and the witness' response should be excluded. |
| 76:16-77:01 | Huawei objects to the form of the government's question. Government counsel's question has been asked and answered. ▓▓▓▓ Depo. Tr. 75:23-76:09. Both the question and the witness' response should be excluded. |
| 92:22-92:25 | Government counsel's question is vague in that it does not identify the bank process that may be hindered nor does it explain what the word "hinder" refers to in this context. The question is also impermissibly leading in that it suggests to the witness that ▓▓ not possessing the names of a client's business partners does in fact hinder the bank's processes. Both the question and the witness' response should be excluded. |
| 94:08-94:12 | Government counsel's questions call for speculation regarding ▓▓▓▓ hypothetical review of transactions for sanctions compliance routines. Both the question and the witness' response should be excluded. |
| 117:12-117:16 | Government counsel asks the witness to read from a document that is not in evidence. Both the question and the witness' response should be excluded. |
| 121:22-122:05 | Government counsel's question is vague in that it does not identify what "representations" it refers to, what the term "important" refers to, or what entity or entities within ▓▓ the term "the bank" refers to. Government counsel has also failed to establish that ▓▓▓▓ has the requisite background to answer whether the specific representations were important to the "bank." Government counsel's subsequent question regarding "what would be done with a document like this" is vague regarding the time period referred to and whether counsel is asking about the filing of the document, the use of the document, or some alternative matter. Further, government counsel has failed to establish that ▓▓▓▓ has sufficient |

| | knowledge to answer a question about "what would be done" with the document. Both the questions and the witness' responses should be excluded. |
|---|---|
| 123:08-123:21 | Government counsel's question is vague in that it does not identify what "trust" is referring to or what "important" refers to. Both the question and the witness' response should be excluded. |

Below are Huawei's proposed counter-designations for ████████ testimony.

| Page/Line Numbers | Basis for Defense Counter-Designations |
|---|---|
| 40:1-13[1] | **The ████ Report (GX-21348-2).** If Huawei's objection is overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness because the omitted question is relevant to what the ████ considered from materials submitted in advance of the March 2014 meeting. ████ lack of recollection whether ████ would have been concerned about allegations that Huawei assisted an Iranian telecommunications operator by allowing it to track the locations of cellphone users is relevant to countering the government's theory of materiality, which is that ████ relied on the statements. |
| 73:11-87:16<br><br>87:23-96:24<br><br>97:2-103:13 | **Bank Prosecution Evidence.** This testimony is the subject of a pending motion in limine concerning bank prosecution evidence. *See* Dkt. 615 at 1-17. The exhibits and related questions regarding ████ ████ ████████████████ ████████ with the government are relevant because the government has relied on ████ and has indicated its intent to rely on other bank witnesses to establish what a reasonable bank would consider material. Huawei is therefore entitled to present evidence that the banks' actions were driven not by alleged Huawei representations, but by their own interest in maintaining lucrative business relationships. This evidence bears on the credibility of the government's bank witnesses and the reliability of the banks' documentary evidence. ████ signed the ████ as ████ authorized representative. This evidence is also relevant if the Court grants the government's pending motion in limine to admit Huawei CFO Cathy Meng's ████████████████████ evidence, *see* Dkt. 615 at 17-38, to show that Meng's ████████ was unusually lenient as compared to a typical ████████████████████ like the one entered into by ████ |
| 103:19-112:15 | **Bank Prosecution Evidence.** This evidence is admissible for the same reasons stated for ████ Depo. Tr. 73:11-87:16.<br><br>**Lack of Knowledge That ████ Banked Skycom.** These questions are also relevant because they show the witness' lack of knowledge regarding ████ banking relationship with Skycom and establish the absence of an internal investigation into the bank's own systems that would have confirmed that relationship, underscoring deficiencies in ████ compliance program. The evidence is not offered to show that ████ was |

---

[1] Designations highlighted in yellow are conditional counter-designations. They relate to testimony or documents to which we object. If Huawei's objection is overruled and the evidence is deemed admissible, Huawei will offer these counter-designations.

| | |
|---|---|
| | negligent but rather to establish Huawei's lack of fraudulent intent, because it explains how information provided by Huawei about its relationship with Skycom could be overlooked, that ██████ alleged lack of knowledge of that information is not dispositive evidence that Huawei did not provide it, and that the information was not considered by ██████ risk and compliance personnel, including the witness chosen by the government, ████ *See* Dkt. 668 at 10-14. |
| 113:21-25<br><br>114:13-115:4 | **Lack of Knowledge of Sanctions Policies.** These questions are <u>relevant</u> because they demonstrate the witness' lack of knowledge of ██████ policies generally, and specifically whether Iran-related transactions were permissible during specific periods. This undermines the credibility of his broader assertions about ██████ policies, *see* ████ Depo. Tr. at 39:1-25. These questions are also relevant to whether an outside customer like Huawei would have been expected to know them—particularly when even a senior ████ executive did not. |
| 115:21-116:25 | **Lack of Knowledge of Compliance Systems.** These questions are relevant because they show the witness' lack of knowledge about ██████ core compliance systems, undermining his credibility as an informed witness and highlighting deficiencies in the bank's compliance program. They also underscore ████ compliance's failure to investigate ██████ own systems regarding Skycom, which would have confirmed the relationship between Huawei and Skycom. The evidence is not offered to show that ████ was negligent but rather to establish Huawei's lack of fraudulent intent, because it explains how information provided by Huawei about its relationship with Skycom could be overlooked, that ██████ alleged lack of knowledge of that information is not dispositive evidence that Huawei did not provide it, and that the information was not considered by ██████ risk and compliance personnel, including the witness chosen by the government, ████ *See* Dkt. 668 at 10-14. |
| 119:11-121:23 | **Bank Prosecution Evidence.** This evidence is admissible for the same reasons stated for ████ Depo. Tr. 73:11-87:16.<br><br>**Lack of Knowledge of Sanctions Policies.** This evidence is admissible for the same reasons stated for ████ Depo. Tr. 113:21-25. |
| 122:3-123:15 | **Bank Prosecution Evidence.** This evidence is admissible for the same reasons stated for ████ Depo. Tr. 73:11-87:16.<br><br>**Lack of Knowledge of Sanctions Policies.** This evidence is admissible for the same reasons stated for ████ Depo. Tr. 113:21-25.<br><br>**Impeachment.** These questions impeach the witness' sweeping claim on direct that ████ had fully disengaged from business involving sanctioned countries. *See* ████ Depo. Tr. 39:1-25. Specifically, it shows the witness was unaware of ██████ Iran office ███████████ ████ stating the |

| | |
|---|---|
| | bank no longer maintained business there, and it supports questioning whether any continued Iran-related business would have violated that agreement. |
| 123:23-131:6 | **Bank Prosecution Evidence.** This evidence is admissible for the same reasons stated for ▮▮▮ Depo. Tr. 73:11-87:16.<br><br>**Lack of Knowledge of Sanctions Policies.** This evidence is admissible for the same reasons stated for ▮▮▮ Depo. Tr. 113:21-25.<br><br>**Lack of Knowledge of Compliance Systems.** This evidence is admissible for the same reasons stated for ▮▮▮ Depo. Tr. 115:21-116:25.<br><br>**Impeachment.** This evidence is admissible for the same reasons stated for ▮▮▮ Depo. Tr. 122:3-123:15. |
| 131:10-132:1<br><br>132:22-134:24<br><br>137:8-139:8<br><br>140:5-141:16 | **Lack of Knowledge of Compliance Systems.** This evidence is admissible for the same reasons stated for ▮▮▮ Depo. Tr. 115:21-116:25. |
| 147:23-148:1 | **2014 ▮▮▮ Meeting.** This question is relevant because it establishes that 2014 was the first time the ▮▮▮ met to discuss the Huawei relationship, providing key temporal context to the jury. |
| <mark>148:18-24</mark> | **The ▮▮ Report (GX-21348-3).** If Huawei's objection to GX-21348-3 is overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness, as the questions are relevant to what the ▮▮▮ considered from materials submitted in advance of the March 2014 meeting, which is relevant to the government's theory of materiality. The testimony is also relevant to undermine the reliability of the ▮▮ Report and the purported Huawei representations contained in it given ▮▮▮ lack of familiarity with how the document was prepared and how ▮▮▮ obtained the information. |
| <mark>149:3-153:12</mark> | **The ▮▮ Report (GX-21348-3).** The admissibility of this evidence turns on the same reasons stated for ▮▮▮ Depo. Tr. 148:18-24. |
| 153:13-153:18 | **2014 ▮▮▮ Meeting.** These questions are relevant and independently bear on materiality. They show that the ▮▮▮ could have obtained public records about Skycom but did not, indicating the issue was not considered important and providing contrary evidence to the government's theory of materiality. |
| <mark>153:19-154:7</mark> | **The ▮▮ Report (GX-21348-3).** The admissibility of this evidence turns on the same reasons stated for ▮▮▮ Depo. Tr. 148:18-24. |

| | |
|---|---|
| 154:8-17 | **2014** ▮ **Meeting.** This evidence is admissible for the same reasons stated for ▮ Depo. Tr. 153:13-153:18. |
| 154:18-160:1 | **The ▮ Report (GX-21348-2); The ▮ Report (GX-21348-3).** If Huawei's objections to GX-21348-2 and GX-21348-3 are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness, as the questions are relevant to what the ▮ considered from materials submitted in advance of the March 2014 meeting. The information from the ▮ Report is not offered for the truth but rather to show the effect on the Committee as these were mitigating factors supporting the decision to retain Huawei as a customer, which tend to show that the alleged representations relied on by the government were not material to the bank's decision in the way the government's case thus far has argued. |
| 160:21-161:13 | **The ▮ Report (GX-21348-2).** The admissibility of this evidence turns on the same reasons stated for ▮ Depo. Tr. 154:18-160:1. |
| 161:19-25 | **Impeachment.** These questions impeach the witness' credibility regarding his claim that the Huawei account constituted an extremely small portion of the bank's revenue and that revenue from the Huawei relationship was immaterial to the ▮ March 2014 review of the relationship. |
| 162:10-14<br><br>162:16-163:12 | **Impeachment.** This evidence is admissible for the same reasons stated for ▮ Depo. Tr. 161:19-25. |
| 163:14-166:19<br><br>167:4-10<br><br>167:24-169:4<br><br>169:9-170:9 | **The ▮ Report (GX-21348-2).** The admissibility of this evidence turns on the same reasons stated for ▮ Depo. Tr. 154:18-160:1. |
| 170:10-20<br><br>170:23-172:14 | **2014** ▮ **Meeting.** These questions are relevant and independently bear on materiality. They show that Huawei's relationship with Skycom was not a material factor in the committee's decision whether to retain the Huawei relationship in March 2014. They therefore are relevant to the government's theory that the bank relied on Huawei's statements. |
| 172:15-173:21 | **The ▮ Report (GX-21348-2).** The admissibility of this evidence turns on the same reasons stated for ▮ Depo. Tr. 154:18-160:1. |
| 175:15-181:12 | **2014** ▮ **Meeting.** This testimony is relevant to materiality because it shows what the ▮ reviewed and considered in distinguishing between material and immaterial factors when deciding whether to retain the Huawei relationship. The testimony is also admissible under the rule of |

| | |
|---|---|
| | completeness to show the full discussion by the Committee at the 2014 meeting. |
| 181:17-193:10<br><br>193:12-18<br><br>193:20-197:2<br><br>197:5-202:5<br><br>202:19-206:17 | **2014 ███████ Meeting.** These questions are relevant to show what the █████ deemed material versus immaterial when deciding whether to retain the Huawei relationship, including its treatment of information obtained directly from U.K. intelligence agencies as a mitigating factor favoring retention, as reflected in the unredacted version of the government's exhibit offered by the defense.<br><br>GX-21621 is misleading because the Huawei section is over-redacted and, compared with several other versions of the ██████ minutes, contains the most extensive content redactions—applied by ██████ inconsistently and without any clear or principled basis. It improperly redacts a reference to information obtained from U.K. intelligence agencies and presented to the █████ by member ██████████ "███ clarified that ████████ (member of █████ FSVC) had engaged with the government who confirmed they were comfortable with Huawei." ████ acknowledged on cross-examination that the Committee viewed this as a mitigating factor that supported retaining Huawei as a client. ████ Depo. Tr. 186:21-187:1. Huawei offered this unredacted version on cross-examination as DX-00107.6 and does not object to its admission in that form. |
| 206:20-209:10<br><br>209:24-211:24 | **September 2014 █████ Action Log (GX-21352-2).** These questions are relevant to materiality. They show that the █████ waited 60 days to confirm Huawei's sale of Skycom—a condition of its approval at the March 2014 █████ meeting—indicating the issue was not viewed as significant and providing contrary evidence to the government's theory of materiality. |
| <mark>211:25-213:14</mark> | **2017 █████ Termination Meeting.** If Huawei's objection to testimony regarding the purported 2017 █████ termination meeting is overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness. |
| 213:18-214:7 | **Bank Prosecution Evidence.** This evidence is admissible for the same reasons stated for █████ Depo. Tr. 73:11-87:16 |
| 214:15-219:5 | **Bank Prosecution Evidence.** This evidence is admissible for the same reasons stated for █████ Depo. Tr. 73:11-87:16<br><br>**Impeachment.** Questions about █████ understanding of whether the investigation involved █████ U.S. dollar transactions are proper impeachment. His claimed ignorance undermines his credibility, suggests advocacy rather than objectivity, and is implausible on its face. *See* █████ Depo. Tr. 215:14-216:15. |
| <mark>219:9-221:15</mark> | **2017 █████ Termination Meeting.** The admissibility of this evidence turns on the same reasons stated for █████ Depo. Tr. 211:25-213:14. |

| | |
|---|---|
| <mark>221:17-25</mark><br><br><mark>222:2-6</mark><br><br><mark>222:8-223:20</mark> | |
| 223:21-225:8 | **Impeachment.** These questions impeach the witness' credibility regarding ▮▮▮▮ stated reasons for terminating the Huawei relationship and whether those communications accurately reflected the bank's true reasons. |
| <mark>225:9-226:9</mark><br><br>226:10-228:5<br><br>228:7-232:16<br><br>232:20-236:1 | **2017 ▮▮▮ Termination Meeting.** The admissibility of this evidence turns on the same reasons stated for ▮▮▮ Depo. Tr. 211:25-213:14. |
| 236:17-247:18 | **Lack of Knowledge Regarding ▮▮▮ Sanctions Policies**. This evidence is admissible for the same reasons stated for ▮▮▮ Depo. Tr. 113:21-25.<br><br>**Impeachment (Call Reports Policy, DX-000236).** This line of questioning impeaches the credibility of the ▮▮▮ internal compliance reports reflecting purported Huawei representations on which the government relies, including the ▮▮▮ Report and the ▮▮▮ Report. ▮▮▮ maintained policies requiring contemporaneous call reports summarizing customer communications, yet none document any Huawei representations consistent with the alleged representations in the reports—supporting that Huawei made no such representations.<br><br>**Failure to Add Skycom to ▮▮▮ Internal Sanctions List.** These questions bear directly on materiality by demonstrating that ▮▮▮ could readily have screened for transactions involving Skycom through its sanctions monitoring system but elected not to do so, indicating that the issue was not regarded as significant, and providing contrary evidence to the government's theory of materiality. |
| 247:20-257:23 | **Failure to Add Skycom to ▮▮▮ Internal Sanctions List.** This evidence is admissible for the same reasons stated for ▮▮▮ Depo. Tr. 236:17-247:18.<br><br>**Background about ▮▮▮** These questions are relevant because they show the bank's organizational structure and financial condition during the relevant period, providing useful context for the jury. |
| 258:11-259:12 | **Impeachment.** These questions, eliciting ▮▮▮ denials that ▮▮▮ termination decision was influenced by DOJ pressure, are relevant to his credibility. This is a proper line of inquiry for trial—one that may be |

| | |
|---|---|
| | corroborated by other witnesses—and should be permitted regardless of his responses. |
| 259:14-262:21 | **Bank Prosecution Evidence.** This evidence is admissible for the same reasons stated for ███ Depo. Tr. 73:11-87:16. |

Below are Huawei's proposed counter-designations for ███████████ testimony.

| Page/Line Numbers | Basis for Defense Counter-Designations |
|---|---|
| 20:03-20:22 | ████████ **and** ████ **Committee Background.** Huawei counter-designates this testimony under the rule of completeness as the exchange adds the full context regarding the time period during which the witness was involved in the ████ |
| 26:13-27:08[2] | **Dollar Clearing.** If Huawei's objections to the witness' testimony regarding dollar clearing are overruled and the testimony is admitted, Huawei counter-designates this testimony under the rule of completeness as this testimony is relevant to present the witness' full understanding of the dollar clearing process. The government seeks to admit statements by the witness regarding dollar clearing activity in the United States and exclude the witness' qualifying statement that dollar clearing can occur in Hong Kong. |
| 34:11-35:08 | **GX-22306-2.** If Huawei's objections to GX-22306-2 and the ████████ Committee Submissions are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness because it reveals the witness' lack of knowledge regarding the Due Diligence Draft and its creation. |
| 60:23-66:21 | **GX-22607.** If Huawei's objections to the ████████ Committee Submissions are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness. This evidence and testimony is relevant because it sheds light on the motives of the ████ employees drafting the ████████ Committee Submissions as well as the process by which the employees decided what information to submit to the ████████ and ████ The evidence and testimony also reveals the witness' lack of knowledge regarding the underlying ████████ Committee Submissions. |
| 84:01-84:25 | **GX-22601.** If Huawei's objections to GX-22601 and the ████████ Committee Submissions are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness because it reveals the witness' lack of knowledge regarding the ████ Committee Review Memo and its creation. |
| 96:06-97:16 | **GX-22600.** If Huawei's objections to GX-22600 and the ████████ Committee Submissions are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness |

[2] Designations highlighted in yellow are conditional counter-designations. They relate to testimony or documents to which we object. If Huawei's objection is overruled and the evidence is deemed admissible, Huawei will offer these counter-designations.

| | |
|---|---|
| | because it reveals the witness' lack of knowledge regarding the ██████ Adverse Media Form and its creation. |
| <mark>104:19-105:12</mark> | **GX-22603.** If Huawei's objections to GX-22603 and the ██████ Committee Submissions are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness because it reveals the witness' lack of knowledge regarding the ███ Risk Assessment Form and its creation. |
| <mark>119:02-120:04</mark> | **GX-22302.** If Huawei's objections to GX-22302 and the ██████ Committee Submissions are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness because it reveals the witness' lack of knowledge regarding the ███ Adverse Media Form and its creation. |
| 127:03-128:15 | **Government Waived Right to Object.** Courts have held that objections to both form and substance are" waived if the party raising them did not object during the deposition itself." *United States v. Mohamed*, No. 18-CR-603 (ARR), 2022 WL 3703200, at \*1 (E.D.N.Y. Aug. 26, 2022). Government counsel made no objection to this testimony on the record and forfeited the right to object to this material. |
| 128:16-132:11 | **Lack of Personal Knowledge.** These questions are relevant to show the witness' lack of personal knowledge regarding ███ client relationship with Huawei and to establish that the witness' testimony is based on a post-hoc review of ███ documents, not his personal recollection. |
| 132:12-133:11 | **Foundation to Refresh Recollection.** This line of questioning lays a foundation to refresh ██████ recollection with the interview memoranda prepared by the government, if necessary. |
| 133:12-140:13 | **Lack of Personal Knowledge.** This evidence is admissible for the same reasons stated for ████ Depo. 128:16-132:11. |
| 140:14-142:11 | **Bank Prosecution Evidence.** This testimony is the subject of a pending motion in limine concerning bank prosecution evidence. The exhibits and related questions regarding ████ ████ are relevant because the government has relied on ████ and has indicated its intent to rely on other bank witnesses to establish what a reasonable bank would consider material. Huawei is therefore entitled to present evidence that the banks' actions were driven not by alleged Huawei representations, but by their own interest in maintaining lucrative business relationships. This evidence bears on the credibility of the government's bank witnesses, including by showing the incentives and motivations of ████ and the reliability of the banks' documentary evidence. |
| 142:12-152:22 | **Bank Experience.** This testimony is relevant as it provides the jury with a more complete view of the witness' experience as a bank compliance professional. |

| | |
|---|---|
| 152:23-157:05 | **Knowledge of Sanctions Regime.** These questions are relevant to provide additional context to ███████ testimony on direct examination that ███████ ███████ considered issues such as: "compliance with sanctions requirements" (███████ Depo. Tr. 16:01-05); the "factors" that influenced the ███████ consideration of sanctions issues (Tr. 17:07-13); and that ███████ "would be comfortable" if a client had business in sanctioned countries if "that activity was compliant with sanctions." (Tr. 48:06-49:17). |
| 157:06-157:20 | **Bank Prosecution Evidence.** This evidence is admissible for the same reasons stated for ███████ Depo.140:14-142:05. |
| 157:22-159:06 | **Knowledge of Sanctions Regime.** This evidence is admissible for the same reasons stated for ███████ Depo.153:07-153:10. |
| 159:07-177:11 and DX-366 | ███████ **Committee Submissions.** If Huawei's objections to the ███████ Compliance Records are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness and as impeachment. This exhibit and the related questions impeach the witness' testimony that the ███████ considered media reports regarding Huawei's business in Iran and ties to Skycom as well as the witness' testimony that the reports and Huawei's purported responses were material to the ███████ decision-making, and providing contrary evidence to the government's theory that ███ reliance demonstrates the materiality of Huawei's statements. |
| 177:12-179:11 | **GX-22606.** If Huawei's objections to GX-22606 and the ███████ Committee Submissions are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness because it provides additional evidence regarding the composition of the ███████ and ███████ |
| 179:12-181:03 | ███████ **and** ███ **Committee Background.** Huawei counter-designates this testimony under the rule of completeness as the exchange adds the full context regarding the time period during which the witness was involved in the ███████ |
| 181:14-182:12 and GX-22607<br><br>183:07-187:20 and DX-367, 367.1<br><br>188:23-191:18 and DX-367.3<br><br>192:02-204:24 and DX 367.3, DX | ███████ **Committee Submissions.** This evidence is admissible for the same reasons stated for ███████ Depo. 171:09-174:07 and DX-366. |

| | |
|---|---|
| 371, DX 371.1, DX 371.2<br><br>205:06-206:15 and DX 371.2<br><br>206:22-213:14 | |
| 214:20-218:19 | **Compliance Knowledge Regarding ▮ 5% Rule.** This line of questioning is relevant to explain the witness' testimony on direct examination regarding ▮ 5% rule. *See* ▮ Depo. Tr. 47:07-49:17. |
| 218:20-222:09 and GX 22306-4, GX 22306-5 | ▮ **Committee Submissions.** This evidence is admissible for the same reasons stated for ▮ Depo. 171:09-174:07 and DX-366. |
| 222:10-224:11<br><br>225:03-225:10 | **GX-22306-1.** If Huawei's objections to GX-22306-1 and the ▮ Committee Submissions are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness because it reveals the witness' lack of familiarity with the underlying article and also emphasizes that there are no statements attributable to Huawei in the article. |
| 225:11-231:21 | **GX-22608.** If Huawei's objections to the ▮ Committee Submissions are overruled and the evidence is admitted, Huawei counter-designates this evidence and testimony under the rule of completeness to provide insight into how the ▮ and ▮ considered adverse media reports.<br><br>**Impeachment**. This line of questioning impeaches the witness' testimony that ▮ considered any statements or representations in response to the 2010 Washington Times article material. It makes clear that ▮ viewed the articles as related to protectionist political media attitudes as opposed to sanctions issues. |
| 232:05-236:18 | **GX-22603 and 22609.** If Huawei's objections to GX-22603, GX-22609, and the ▮ Committee Submissions are overruled and the evidence is admitted, Huawei counter-designates this testimony under the rule of completeness. This testimony is relevant because it provides additional context regarding the ▮ review of the Huawei client relationship and the considerations that went into retaining Huawei as a client, which is relevant to the government's theory of materiality. |
| 236:19-243:18 | **GX-22601.** If Huawei's objections to GX-22601 are overruled and the evidence is admitted, Huawei counter-designates this evidence and testimony under the rule of completeness. The relevance of this testimony is that it provides insight into how the ▮ and ▮ considered adverse media reports, the factors that influenced their consideration, and the preparation of the reports. |

| | |
|---|---|
| 244:04-248:15 and DX-364 | **Relevance.** This exhibit and related testimony are additional evidence regarding ▉ profit-seeking motives when interacting with and considering the bank's relationship with Huawei. |
| 249:13-251:07 and DX-368 | ▉ **Committee Submissions.** This evidence is admissible for the same reasons stated for ▉ Depo. 171:09-174:07 and DX-366. |
| 252:10-253:05 and DX-368, DX-368.1<br><br>253:18-255:17 and DX-368, DX-368.1<br><br>256:15-256:20 and DX-369<br><br>257:04-259:17 and DX-369<br><br>260:14-263:03 and DX-368.1, DX-370 | **Impeachment, ▉ Knowledge of Skycom, and Materiality of Purported Representations by Huawei.** This line of questioning impeaches the witness' testimony that Huawei's purported public statements regarding its relationship with Skycom as well as purported representations regarding Huawei's business in Iran were material to ▉ The testimony reflects that ▉ was aware of Huawei's relationship with Skycom and Skycom's business in Iran. |
| 263:18-271:12 and DX-358, DX-358.001, DX-359, DX-359.01, DX-351, DX-360, DX-361, DX-362, DX-363, DX-352, DX-352.1, DX-353, DX-354, DX-355, DX-356, DX-357, DX-365<br><br>271:22-273:12 | **Bank Prosecution Evidence.** This evidence is admissible for the same reasons stated for ▉ Depo. 140:14-142:05. |
| 273:13-276:07<br><br>276:12-278:23 | **Background about ▉ Compliance Process**. These questions are relevant because they explain the mindset of bank compliance personnel to the jury. They add context that bank compliance personnel do not view compliance as a black and white matter but rather an evolving process with the goal of constantly improving towards a better result. |
| 279:04-279:12 | **Rule of Completeness.** If the Court admits the government's designation of 279:13-25, Huawei counter-designates this testimony under the rule of |

| | completeness which contains the full line of questioning regarding the voluntariness of the witness' testimony. |