**SIDLEY**          **JENNER&BLOCK** LLP          **Steptoe**

August 5, 2026

**Via ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   *United States v. Huawei Technologies Co., Ltd.*, No. 18-457 (S-4) (AMD) (JAM)
>        Request for Modification to Written Juror Questionnaire

Dear Judge Donnelly:

We write on behalf of Defendants Huawei Technologies Co. Ltd, Huawei Device Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc. to respectfully request a limited modification to the written juror questionnaire.

Counsel for defendants conferred with counsel for the government, and the government opposes this request.

On June 23, 2026, the parties submitted a proposed juror questionnaire, identifying the questions that were in dispute. Defendants proposed eleven questions designed to identify potential juror bias concerning China, Chinese nationals, Iran, U.S. sanctions, and related international issues. The government objected to ten of those questions. The remaining question, concerning prospective jurors' experiences and opinions about Iran, the Iranian government, and Iranian companies, was jointly proposed.

On July 8, 2026, the Court circulated the juror questionnaire that it intends to distribute to prospective jurors. Of the eleven defense-proposed questions, the circulated questionnaire includes two. Those questions, Nos. 66 and 67, concern prospective jurors' views regarding Chinese companies and their ties to China. The questionnaire does not otherwise inquire into prospective jurors' views concerning China, Chinese nationals, or economic sanctions. The questionnaire also does not include any questions related to prospective jurors' views on Iran, including the jointly proposed one.

These subjects are likely to feature prominently in the evidence at trial and, in light of recent events, have become the focus of heightened public attention. The escalating conflict between the U.S. and Iran—which has resulted in the deaths of U.S. servicemembers and economic repercussions that have likely affected jurors personally—has naturally resulted in public debate regarding Iran, U.S. sanctions, and national security. Heightened tensions between the United States and China, including as related to the war in Iran, have also generated sustained media coverage and strong public reactions. These conflicts, and coverage of them, have

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
August 5, 2026
Page 2

escalated since the Court circulated the juror questionnaire and show no sign of abating. Against this backdrop, prospective jurors may hold views concerning Iran, economic sanctions, China, or Chinese nationals that could affect, consciously or unconsciously, their evaluation of the evidence and witnesses. Carefully tailored questions addressing these topics would assist the Court in identifying potential bias and help safeguard the parties' right to a fair and impartial jury.

Defendants therefore respectfully request that the Court modify the questionnaire before its distribution by adding the four questions set forth below. Each proposed question is drawn from, or closely modeled on, voir dire questions previously approved by courts presiding over cases involving similar issues. In the alternative, defendants respectfully request that the Court explore these subjects during oral voir dire.

## I.        Iran and Economic Sanctions

The indictment alleges, among other things, business conducted in Iran and violations of United States sanctions laws. Jurors therefore will hear evidence concerning Iran, Iranian entities, and U.S. sanctions policy. Yet the current questionnaire contains no questions directed to prospective jurors' beliefs, opinions, or experiences concerning any of those subjects. That omission is particularly significant given the attention the current conflict in Iran has received in the news and public discourse.

Even before the recent conflict, courts have permitted such inquiry where Iran-related conduct forms a meaningful part of the charged conduct. In *United States v. Merchant*, Judge Komitee included multiple Iran-related questions in the written juror questionnaire, including a question asking prospective jurors whether they had opinions or views concerning Iran and its government. 1:24-cr-00362 (E.D.N.Y. Feb. 6, 2026) (Komitee, J.), Dkt. No. 115 at Questions 44, 49-52. Likewise, in *United States v. Atilla*, a prosecution alleging a scheme to evade U.S. sanctions against Iran, Judge Berman asked prospective jurors whether they, or those close to them, had opinions about or experience with economic sanctions imposed by the United States against Iran and Iranian entities. 1:15-cr-00867-RMB (S.D.N.Y. 2017) (Berman, J.), Dkt. No. 359 at page 4, question 4.

Considering recent events and the current climate, the rationale underlying those decisions applies with even greater force today. Defendants therefore respectfully request inclusion of the following questions:

- **You may hear testimony about business conducted in Iran. Do you have any personal experiences, beliefs, or opinions about Iran, the Iranian government, the Iranian Revolutionary Guard Corps (the "IRGC"), or Iranian companies that could affect, even indirectly, your ability to be fair and impartial in this case? If yes, please explain.**
  (Adapted from Question 44 and related Iran-related questions in *United States v. Merchant*, No. 24-CR-362 (E.D.N.Y.), Dkt. 115, Questions 44, 49-52.)

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
August 5, 2026
Page 3

- **Do you, or any members of your family or close friends, have any opinions about or experience with economic sanctions instituted by the United States against Iran and/or Iranian entities? If yes, what are those opinions and/or experiences?** (Adapted from the voir dire in *United States v. Atilla*, No. 15-CR-867 (S.D.N.Y.), Dkt. 359 at 4.)

## II.     China and Chinese Nationals

The Court's questionnaire appropriately includes questions concerning Chinese companies and prospective jurors' ties to China. However, the questionnaire does not inquire into prospective jurors' views concerning Chinese nationals or the People's Republic of China itself.

Although the defendants are corporate entities, Huawei's representatives throughout trial will be Chinese nationals, and many of the witnesses whose credibility jurors will be asked to assess are citizens of the People's Republic of China. Potential bias concerning Chinese nationals therefore bears directly on the jury's evaluation of the evidence.

Questions directed to these topics are commonplace in cases involving Chinese nationals or Chinese entities. In *United States v. Linda Sun*, Judge Cogan included questions concerning prospective jurors' views about the People's Republic of China and individuals of Chinese origin. 1:24-cr-00346-BMC (E.D.N.Y.) (Cogan, J.), Dkt. No. 255 at Question 33 ("Do you have any strong opinions or views about the People's Republic of China?"); *id.* at Question 42 ("Do you have any opinions or views about individuals of Chinese origin that could impact your ability to be impartial and render a determination based solely on evidence presented in this case?"). In *United States v. Wang & Chen*, Judge Gardephe asked prospective jurors whether they could afford Chinese citizens the same fair trial they would afford an American citizen. 23-cr-00302 (S.D.N.Y.) (Gardephe, J.), Jan. 13, 2025 Trial Tr. 5:9-18.[1]

Defendants therefore respectfully request inclusion of the following questions:

- **The defendants in this case include Huawei, a Chinese company. Huawei's representatives at trial will be individuals who are citizens of the People's Republic of China, and some of the witnesses you may hear from are citizens of the People's Republic of China. Do you have any opinions or views about individuals of Chinese**

---

[1] *See also United States v. Ding*, 3:24-CR-00141 (N.D. Cal.), Jan. 7, 2026 Trial Tr. 119:24-125:5 (court probed prospective jurors' views on "China, Chinese nationals, immigration generally, [and] immigrants taking jobs"); *United States v. Jin Guanghua*, 1:23-CR-00091 (D.D.C.), Sept. 11, 2025 Trial Tr. 44:24-45:7 (describing question 35 on the juror questionnaire as follows: "Mr. Jin is a Chinese national. Do you have any strong feelings about Chinese nationals or just China more generally that might affect your ability to be a fair and impartial juror in this case?"); *United States v. Tao*, 19-20052 (D. Kan. 2022), Mar. 21, 2022 Trial Tr. 127:18-128:21 ("Do any members of the jury have particularly strong views about individuals who were born in China or otherwise identify as Asian-American or Chinese American and would those views impact your ability to be fair and impartial jurors in this case?").

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
August 5, 2026
Page 4

**origin that could affect your ability to be fair and impartial in this case? If yes, please explain.**
(Adapted from Question 42 of the juror questionnaire approved by Judge Cogan in *United States v. Linda Sun*, No. 24-CR-346 (E.D.N.Y.)).

- **Do you have any strong opinions or views about the People's Republic of China or the Chinese Communist Party? If yes, what are those opinions and/or views?**
(Adapted from Question 33 of the juror questionnaire approved by Judge Cogan in *United States v. Linda Sun*, No. 24-CR-346 (E.D.N.Y.)).

* * *

For the foregoing reasons, defendants respectfully request that the Court modify the proposed juror questionnaire to include the four questions set forth above. In the alternative, defendants respectfully request that the Court explore these subjects during oral voir dire.

Respectfully submitted,

/s/ Julia Gatto____

| | | |
|---|---|---|
| David Bitkower | Douglas A. Axel | Brian M. Heberlig |
| Matthew S. Hellman | Michael A. Levy | Ryan P. Poscablo |
| Katya Jestin | Ellyce R. Cooper | Julia Gatto |
| JENNER & BLOCK LLP | Frank R. Volpe | William L. Drake |
| 1099 New York Avenue, NW | Melissa Colón-Bosolet | Jessica I. Rothschild |
| Washington, D.C. 20001 | Daniel J. Hay | STEPTOE LLP |
| (202) 639-6048 | SIDLEY AUSTIN LLP | 1114 Avenue of the Americas |
| dbitkower@jenner.com | 787 7th Avenue | New York, NY 10036 |
| | New York, NY 10019 | (212) 506-3900 |
| | (212) 839-5300 | rposcablo@steptoe.com |
| | daxel@sidley.com | |

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,*
*Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*