UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| - v. – | 18 CR 457 (S-4) (AMD) (JAM) |
| HUAWEI TECHNOLOGIES CO., LTD, *et al.*, | ▬▬▬▬▬▬▬▬ |
| Defendants. | |

**DEFENDANTS HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA INC., AND FUTUREWEI TECHNOLOGIES, INC.'S
<u>MOTION TO PRECLUDE ADMISSION OF DELAYED DISCOVERY</u>**

David Bitkower
Matthew S. Hellman
Katya Jestin
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
(202) 639-6048
dbitkower@jenner.com

Douglas A. Axel
Michael A. Levy
Ellyce R. Cooper
Frank R. Volpe
Melissa Colón-Bosolet
Daniel J. Hay
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
(212) 839-5300
daxel@sidley.com

Brian M. Heberlig
Ryan P. Poscablo
Julia Gatto
William L. Drake
Jessica I. Rothschild
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
rposcablo@steptoe.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device Co., Ltd.,
Huawei Device USA Inc., and Futurewei Technologies, Inc.*

**INTRODUCTION**

The government obtained the first indictment in this case on August 22, 2018, nearly eight years ago. In the years since, the government has repeatedly represented that its Rule 16 discovery was nearly complete or "substantially complete." *See, e.g.*, Sept. 4, 2019 Tr. at 32:23–25 ("we expect to be substantially complete with discovery currently in our possession within two months"); Apr. 4, 2024 Tr. at 3:9–12, 8:18–21 (agreeing to an October 1, 2024 deadline for substantial completion of discovery); Nov. 13, 2024 Tr. at 4:10 ("Rule 16 discovery is substantially complete."). Consistent with these representations, earlier this year the government requested that trial start in Spring 2026—a request to which the Court acquiesced, setting a May 4, 2026 trial date—and further represented during the April 23, 2026 status conference that it was "ready to go." Apr. 23, 2026 Tr. at 5:13 ("We're ready to go.").

Yet despite repeatedly asserting its readiness, the government has continued to produce voluminous additional discovery materials that broaden and change the case, including as recently as this past week. Huawei already faces an extraordinary burden in defending this overbroad and sprawling indictment. It has been superseded four times, and spans decades, continents, dated conduct, and highly technical subject areas. As of Spring 2026, the government had already made over 250 productions comprising over 5,085,000 files (not including "Attorneys' Eyes Only" (AEO) productions that Huawei does not address here). At that time, the government had also identified over 100 witnesses, provided Jencks material for approximately 270 individuals, and alleged that over 300 Huawei personnel engaged in culpable conduct.

The government was already forecasting a direct case lasting many months based on these disclosures. *See* Feb. 12, 2026 Tr. at 9:4; Apr. 23, 2026 Tr. at 5:23. And yet, since May 4 alone, the government has made <u>20</u> *new* discovery productions comprising more than 40 GB of data—280,000 documents and over 590,000 pages—to say nothing of the several additional discovery

1

productions marked AEO (which pose additional burdens).  During the same time, it has identified over 30 *additional* fact witnesses and provided Jencks material for approximately another 90 individuals.  The government has also noticed four additional expert witnesses, for a total of 16. *See* ECF No. 725.  And on July 31, 2026, the government provided Huawei with a redacted letter indicating that it has even more as-yet unproduced discovery that it assures the Court will not necessitate a new trial date so long as Huawei is provided two months—partly during trial itself— to investigate.  Even worse, much of the recent discovery consists of material the government has clearly had, or had access to, for *years*.  It is implausible that the government could not reasonably have obtained and produced at a far earlier date the materials it is now producing.

Enough is enough.  Huawei is entitled to defend the allegations as they are rather than a constantly changing body of potential evidence.  The proper and fair course here is to preclude the government from introducing any evidence it disclosed after May 4, 2026—the date by which it stated it was ready to try the case.  At a bare minimum, the Court should bar the government from introducing the voluminous materials produced in the weeks prior to trial and other late-produced materials the government has had or known of for several years, lest the government continue to expand this case indefinitely.

## ARGUMENT

Under Rule 16(a), the government is required to disclose certain evidence in advance of trial and upon the defendant's request.  Under Rule 16(c), it has a continuing duty to disclose "promptly" any additional discoverable evidence that it later identifies.  But the mechanism for rolling production—meant to *protect* defendants from late surprises and ensure orderly proceedings—is no excuse for sitting on evidence for years, or for delaying disclosure until artificially close to the trial, particularly in a case such as this, where the alleged crimes took place years ago and the government has been investigating them for just as long.

2

In addition to compelling disclosure, Rule 16 gives the court "broad discretion" to remedy noncompliance. *United States v. Miller*, 116 F.3d 641, 681 (2d Cir. 1997). Potential remedies include "prohibit[ing the noncompliant] party from introducing the undisclosed evidence" or "enter[ing] any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). "In deciding what remedy is appropriate under Rule 16(d)(2), the district court should consider, *inter alia*, whether the defendant was prejudiced by the government's delay in disclosing the evidence in question." *United States v. Sanchez*, 912 F.2d 18, 21 (2d Cir. 1990). "[T]he prejudice contemplated by Rule 16 is that 'the untimely disclosure . . . adversely affected some aspect of [the defendant's] trial strategy[.]'" *United States v. Powell*, 2025 WL 2690359, at *1 (S.D.N.Y. Sept. 21, 2025) (quoting *United States v. Adeniji*, 31 F.3d 58, 64 (2d Cir. 1994)). Courts may also consider "the extent of the Government's culpability for failure to make disclosable material available to the defense." *United States v. Miranda*, 526 F.2d 1319, 1324 (2d Cir. 1975). "In assessing that question, the court analyzes the nature of the evidence sought, the extent to which it bore on critical issues in the case, the reason for its nonproduction, and the strength of the government's untainted proof." *United States v. Vinas*, 910 F.3d 52, 60–61 (2d Cir. 2018).

The government's belated productions—which come *years* after its repeated assertions that discovery was substantially complete, and mere weeks before jury selection is set to begin—merit relief here. Its new and ongoing disclosures can only add time and complexity to an already exceedingly lengthy and complex trial. Moreover, these late disclosures pose substantial burdens for the defense. Many of the productions require translation, a time-consuming process during which the defense cannot meaningfully evaluate the documents' contents. Investigation of the new facts contained in these disclosures requires defense counsel to coordinate with their clients in China and, in some cases, to travel halfway across the world—travel which takes away from

3

time otherwise spent preparing for trial.  Defense counsel has simultaneously had to scramble to attend the government's last-minute foreign deposition requests.  In short, these new productions must be carefully analyzed, investigated, and integrated into the defense's strategy at a time when the defense should be wholly focused on final preparation for the impending trial.  And yet, the government proposes to produce still *more* documents—and to produce them on a timeline that will require the defense to conduct these time-intensive investigations *while* defending the case at trial.  This conduct poses unfair prejudice to the defense.

More than that, the lateness of these disclosures is wholly unjustified.  The government has had, or had access to, these documents for years.  In a recent and egregious example, in the past two weeks, the government has turned over voluminous materials relating to an entirely *new* set of decade-old allegations involving an entirely new entity.  Specifically, the production contains nearly 80 recorded telephone calls and over 100,000 emails that the government obtained as part of its 2016 investigation into interactions between an ▆▆▆ engineer and his counterpart at Huawei at a time when ▆▆▆ and Huawei were considering a business deal.  The government has offered no explanation for its failure to produce these materials at any time since discovery began in 2019, an omission that is particularly concerning given that at least one member of the current prosecution team was part of the team that investigated the ▆▆▆ matter.[1]

As another egregious example, on August 3, 2026, the government produced ▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

---

[1] Nor has the government provided any notice about the ▆▆▆ allegations in any of its five indictments, its bill of particulars disclosures regarding RICO predicates, its Rule 404(b) briefing, or its *Chalmers* disclosures.  To the extent the Court does not preclude the relevant materials on the basis of its dilatory production, those failures constitute independent bases to exclude the allegations, and Huawei reserves the right to move on that basis.



Yet until the government produced it mere days ago, Huawei was forced to sift through thousands of pages of technical user manuals to piece together the government's theory.  And now, Huawei must scramble to process ▆▆▆▆▆ in mere weeks.

And as a third example, in June 2026, the government produced a ▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

The government must stop adding new allegations and factual material to this case.  The Court has the discretion to set a date by which all discovery must be produced—and to set it well before trial.  *See*, *e.g.*, Conference Tr. at 6:13–14; 7:16–8:5, *United States v. Combs*, No. 1:24-cr-00542-AS (S.D.N.Y. Oct. 10, 2024), ECF No. 39 (status conference for criminal case in which Judge Subramanian ordered that "all discovery will be completed by December 31, 2024" based on a trial date of May 5, 2025).  The Court should hold the government to its April 2026 representation that its case was "ready."  Apr. 23, 2026 Tr. at 5:13.  Huawei should not have to divert last-minute trial preparation time to analyze, investigate, and prepare for new evidence produced 20 years after the events in question, and on the eve of a trial expected to last several months.  *See*, *e.g.*, *United States v. Mason*, 2008 WL 281970, at *2–4 & n.9 (S.D.N.Y. Jan. 25, 2008) (precluding the government from introducing a fingerprint report it withheld for eleven months and produced only piecemeal in the weeks before trial because "[t]he government's

---

[2] DOJ_HUAWEI_A_01113970001 (produced Feb. 2, 2022) (Declaration of ▆▆▆▆▆
[3] ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆).
[4] *See* 3500-▆▆▆ (notes from the government's interview of ▆▆▆ on April 23, 2026).

eleventh hour effort to change the evidentiary landscape of this case . . . should not be remedied by a scheduling change which has a concomitant, adverse impact on the defendants, defense counsel, and the Court").

A May 4 cut-off would be particularly appropriate here, where the government has established a years-long pattern of representing readiness while continuing to deluge the defense with new documents. *See, e.g.*, Feb. 12, 2026 Tr. at 16:25–17:11 (defense counsel noting that despite the government's claim months earlier that discovery was substantially complete, the government continued to bombard the defense with huge volumes of documents and advising the government and the Court that the defense "may well be requesting that the Court limit the Government's evidence presented in the case-in-chief to the evidence that's been disclosed to date, absent good cause showing").

Even if the Court declines to preclude all discovery produced after May 4, it should nonetheless halt the government's continued expansion of this case, and at a bare minimum hold that the government's productions—and particularly its large productions—in the weeks before trial are inadmissible such that the government is barred from introducing material produced within six weeks of the start of trial, *i.e.*, on or after July 28, 2026. This case is sprawling enough, and the government has had ample time already to expand it for all the reasons stated above.

## CONCLUSION

Huawei respectfully requests that the Court exercise its authority under Rule 16 and preclude the government from introducing at trial any evidence produced after May 4, 2026, or, at a minimum, preclude any materials produced within six weeks of trial, *i.e.*, on or after July 28, 2026.

Dated: August 10, 2026

Respectfully submitted,

/s/ *David Bitkower*
David Bitkower
Matthew S. Hellman
Katya Jestin
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
(202) 639-6048
dbitkower@jenner.com

/s/ *Douglas A. Axel*
Douglas A. Axel
Michael A. Levy
Ellyce R. Cooper
Frank R. Volpe
Melissa Colón-Bosolet
Daniel J. Hay
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
(212) 839-5300
daxel@sidley.com

/s/ *Brian M. Heberlig*
Brian M. Heberlig
Ryan P. Poscablo
Julia Gatto
William L. Drake
Jessica I. Rothschild
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
rposcablo@steptoe.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,*
*Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*

7