

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| MS | *271 Cadman Plaza East* |
| F. #2017R05903 | *Brooklyn, New York 11201* |

August 11, 2026

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:     United States v. Huawei Technologies Co., Ltd., et al.
>          Criminal Docket No. 18-457 (S-4) (AMD)

Dear Judge Donnelly:

The government respectfully seeks leave from the Court to file an additional set of pretrial *in limine* motions.  The motions would principally seek the following relief:

(1)     Preclude evidence, argument, or questioning regarding investigations or regulatory actions, or lack thereof, by any U.S. government agency apart from this criminal prosecution;

(2)     Admit the neutral expert report from underlying civil litigation as evidence of the falsity of a Huawei executive's sworn testimony to Congress;

(3)     Preclude evidence, argument, or questioning regarding the public availability of confidential trade secrets, absent evidence the defendants knew of the public availability of the confidential trade secrets at the time of the alleged misappropriation;

(4)     Preclude evidence, argument, or questioning regarding banking transactions post-dating the charged fraud;

(5)     Preclude evidence, argument, or questioning regarding the dissolution of Huawei USA or the extent of Huawei's business in the United States following the charged period;

(6)     Preclude evidence, argument, or questioning regarding certain patents and patent applications, as well as communications between a victim company's patent attorneys and the European Patent Office;

1

(7)     Pursuant to Rule 803(5) permit a former manager for the Clearing House Interbank Payments System ("CHIPS") to read at trial the contents of a record identifying the dates on which CHIPS transfers were processed through a facility located in New York City as a recorded recollection;

(8)     Preclude evidence, argument, or questioning related to any "involvement of counsel" defense; and

(9)     Pending authorization from the Deputy Attorney General to make the request,[1] a motion to close the courtroom during the testimony of certain witnesses.

When asked for its position on pretrial briefing of the above-listed items, the defense authorized the government to represent to the Court as follows:

> Huawei opposes the government's request to file yet more motions *in limine*, well after the Court's initial motion *in limine* deadline, and after the government has already filed a round of supplemental motions *in limine*. As previously explained, the government's motions seek to resolve context-specific evidentiary disputes before trial has even begun, even though the relevance and admissibility of that evidence can only be assessed in context as the trial unfolds. The Court should therefore address any evidentiary disputes as and when they arise during trial. The government's request is particularly inappropriate and prejudicial on the eve of trial, when the Court and the parties should be focused on trial preparation rather than expending resources on unnecessary additional motion practice. The Court can and should deny the government's request on that basis alone. *See, e.g.*, *United States v. Rubin/Chambers*, 832 F. Supp. 2d 349, 354 (S.D.N.Y. 2011) (exercising discretion to prohibit the filing of unauthorized, additional motions *in limine* where trial was set "to commence in a matter of weeks," and noting that "the time of the parties and the Court would be more productively used preparing for trial rather than crafting and responding to new motions").

The government is mindful of the Court's limited resources and the number of motions already pending before the Court. However, the issues outlined above implicate complex questions of fact and law that would needlessly sidetrack proceedings should the parties wait to address them until trial. Absent pretrial briefing, the parties will be left to either address these nuanced issues on the fly without the benefit of briefing, or to submit emergency briefs on a

---

[1]     Pursuant to 28 C.F.R. § 50.9(d), an application to close the courtroom to the public and the press requires, as applicable here, the express authorization of the Deputy Attorney General. That authorization is currently pending.

truncated timeline.  Briefing these issues now will therefore streamline trial proceedings and provide guidance to the parties on how to structure their trial presentations.

In addition, most of these issues have ripened only in recent months.  For example, items three and six are based largely on exhibits disclosed by the defense in advance of trial.  Item four is based on certain Rule 17 subpoenas the defense has served on financial institutions, including victims in the case.  Item eight is based on certain representations by the defense in letters dated July 15, 2026 and July 22, 2026, respectively.  And item nine cannot be filed until high-level authorization is granted by Department of Justice leadership.

Should the Court grant the government's motion, the government would be prepared to file the additional motions by August 14, 2026, with the exception of item nine, which the government will be prepared to file as soon as it obtains authorization from Department leadership, should such authorization be granted.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By:     /s/
Alexander A. Solomon
Meredith A. Arfa
Robert Pollack
Matthew Skurnik
Matthew F. Sullivan
Assistant United States Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering, Narcotics and
Forfeiture Section,
Criminal Division,
U.S. Department of Justice

Taylor Stout
Morgan Cohen
Jasmin Salehi Fashami
Trial Attorneys

CHRISTIAN J. NAUVEL
Acting Chief, Counterintelligence and
Export Control Section,
National Security Division,

U.S. Department of Justice

Christopher Fenton
Trial Attorney

cc: Clerk of the Court (by ECF and Email)
Defense counsel of record (by ECF)