**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NJM:RMP
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 17, 2026

By ECF and Email

The Honorable Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Huawei Technologies Co., Ltd., et al.
Criminal Docket No. 18-457 (S-4) (AMD)

Dear Judge Marutollo:

The government respectfully submits, pursuant to Your Honor's order yesterday, this reply to the defendants' opposition ("Def. Opp.") to the government's motion to quash the trial subpoenas that the defendants recently served on third-party banks, including institutional victims of frauds charged in this case (the "Challenged Subpoenas").

In their opposition, the defendants argue principally that the Challenged Subpoenas (1) are sufficiently specific because (at least some of) the bank recipients have not complained, and (2) seek documents that are relevant and admissible because they tend to serve an argument that if a bank cleared some dollar transactions touching Huawei entities years after the charged schemes ended, undeterred by Huawei's past lies, then a reasonable bank would not have cared about Huawei's lies during the charged period either. These arguments are wrong, and they should be rejected.

First, as a threshold matter, the Court should decline the defendants' invitation to abandon the familiar standard that was articulated by the Supreme Court in *United States v. Nixon*, 418 U.S. 683 (1974), and which is followed pervasively by district courts in this Circuit and beyond, in favor of Judge Rakoff's decision in *United States v. Weigand*, 520 F. Supp. 3d 609 (S.D.N.Y. 2021). District courts in this circuit apply *Nixon* to Rule 17 subpoenas as a matter of course. Even Judge Rakoff in *Weigand* acknowledged as much, *id.* at 612 ("[W]hen confronted with defendants' requests to issue a Rule 17(c) subpoena to a third party, courts in this Circuit generally look to the three factors articulated in *Nixon*."), notwithstanding his opinion that a more flexible standard "is more consistent with modern principles of liberal discovery," *id.* at 613. But in any event, even under Judge Rakoff's more permissive test, the Challenged Subpoenas should be quashed because they are "unreasonable [and] oppressive" under Rule 17(c)(2). To wit, they command non-party banks—including banks that the government has identified as victims of the

charged offenses and whose employees are prospective government witnesses—to assemble records of every U.S.-dollar funds transfer involving any of thirteen corporate entities over a period spanning more than eight years, together with "any" fee records, "any" correspondent banking agreements with every foreign bank appearing in those records, and "any" settlement instructions for every such transfer, and all under an instruction that any questions "be resolved in favor of the broadest possible construction." The government has no idea how many records or documents may be responsive to such a search, and, in light of the defendants' failure to provide greater specificity in their opposition papers and their suggestion that they do not "have visibility" (Def. Opp. 5) into which banks cleared their transactions, evidently the defendants do not know either. It is, in other words, a fishing expedition. And a fishing expedition in the form of a sweeping subpoena that demands to be read as broadly as possible is unreasonable and oppressive.[1]

Second, the supposed absence of complaint by the bank recipients of the Challenged Subpoenas does not render those subpoenas proper. The *Nixon* burden is the subpoena proponent's, and it is not lightened by the subpoena recipient's patient indulgence. Indeed, this Court has an independent duty to police Rule 17(c) regardless of what a non-party elects to do. *See, e.g.*, *United States v. Vasquez*, 258 F.R.D. 68, 72 (E.D.N.Y. 2009) ("[T]he Court has an independent duty to review the propriety of the subpoena . . . and whether the subpoena itself comports with the requirements of Rule 17."). Moreover, the facts as the defendants themselves describe them undermine their point: the defendants admit that not all recipients have yet made productions and that one bank produced only as to Request No. 1, "subject to ongoing negotiations about narrowing the remaining requests." (Def. Opp. 4). Requests that require negotiated narrowing are, evidently, not narrow. A bank's *partial* compliance and effort to negotiate lends no support to the defendants' position that the Challenged Subpoenas are reasonable and non-oppressive, because a rational non-party served a burdensome subpoena may well prefer the lesser evil of negotiation to litigating its obligation to comply. But where, as here, the demand is improper, the Court should exercise its supervisory power to relieve compliance.

Third, dollar-clearing transactions *years* after the charged period are not evidence of objective materiality of earlier falsehoods, so evidence of such transactions is irrelevant and inadmissible. The defendants concede that materiality is an objective test (Def. Opp. 6), and they argue that a jury may infer immateriality from the fact that particular banks clear particular transactions long after the charged period. But that "inference" remains a disguised non-reliance argument, which the Second Circuit has squarely foreclosed. *United States v. Corsey*, 723 F.3d 366, 373 n.3 (2d Cir. 2013) ("[A] misrepresentation is material if it is capable of influencing the decisionmaker, *no matter what the victim decides to do*." (emphasis added)); *United States v. Litvak*, 889 F.3d 56, 66 (2d Cir. 2018) ("A finding of materiality, therefore, requires a showing only of importance, not 'actual reliance.'" (citation omitted)). And even if the inference were

---

[1] The cases defendants cite of courts enforcing what defendants characterize as "materially similar" third-party subpoenas, (Def. Opp. 5), are not to the contrary: they merely reflect that the use of "any" or "all" in a subpoena does not *per se* render it improper, where the request is otherwise appropriately bounded, unlike the demands here. Indeed, even Judge Rakoff in *Weigand*, applying his more permissive standard, found subpoena demands insufficiently specific where they sought materials over a six-year period—significantly shorter than the period the defendants demand here—and he dramatically narrowed the request. 520 F. Supp. 3d at 615.

permissible, it would at best be highly attenuated when the transactions at issue post-date the charged periods. Indeed, the cases the defendants cite for the proposition that immateriality can be shown by a decision to transact despite knowledge of wrongdoing concern *contemporaneous* knowledge. In *United States v. Calderon*, 944 F.3d 72, 87-88 (2d Cir. 2019), bank employees testified about the bank's *contemporaneous* policies bearing on the specific transactions at issue. In *Weigand*, the evidence Judge Rakoff found material was evidence that issuing banks possessed *at the time of the charged transactions* the very information allegedly concealed and processed those charged transactions anyway. 520 F. Supp. 3d at 613-14. In *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176 (2016), and what the defendants call "the analogous context of the False Claims Act" (Def. Opp. 6), the "very strong evidence" that a violation was immaterial was evidence that a government payor "pays a particular claim in full despite its actual knowledge that certain requirements were violated." *Id.* at 195. None of these cases say anything about the respective victim's later, unrelated dealings. Here, the defendants seek transaction data generated years after the charged conduct, when circumstances may have changed.

Additionally, Judge Donnelly's recent denial of the government's motion for leave to file additional motions *in limine* does not insulate the Challenged Subpoenas from the requirement of complying with *Nixon*. Indeed, Judge Donnelly's order did not adjudicate admissibility and said nothing about the standard governing Rule 17 subpoenas. The government acknowledges that Judge Donnelly has deferred decision on whether to preclude evidence and testimony about transactions post-dating the charged fraud, but *Nixon* nevertheless requires a showing of admissibility as a condition of the subpoena itself. Rule 17(c)(2) commits that determination to this Court. A defendant cannot obtain sweeping third-party productions on the theory that because final questions of admissibility will be sorted out later, any assessment on a motion to quash is premature. While a speedy ruling from Judge Donnelly could have confirmed the irrelevance of the Challenged Subpoenas, it is not a necessary part of such a conclusion—and indeed, in the majority of Rule 17 challenges, there is not a preexisting court ruling precluding the use of evidence derived from the subpoenas at issue.

Finally, the Court should order the defendants to disclose the contents of other Rule 17 subpoenas and whatever materials they may have received in response to them. The defendants' reading of Rule 17(c)(1) would make the inspection clause a nullity whenever a party serves a subpoena returnable at trial and "informally" (Def. Opp. 8) accepts a production far in advance of trial—which is presumably most of the time, when the subpoena is issued primarily for the purpose of obtaining documents rather than a witness. That party could then use those materials for trial preparation and cross-examination and *never* disclose them unless and until it elects to offer the materials in its case-in-chief, making them discoverable under Rule 16. The defendants' favored procedure is an evasion of both rules. Whatever else may be said, the Court is entitled to know what compulsory process has been issued in its name in advance of trial; and to the extent such process has resulted in the production of materials that either side regards as relevant to trial, both sides should have a fair opportunity to examine them.

For the reasons set forth above, and those stated in the government's motion, the government respectfully requests that the Court quash the Challenged Subpoenas and order the

defendants to disclose the contents of other Rule 17(c) subpoenas it has issued in advance of trial and whatever materials it may have received in response to them.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: /s/ ________________________
Alexander A. Solomon
Meredith A. Arfa
Robert M. Pollack
Matthew Skurnik
Matthew F. Sullivan
Assistant United States Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering, Narcotics and
Forfeiture Section,
Criminal Division,
U.S. Department of Justice

Taylor G. Stout
Morgan J. Cohen
Jasmin Salehi Fashami
Trial Attorneys

CHRISTIAN NAUVEL
Acting Chief, Counterintelligence and
Export Control Section,
National Security Division,
U.S. Department of Justice

Christopher Fenton
Trial Attorney

cc: Clerk of the Court (by ECF)
Defense counsel (by ECF)