SIDLEY JENNER&BLOCK LLP Steptoe

September 7, 2026

**Via ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *United States v. Huawei Technologies Co., Ltd. et al.*, No. 18-cr-457 (S-4) (AMD) (JAM); Motion to Compel Compliance with Revised Subpoena**

Dear Judge Donnelly:

Defendants Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc. (collectively, "Huawei") respectfully move to compel non-party [redacted] to comply with the revised trial subpoena that Huawei served on August 20, 2026 (the "Revised Subpoena," attached as Exhibit A).[1]

On August 18, the Court, per Judge Marutollo, quashed the initial trial subpoenas that Huawei had served on [redacted] and three other non-party banks in April and May 2026, holding that those subpoenas did not satisfy the specificity requirement of *United States v. Nixon*, 418 U.S. 683 (1974). ECF No. 788 (the "Order") at 9–14. The Order rested on specificity alone; the Court expressly declined to analyze relevance and admissibility. *Id.* at 15. Huawei has now served on [redacted] a revised subpoena tailored to the Order's reasoning. The Revised Subpoena eliminates four of the five original requests, retaining only the request for records of the U.S.-dollar funds transfers themselves. It replaces an eight-year "Relevant Time Period" with a single year that falls entirely within the charged period. And it deletes every definition and instruction that the Order identified as favoring an impermissibly broad construction. What remains is a single bounded request for one category of transactional records—every other bank's prompt compliance with substantively identical subpoenas has demonstrated that this request is feasible, and that [redacted] may satisfy it by producing a single extract from its system containing seven enumerated data fields.

In a series of communications culminating in a September 6 letter (attached as Exhibit B), [redacted] stated that it would not comply with the Revised Subpoena because, in its view, the Revised Subpoena does not satisfy the Order or the *Nixon* standards more generally. [redacted] is mistaken. The Revised Subpoena satisfies each of the Order's specificity concerns. [redacted] incorrectly argues that the Revised Subpoena imposes an improper burden; even assuming [redacted] has preserved that

[1] Your Honor referred the government's motion to quash a prior version of the Revised Subpoena to Judge Marutollo. *See* Order Respectfully Referring Motion (Aug. 11, 2026). Huawei will respectfully follow Your Honor's direction regarding whether this motion to compel should likewise be directed to Judge Marutollo.

objection, the requested documents are highly limited and the other banks that received comparable revised subpoenas have already produced analogous documents. Nor is [redacted] correct that transactions showing [redacted] continued business with Huawei are "not relevant." Ex. B at 2. The Court has now specifically held that a bank's decision to "continue doing business with Huawei" after the Indictment was unsealed "is relevant, admissible evidence" regarding the materiality, or lack thereof, of any supposed false statement by Huawei. ECF No. 790 at 18.

Trial begins, and the subpoena is returnable, on Tuesday. The Court accordingly should order [redacted] to comply with the Revised Subpoena forthwith. *See United States v. Olin Mathieson Chem. Corp.*, 36 F.R.D. 18, 22 (S.D.N.Y. 1964) (enforcing subpoena "narrowed and particularized sufficiently" to comply with reasoning in previous order to quash).

## I. Background.

In April and May 2026, Huawei served materially identical trial subpoenas on four non-party banks, including [redacted]. The government moved to quash on August 10, ECF No. 773; Huawei opposed on August 14, ECF No. 781. On August 18, the Court granted the motion, holding that the subpoenas failed *Nixon*'s specificity requirement.[2] ECF No. 788 at 9–14. The Order identified the following features of the subpoenas as problematic: the definitions of "all" and "any," "each being defined 'as encompassing any and all,'" *id.* at 10; the definition of "'[r]elated to,' which is defined by over two dozen terms," *id.* at 12; a "Relevant Time Period" of seven or eight years, "a substantial majority" of which post-dated conduct charged in the Indictment, extended further by an instruction sweeping in documents "created or generated outside the Relevant Time Period," *id.* at 12–13; and the aggregate breadth of five requests seeking not only funds-transfer records but also associated fees, correspondent banking agreements, standard fee schedules, and settlement instructions and agreements, *id.* at 11–12. Because it found that the subpoenas failed the specificity requirement, the Court declined to "do a fulsome analysis of the relevance and admissibility prongs." *Id.* at 15.

On August 20, Huawei served the Revised Subpoena on [redacted], returnable at trial on September 8, 2026. Ex. A. Huawei also served identical revised subpoenas on the three other banks. Unlike its predecessor, the Revised Subpoena contains a single request:

> Documents sufficient to show Funds Transfers processed by You between January 28, 2019 and January 27, 2020 where a Huawei Entity was the originator or beneficiary of the Funds Transfer. This can be an extract from your core banking or other systems provided that such extract would include the following details for each Funds Transfer: value date, value, originator, originating bank, intermediary bank(s), beneficiary bank, and beneficiary.

*Id.* at 6. The Revised Subpoena deletes the four requests seeking fee information, correspondent banking agreements, standard fee schedules, and settlement instructions and agreements. It deletes the definitions of "All," "Any," and "Related to." It deletes the eight-year "Relevant Time Period"

---

[2] The Court denied the government's request to compel Huawei to disclose all Rule 17(c) subpoenas served in the case and all materials received in response. ECF No. 788 at 15–16.

and the instruction reaching documents created outside that period, instead stating a one-year period in the request itself. And it deletes the instructions that interpretive questions "be resolved in favor of the broadest possible construction," that the singular include the plural, and that verbs be construed in all tenses, moods, or voices. ECF No. 788 at 3.

Each of the other three banks promptly produced records responsive to the Revised Subpoena. Only [redacted] has not. [redacted] stated on August 25—and again on August 28, in response to Huawei's prompting—that it believed the Revised Subpoena did not comport with the Court's Order. In response, Huawei explained that the Revised Subpoena complied with the Order by substantially narrowing the original subpoena and asked [redacted] to elaborate on its position. On September 6, [redacted] replied with a letter confirming that it did not intend to comply with the Revised Subpoena because, in [redacted] view, it remained inconsistent with the Order and because compliance would be unduly burdensome. Ex. B. [redacted] September 6 letter was the first time [redacted] had articulated these objections; [redacted] never raised the objections in response to Huawei's original subpoena in May 2026.

## II. The Revised Subpoena Satisfies *Nixon*'s Specificity Requirement.

"A request is generally sufficiently specific where it limits documents to a reasonable period of time and states with reasonable particularity the subjects to which the documents relate." *United States v. RW Prof'l Leasing Servs. Corp.*, 228 F.R.D. 158, 162 (E.D.N.Y. 2005). The proponent must "reasonably specify the information contained or believed to be contained in the documents sought rather than merely hop[e] that something useful will turn up." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (internal quotation marks and alteration omitted); *see* ECF No. 788 at 10. "A Rule 17(c) subpoena does not need to detail the exact contours of materials to which its proponent does not have access." *United States v. Bergstein*, 2018 WL 9539856, at *1 (S.D.N.Y. Jan. 22, 2018).

[redacted] insists that the Revised Subpoena only "*appear*[s] meaningfully narrower" but remains "the same." Ex. B at 1. As explained below, [redacted] is incorrect. The Revised Subpoena satisfies the *Nixon* standards, and it cures each of the concerns the Order identified.[3]

### A. The Revised Subpoena Contains a Single Request for a Defined Set of Transactional Records.

The Revised Subpoena narrows five requests to one. The Order's specificity analysis rested in significant part on the aggregation of the five requests, which sought not only transaction records but also "the fees associated with each of those transfers, 'Correspondent Banking Agreements,' each bank's 'standard or customary fees' for such transfer services, and 'Settlement Service Instructions and/or Settlement Service Agreements' among potentially related banks"—

[3] Huawei preserves its position that the text of Federal Rule of Criminal Procedure 17(c)(2) supplies the correct standard of review for a Rule 17(c) subpoena served by a defendant on a third party—namely, whether the subpoena is "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); ECF No. 781 at 3–4 (citing *United States v. Weigand*, 520 F. Supp. 3d 609, 611–13 (S.D.N.Y. 2021)).

categories the Court found "more 'akin to discovery requests in civil litigation.'" ECF No. 788 at 11–12 (citations omitted). Those extra categories are now gone. The Revised Subpoena seeks "documents sufficient to show" the funds transfers themselves—discrete transactions supportive of Huawei's materiality defense—and expressly invites [redacted] to comply by producing an extract from its system containing seven enumerated data fields that [redacted] maintains in the ordinary course of its business. Ex. A at 6.

The Revised Subpoena is not open-ended, but rather an evidentiary request "sufficiently narrowly focused on a group of records likely to contain helpful documents." *United States v. Weisberg*, No. 08-CR-347 (NGG) (RML), 2011 WL 1327689, at *7 (E.D.N.Y. Apr. 5, 2011); *see also United States v. Rajaratnam*, 753 F. Supp. 2d 317, 323 (S.D.N.Y. 2011) (enforcing subpoena for financial records, including "documents sufficient to show" recipient's compensation, in an insider-trading case). Indeed, the sole request in the Revised Subpoena is one that [redacted] has already complied with, even in its original, broader form. Similarly, [redacted] promptly complied with the Revised Subpoena on September 4, approximately two weeks after it was served; and [redacted] likewise made a responsive production on September 6.

**B. The Revised Subpoena Is Limited to a One-Year Period Falling Within the Charged Period.**

The Order faulted the original subpoenas' "expansive, and unlimited, time frame": seven or eight years of records, of which "a substantial majority . . . post-date the relevant events," further extended by an instruction reaching documents "created or generated outside the Relevant Time Period." ECF No. 788 at 12. The Revised Subpoena eliminates that issue altogether. It narrows the eight-year "Relevant Time Period" and instead states a closed, one-year window on the face of the request: January 28, 2019 through January 27, 2020. That window ends before the last charged acts, which, as the Court noted, the operative indictment alleges occurred in February 2020. *Id.* at 12 (citing ECF No. 689 ¶ 89). The Revised Subpoena does not seek documents created or generated outside that window.

Courts have enforced subpoenas spanning longer periods of time, including subpoenas that extended beyond the period of the conduct at issue. *See, e.g.*, *Weisberg*, 2011 WL 1327689 at *6–7 (finding a four-year period reasonable for a request for "[a]ll billing records, time entries, and invoices" related to specific work); *In re Rabbinical Seminary Netzach Israel Ramailis*, 450 F. Supp. 1078, 1084 (E.D.N.Y. 1978) (finding a nine-year period reasonable even where it included twenty-seven extraneous months on either end of the window for the recipient's relevant conduct). A single year of records coextensive with the period of the charged conduct is the quintessential example of a "reasonable period of time." *RW Prof'l Leasing Servs. Corp.*, 228 F.R.D. at 162.

**C. The Revised Subpoena Cures the Definitional and Instructional Concerns Identified by the Order.**

The Revised Subpoena likewise cures the definitions and instructions that the Court found overly broad. The definitions of "all" and "any"—"each being defined 'as encompassing any and all,'" ECF No. 788 at 10—are deleted, and the surviving request no longer seeks "All Funds

Transfers" but simply the "Funds Transfers" meeting the request's stated parameters, demonstrable by "[d]ocuments sufficient to show." The definition of "'[r]elated to' . . . defined by over two dozen terms," *id.* at 12, is gone, together with the only request that had employed the phrase. The instruction directing that interpretive questions "be resolved in favor of the broadest possible construction," ECF No. 788 at 3, is likewise deleted. Indeed, the Revised Subpoena takes caution to go beyond the Order's concerns, also deleting instructions expanding singular-plural and verb-tense usage.

Nor does the Order's remaining observation—that Huawei's acknowledged lack of visibility into every intermediary bank's transactions evinces a lack of specificity, ECF No. 788 at 13—bear on the Revised Subpoena. That lack of visibility principally concerned the now-deleted requests for fee information, correspondent-agreements, and settlement instructions; Huawei had pointed it out to explain why the subpoenaed materials are "not otherwise procurable." *Nixon*, 418 U.S. at 699. Indeed, the fact that *Nixon* requires both a showing of specificity and a showing that the materials are not otherwise procurable makes clear that Huawei "does not need to detail the exact contours of materials to which [it] does not have access." *Bergstein*, 2018 WL 9539856, at *1; *Weisberg*, 2011 WL 1327689, at *7 ("[A] defendant need not have prior knowledge of specific documents to meet the specificity requirements of Rule 17(c)."). Rather, *Nixon*'s specificity requirement asks whether the proponent can "reasonably specify the information contained *or believed to be contained* in the documents sought." *Mendinueta-Ibarro*, 956 F. Supp. 2d at 513 (emphasis added). Huawei can and does: the requested extract will show the U.S.-dollar funds transfers that [redacted] processed during a defined year in which a Huawei entity appears as originator or beneficiary. There is no mystery about what compliance with this request entails, as demonstrated by [redacted] [redacted] and [redacted] production of responsive records.

### D. [redacted] Assertion that the Revised Subpoena Imposes an Unlawful Burden Is Incorrect.

Finally, notwithstanding the Revised Subpoena's substantial narrowing along multiple dimensions, [redacted] claims that compliance would be "unduly burdensome." Ex. B at 1. At the outset, [redacted] has waived any objections to the Revised Subpoena, which is a subset of the original subpoena that Huawei served on [redacted] in May 2026. [redacted] never raised any substantive objections to that original, broader request, and it does so now for the first time two days before the start of trial. *See* Fed. R. Crim. P. 17(c)(2) (requiring that a motion to quash or modify a subpoena be "made promptly").

Even when considered on their own terms, [redacted] objections are meritless. The other banks' quick production belies [redacted] claim of undue burden. [redacted] complains that it handled transactions by too many Huawei affiliates, including those using similar names (as is often the case with corporate affiliates), but fails to explain why a system search for the 13 specified entities in the Revised Subpoena is "not possible." Ex. B at 1. In any case, [redacted] [redacted] and [redacted] also handled transactions involving numerous Huawei affiliates, yet the number of Huawei affiliates was not an obstacle to their production of responsive records. Between Huawei's service of the Revised Subpoena on August 20 and its return date at the beginning of trial, [redacted] had ample time

to produce a single system extract with the enumerated data fields corresponding to the Revised Subpoena.[4]

## III. The Subpoenaed Records Are Relevant and Admissible.

Because the Order did not reach relevance and admissibility, Huawei repeats and incorporates by reference its prior showing that the subpoenaed records are relevant and admissible evidence bearing on the materiality of Huawei's alleged misrepresentations. In brief: records showing that a set of global banks *actually* continued clearing transactions for Huawei following publication of the initial indictment tend to show that objectively reasonable banks would not have cared about those representations when making decisions about dollar-clearing services; and they also directly refute the *hypothetical and subjective* evidence the government is using to prove its own objective materiality case—*i.e.*, testimony from bank employees about what they would have thought many years ago. ECF No. 781 at 2–3, 5–7.

Two points confirm that showing as to the Revised Subpoena: First, the narrowed time period eliminates the factual premise of the government's relevance objection. The government previously argued that transfer records from "years after the charged conduct, when circumstances may have changed," could support only an "attenuated" inference regarding materiality. ECF No. 786 at 3. Whatever force that argument had as applied to the original subpoenas, it has none here. The Revised Subpoena seeks records of transfers processed during the charged period itself.

Second, notwithstanding [redacted] assertion that the records are irrelevant, the Court has since expressly held that this precise category of evidence is admissible. On August 19, the Court denied the government's motion *in limine* to preclude "evidence, argument, or questioning about [redacted] decision to maintain its banking relationship with the defendants" notwithstanding "the unsealing of charges in this case in early 2019." ECF No. 790 at 17. Citing *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 195 (2016), and *United States v. Akhavan*, No. 20-CR-188 (JSR), 2021 WL 2776648, at *3 (S.D.N.Y. July 2, 2021), the Court held that "[redacted] decision to continue doing business with Huawei, even though it was aware that Huawei lied about Huawei Tech's relationship with [redacted], is relevant, admissible evidence." *Id.* at 18. The records sought here are the same category of evidence as to [redacted].

---

[4] [redacted] also claims, with no basis, that Huawei's own records "surely contain whatever evidence the Defendants believe is necessary." Ex. B at 2. That is incorrect. [redacted] processed the relevant dollar clearing transactions on behalf of foreign, third-party banks. Although Huawei has second- or third-hand knowledge of [redacted] role in certain of the transactions that [redacted] may have cleared, it does not have full visibility, and it would be far more burdensome (and likely impossible) for Huawei to subpoena every originating or beneficiary foreign bank for the transactions cleared by [redacted], than for [redacted] to run a straightforward report of its own New York-based activity based on a search for specified Huawei entities.

**IV. Conclusion.**

For the foregoing reasons, the Court should grant Huawei's motion and order [redacted] to comply with the Revised Subpoena.

*/s/ David Bitkower*
David Bitkower
Matthew S. Hellman
Katya Jestin
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
(202) 639-6048
dbitkower@jenner.com

*/s/ Douglas A. Axel*
Douglas A. Axel
Michael A. Levy
Ellyce R. Cooper
Frank R. Volpe
Melissa Colón-Bosolet
Daniel J. Hay
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
(212) 839-5300
daxel@sidley.com

*/s/ Brian M. Heberlig*
Brian M. Heberlig
Ryan P. Poscablo
Julia Gatto
William L. Drake
Jessica I. Rothschild
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
rposcablo@steptoe.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*