Linklaters

Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone (+1) 212 903 9000
Facsimile (+1) 212 903 9100
Direct Line (+1) 212 903 9092
Chris.boehning@linklaters.com

William L. Drake
Steptoe LLP
1330 Connecticut Avenue NW
Washington, D.C. 20009
wdrake@steptoe.com

**By Email** September 6, 2026

**RE: Defendants' Rule 17(c) Subpoena to [redacted] in *United States of America v. Huawei Technologies Co., Ltd., et al.*, No. 1:18-cr-457 (S-4) (AMD) (JAM) (E.D.N.Y.)**

Dear William:

On behalf of [redacted] we have reviewed Defendants' re-issued non-party Subpoena to Testify at a Hearing or Trial in a Criminal Case ("Subpoena"). As you have requested, the Bank is responding to the Subpoena by providing you with its position in correspondence before the return date. Although Defendants' re-issued Subpoena now contains a single request for production ("Request"), as noted in prior communications and set forth in greater detail below, we do not believe the re-issued Subpoena requires a further response.

First, the Request is inconsistent with the Magistrate Judge's August 18, 2026, Memorandum & Order. *See* ECF No. 788. There, the Magistrate Judge held that Defendants' subpoenas served on non-party banks failed to satisfy the legal standards set forth in Federal Rule of Criminal Procedure 17(c). The Magistrate Judge thus quashed Defendants' subpoenas. *See id*. at 15. While the Defendants have sought to make the Subpoena *appear* meaningfully narrower than the one previously quashed, it is, at bottom, the same: it seeks wire transfer records related to more than a dozen entities for a year-long period without any geographic, value, purpose, counterparty, or other limitation. By re-issuing a substantially similar Rule 17(c) subpoena — and with fewer than 3 weeks before the return date — Defendants have acted contrary to the Magistrate Judge's order.

Second, the Request is unduly burdensome. Incorporating Defendants' definition of "Funds Transfers," the Request seeks documents sufficient to show "any electronic transfer of funds denominated in U.S. dollars between bank accounts" in which "a Huawei Entity was the originator or beneficiary" of the transfer. Defendants, among the largest electronics manufacturers in the world, undertake tens of thousands of transactions each year across dozens of affiliates throughout the world. Those affiliates all share similar names — and in some cases the very same name — so it is not possible to search "just" the 13 Huawei Entities listed in the Subpoena. It instead requires a broad and generic collection of information that *could* be responsive and then a manual transaction-by-transaction review to determine what is actually responsive. Parsing out which transactions may relate to the 13 Huawei Entities from those that do not would be a significant task, if it is possible at all. The scope of materials requested is unduly burdensome.

Third, the Request goes beyond the scope of permissible non-party discovery under Rule 17(c). For reasons largely set forth in the Magistrate Judge's order, Defendants' Request encompassing "any electronic transfer" does not satisfy the specificity requirement of Rule 17(c). *See United States v. Maxwell*, No. 20-CR-330, 2021 WL 1625392, at *2 (S.D.N.Y. Apr. 27, 2021) ("The use of the terms 'all' and 'any' 'do not evince specificity.'" (citation omitted)). Defendants once again "seek[] to obtain large quantities of documents" in a manner "more akin to a discovery request than a trial subpoena seeking specific admissible evidence." ECF No. 788, at 12. The Request is therefore the precise sort of "fishing expedition" that is not permitted under Rule 17(c). *See United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013). Moreover, indictments were first handed down in this case over 8 years ago. *See* ECF No. 25. If Defendants believed the transaction data were critical to their defense at trial, they would have produced their own records, which surely contain whatever evidence the Defendants believe is necessary. As the Magistrate Judge's order noted, any claim that the Defendants do not "have visibility into every intermediary bank that clears its dollar transactions" supports the impropriety of the subpoena. *See* ECF No. 788, at 13. The fact that the Bank's records may offer *some* additional information beyond Defendants' own transaction data is not enough for purposes of Rule 17(c). Defendants have offered no explanation why their own records are inadequate and instead re-issued their Subpoena with fewer than 3 weeks before the return date and on the eve of trial. There is no reason for the Bank to undertake a significant collection, review, and production when Defendants have their own data reflecting funds transfers to which they are a party.

Fourth, the information sought in the Subpoena is not relevant or admissible and instead appears designed to create a knowingly false narrative. The Defendants set forth that false narrative in their Opposition to the Motion to Quash, writing that "evidence that three global banks continued to process U.S.-dollar fund transfers for the Huawei Entities — after the Indictment placed them on notice of everything the government contends was concealed by Huawei — is evidence from which a reasonable jury could conclude that the alleged misstatements were not material to a reasonable bank's dollar-clearing decisions." ECF No. 784 at 6. As the Defendants are fully aware, the Bank commenced the exit of its relationship with the Defendants on the eve of their indictment and agreed to an orderly wind down of business throughout the time period covered by the Request. Any evidence that the Bank completed wire transfers in the year following the indictment as a part of that wind down would not, therefore, reflect anything meaningful regarding its "dollar-clearing decisions."

We do not believe that a further response to the Subpoena is required, and we would urge you and your clients to reconsider the propriety of pursuing the matter further. We reserve all rights and objections.

Sincerely,

*<u>/s/ H. Christopher Boehning</u>*
H. Christopher Boehning