SIDLEY JENNER&BLOCK LLP Steptoe

September 10, 2026

**Via ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Huawei Technologies Co., Ltd.*, *et al.*, No. 18-457 (S-4) (AMD) (JAM) – Video Recording of Government Witness Interview

Dear Judge Donnelly:

The defendants write in brief response to the government's September 6 letter regarding its obligation to obtain a video recording of its June 5, 2026, joint interview with the Royal Canadian Mounted Police (RCMP) of an AEO witness who will testify "in approximately mid-September" ("Witness 2"). Dkt. 846 at 3. The Court should order the government to produce the recording to the defense before Witness 2 testifies.

Despite obligations under *Brady* and *Giglio*, the government made no effort to obtain the recording from the RCMP until after the defense discovered its existence on August 20, 2026, and now seeks to call the witness before the recording arrives. The government's belated request was insufficient to comply with the government's obligation to produce *Brady* and *Giglio* material in time for the defense to make meaningful use of it. *Leka v. Portuondo*, 257 F.3d 89, 103 (2d Cir. 2001). [redacted][1] If Witness 2 testifies before Huawei has reviewed the recording, Huawei's ability to cross-examine him effectively will be impaired. That prejudice is not cured by the possibility of recalling Witness 2, *see United States v. Washington*, 294 F. Supp. 2d 246, 249 (D. Conn. 2003), which, given his Canadian residency, is unlikely.[2]

The government's claim that it has satisfied its good-faith obligation to try to obtain the recording is belied by precedent. In other cases, the government has made immediate requests, *see, e.g.*, *United States v. Nejad*, 487 F. Supp. 3d 206, 212 (S.D.N.Y. 2020) (obtaining recording

[1] The FBI agent's notes and interview report do not satisfy the government's obligations because neither is a verbatim transcript of the interview, and the recording is the only piece of evidence that can comprehensively impeach the witness's testimony. The defense's ability to impeach a witness with non-verbatim, third-party notes is minimal. *See, e.g.*, *United States v. Gambino*, 835 F. Supp. 74, 92 (E.D.N.Y. 1993).

[2] If the Court denies this request, Huawei will need to serve the witness with a trial subpoena, and the parties will need to address whether the witness would need to remain in New York City to ensure availability to be recalled when the recording arrives.

within two weeks of interview), or traveled to Canada to obtain recordings and interview reports, *see United States v. Paternina-Vergara*, 749 F.2d 993, 996 (2d Cir. 1984) (trial adjourned so AUSAs could obtain materials from RCMP before cross-examination). Here, the government did nothing until prompted by the defense, and even then, it has failed to communicate to the RCMP Huawei's willingness to travel to Canada to duplicate the recording at its own expense (an offer that remains). While it appears that the government is making extensive efforts to coordinate Witness 2's travel and testimony, it has made only minimal efforts, and only after defense requests, to obtain information it is obligated to seek and produce. The government has the ability to produce RCMP recording: it has done so for other witnesses in this very case, and other cases like *Nejad* and *Paternina-Vergara* confirm that such recordings are available to U.S. authorities upon request. The Court should require the government to produce the recording of Witness 2 before calling Witness 2 at trial.

Respectfully submitted,

/s/ David Bitkower
David Bitkower
Matthew S. Hellman
Katya Jestin
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
(202) 639-6048
dbitkower@jenner.com

/s/ Douglas A. Axel
Douglas A. Axel
Michael A. Levy
Ellyce R. Cooper
Frank R. Volpe
Melissa Colón-Bosolet
Daniel J. Hay
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
(212) 839-5300
daxel@sidley.com

/s/ Brian M. Heberlig
Brian M. Heberlig
Ryan P. Poscablo
Julia Gatto
William L. Drake
Jessica I. Rothschild
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
rposcablo@steptoe.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*