SIDLEY JENNER&BLOCK LLP Steptoe

September 10, 2026

**FILED UNDER SEAL**

**Via ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Huawei Technologies Co., Ltd.*, No. 18-457 (S-4) (AMD) (JAM)
Response to Government's September 8, 2026 Letter Regarding Certification Pursuant to Federal Rule of Evidence 902(11)

Dear Judge Donnelly:

The defense writes in response to the government's September 8, 2026 letter enclosing a certification by [redacted] that purports to authenticate seven exhibits as business records under Federal Rule of Evidence 902(11). The certification is deficient, and the Court should not admit three of the exhibits.[1]

The certification is deficient because it does not certify that the relevant exhibits were "made at or near the time by" or "from information transmitted by" "someone with knowledge" of the matters asserted. Under Rule 902(11), a certification must establish that the record "meets the requirements of Rule 803(6)(A)-(C)." Rule 803(6)(A), in turn, contains the knowledge element. Because the [redacted] certification wholly omits the knowledge element, it satisfies neither Rule 803(6) nor Rule 902(11), and is not a basis to admit the exhibits.

For this reason, the certification does not establish the required Rule 803(6) foundation, and the government may not rely on it to authenticate the certified exhibits.

Further, several of the relevant exhibits are foreign records, and their authentication is thus governed by 18 U.S.C. § 3505, not Rule 902(11). Section 3505 imposes similar requirements, and the certification fails for the same reasons. However, Section 3505 additionally requires that the certification be "made and signed in a foreign country" and that, if falsely made, it would "subject the maker to criminal penalty under the laws of that country." Because the [redacted] certification does not do so, it must be rejected for that reason as well.

---

[1] Huawei has previously informed the government that it does not object to admission of four of the seven exhibits, i.e., Government Exhibits 21348, 21348-1, 21352, and 21352-1. It objects to Exhibits 21348-2, 21348-3, and 21621 for the reasons stated in its Rule 15 briefing on the [redacted] and [redacted] depositions. *See* ECF No. 732 at 4-7 (GX-21348-2); 9-10 (GX-21348-3); 10-11 (GX-21621).

Respectfully submitted,

/s/ David Bitkower
David Bitkower
Matthew S. Hellman
Katya Jestin
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
(202) 639-6048
dbitkower@jenner.com

/s/ Douglas A. Axel
Douglas A. Axel
Michael A. Levy
Ellyce R. Cooper
Frank R. Volpe
Melissa Colón-Bosolet
Daniel J. Hay
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
(212) 839-5300
daxel@sidley.com

/s/ Brian M. Heberlig
Brian M. Heberlig
Ryan P. Poscablo
Julia Gatto
William L. Drake
Jessica I. Rothschild
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
rposcablo@steptoe.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*