**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NJM:TGS
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 11, 2026

By ECF and Email

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Huawei Technologies Co., Ltd., et al.
Criminal Docket No. 18-457 (S-4) (AMD)

Dear Judge Donnelly:

The government writes to notify the Court and the defendants that, earlier today, the FBI located the missing written consent form referenced in the motion to suppress briefing. As the Court will remember, in their motion to suppress, the defendants moved to suppress, *inter alia*, evidence obtained from a work laptop seized from a Huawei employee on April 27, 2018. (*See* ECF Nos. 541, 542 at 3, 5-9). In its response, based on its review of the audio recording of a law enforcement interview of the Huawei employee on April 27, 2018, the government represented that the Huawei employee provided agents both written and verbal consent to search all devices seized from him that day. (*See* ECF Nos. 561, 562 at 3, 6; *see also* ECF No. 562, Ex. B, at 23:00 to 25:00). At the time, the government had not been able to locate the written consent form, and it advised the defendants that it was not able to locate the form. (*See* ECF No. 756 at 6 n.10). The Court, seemingly based on its own review of the audio recording, found that the Huawei employee consented to a search of all devices seized from him on April 27, 2018, including his work laptop. (*See id.* at 6).

Earlier today, the FBI located the written consent form that the Huawei employee completed during the April 27, 2018 interview. *See* Ex. A. The form lists only two of the devices seized from the Huawei employee that day, which do not include the Huawei employee's work laptop.

Based on its review of the audio recording, the government continues to believe that the Huawei employee's verbal consent included all devices seized from him on April 27, 2018. Notably, however, the government at this time has not marked any trial exhibits derived from the Huawei employee's work laptop and will not use any items derived from that laptop in its case-in-chief.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: /s/
Alexander A. Solomon
Meredith A. Arfa
Robert Pollack
Matthew Skurnik
Matthew F. Sullivan
Assistant United States Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering, Narcotics and
Forfeiture Section,
Criminal Division,
U.S. Department of Justice

Taylor G. Stout
Morgan J. Cohen
Jasmin Salehi Fashami
Trial Attorneys

CHRISTIAN NAUVEL
Acting Chief, Counterintelligence and
Export Control Section,
National Security Division,
U.S. Department of Justice

Aaron Jennen
Trial Attorney