SIDLEY JENNER&BLOCK LLP Steptoe

September 21, 2026

**Via ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Huawei Technologies Co. Ltd.*, No. 18-457 (S-4) (AMD) (JAM)
Response to Government's Motions on Rule 26.2 and Pre-Redacted Documents

Dear Judge Donnelly:

We write on behalf of the Huawei defendants regarding (a) whether the Rule 26.2 exemption for statements of "the defendant" applies to corporate defendants and (b) whether the government can introduce documents that include redactions implemented by third parties.

**Statements by Organizational Defendants Are Protected from Disclosure Under Rule 26.2**

Rule 26.2 requires both the government and the defendant to produce certain statements of their witnesses, but it expressly exempts statements of "the defendant." Fed. R. Crim. P. 26.2(a). The government argues that this exemption applies only to individual defendants and not to organizational defendants. Dkt. 861 ("Mot.") at 2. The government is wrong. The plain language of the rule does not distinguish between individual and organizational defendants. The rule, therefore, exempts statements of a corporate defendant's employees whose statements the government contends are attributable to the organization.

*First*, the exemption in Rule 26.2 applies on its face to all defendants, and the rule's text contains no indication that it protects only the statements of individual defendants. Throughout the Federal Rules of Criminal Procedure, "defendant" refers to both individual *and* organizational defendants. *See, e.g.*, Fed. R. Crim. P. 8 (permitting "a defendant" to be charged with multiple offenses in an indictment and discussing "joinder of defendants"). And when the Federal Rules intend to distinguish organizational defendants, they do so expressly. *Compare* Fed. R. Crim. P. 9(a) (permitting a court to issue a warrant or summons for "each defendant"), *with* Fed. R. Crim. P. 4(a) (discussing different requirements for an "individual defendant" vs. an "organizational defendant" who "fails to appear in response to a summons"). Rule 26.2 contains no such distinction and therefore applies to organizational as well as individual defendants.

*Second*, courts have interpreted the identical language in the Jencks Act to apply to corporate defendants. The interpretation of the Jencks Act is important because Rule 26.2 was specifically enacted to incorporate the substance of the Jencks Act into the criminal rules. Fed. R. Crim. P. 26.2 Advisory Comm. Note (1979). The Jencks Act uses the same phrase as the Rule 26.2 exemption: "other than the defendant." *See* 18 U.S.C. § 3500(a). Courts have

interpreted that phrase in the Jencks Act as including employees whose statements are capable of binding the organizational defendant. That is because "when the [g]overnment seeks to hold a corporate defendant criminally responsible for the conduct of its agent or employee, statements made by that individual are essentially statements of the defendant, thus bringing them within the Jencks exception." *United States v. Chalmers*, 410 F. Supp. 2d 278, 292 (S.D.N.Y. 2006) (Chin, J.) (discussing 18 USC § 3500(a)); *United States v. Biaggi*, 675 F. Supp. 790, 813 (S.D.N.Y. 1987) (Baker Motley, J.) (holding that statements of organizational defendants' employees were statements of a defendant under the Jencks Act "because a defendant that is not a natural person can speak only through its human officers and employees and a defendant is entitled to discover his or her or its own statements"); *see also* Prac. L. Sec. Litig. & White Collar Crime, Discovery *Under Fed. R. Crim. P. 16: Defendant's Statements and Prior Criminal Record*, Westlaw Practice Note w-014-8737 ("Because the organization is treated the same as an individual, employee statements are viewed as the organization's own statements and [are exempted by § 3500(a)]."). The definition that applies in the Jencks Act should apply to Rule 26.2.

*Third,* the exemption is logical and promotes fairness in criminal trials. A defendant's prior statements can generally be admitted against them as substantive proof despite the hearsay rules. *See* Fed. R. Evid. 801(d)(2). An obligation to produce all prior statements within the scope of a defendant's testimony would thus require a defendant to help the government build its case as the price of testifying. The same rationale applies to employees of an organizational defendant because those statements could also be treated as binding. *See* Fed. R. Evid. 801(d)(2)(D). As Judge Pollak explained earlier in this case, "When the [g]overnment seeks to hold a corporate entity criminally responsible based on the acts of the corporation's agents or employees, it . . . cannot then argue that the statements by these involved employees or agents are not statements of the corporate defendant." Dkt. 246 at 3 (quoting *Chalmers*, 410 F. Supp. 2d at 291).[1] The government cannot have it both ways—treating corporate employees as "the defendant" for purposes of attributing guilt, but then professing they are not "the defendant" when it comes to Rule 26.2.

*Fourth*, the government claims that "Fifth Amendment protections" are "codified into the exclusionary language of Rule 26.2," Mot. at 1, but that is incorrect. The Fifth Amendment generally does not protect prior statements made by a defendant who has just testified about the subject matter of those statements. At that point, any testifying defendant will have waived Fifth

---

[1] This is consistent with Rule 16(a)(1), which requires disclosure to organizational defendants of any statement made by a person who the government contends was legally capable of binding the defendant on the subject of their statement or the conduct constituting the offense. Fed. R. Crim. P. 16(a)(1)(C); *see* Dkt. 246 ("Rule 16(a)(1)(C) requires the government to disclose the statements of . . . individuals whose statements may constitute admissions of the corporate defendant."). This provision of Rule 16 was added to reflect the judgment that "in a situation involving a corporate defendant, statements made by present and former officers and employees relating to their employment have been held discoverable as statements of the defendant." Fed. R. Crim. P. 16 Advisory Comm. Note (1974) (citing *United States v. Hughes*, 413 F.2d 1244 (5th Cir. 1969)).

Amendment protection as to the subject matter of their testimony. *See Brown v. United States*, 356 U.S. 148, 154–55 (1958). Indeed, the Fifth Amendment only covers prior written or recorded statements in narrow circumstances generally not relevant to the production of Rule 26.2 statements. *See United States v. Hubbell*, 530 U.S. 27, 36–37 (2000); *United States v. Fridman*, 974 F.3d 163, 174 (2d Cir. 2020) (describing act of production privilege). Rule 26.2(a)'s exemption for prior statements of the defendant, therefore, is not a codification of the Fifth Amendment. Rather, it is intended to protect a defendant from having to disclose prior statements relevant to the subject matter of their testimony irrespective of whether those statements might be covered by a testimonial privilege. Accordingly, the government's assertion that Rule 26.2 does not apply to corporate defendants because corporate defendants have no Fifth Amendment right against self-incrimination is a *non-sequitur*.

*Finally*, the government's primary complaint seems to be about case management and the potential for "trial-by-ambush," Mot. at 2, but Rule 26.2 is not meant to solve that problem. A party need only provide a witness's statements "[*a*]*fter* [the] witness other than the defendant has testified on direct examination," Fed. R. Crim. P. 26.2(a) (emphasis added); *id.* Advisory Comm. Note (1993) (noting rule "is not intended to require production of a witness's statement before the witness actually testifies"), which would not alleviate the government's concern. To address that concern, defendants offered as a compromise resolution to the government's motion to provide a written proffer of each defense witness's testimony a week before the witness testifies. The government rejected this proposal.

For all of these reasons, the Court should interpret Rule 26.2 in accordance with its plain terms and deny the government's motion.

**<u>Defendants Need Not Stipulate to the Authenticity of Pre-Redacted Documents</u>**

The government's argument misconstrues Huawei's position regarding redacted documents. Huawei does not dispute that partially redacted documents can, in theory, be authenticated. But Huawei has declined to enter a wholesale admissibility stipulation covering all of the redacted documents produced in this case and identified as potential exhibits. Many of those redactions conceal substantive information necessary to understand the context of the statements, lack apparent justification based on data privacy considerations, or—worse—are applied in a way that suggests the producing entities strategically concealed exculpatory information they viewed as damaging to themselves.

The government claims that these redactions were appropriately made under "foreign privacy law or privilege," but it cites no basis for that statement, much less cognizable evidence or legal explanation supporting that assertion. Mot. at 4. Nor have the custodians of the documents properly asserted any privilege or shown what privilege from what country purportedly justifies the redactions. *See Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 98–99 (2d Cir. 2020) (discussing choice-of-law analysis for assertions of privilege). Courts generally do not permit such unexplained redactions to stand. *See, e.g.*, *United States v. Davis*, 1988 WL 96843, at *2 (S.D.N.Y. Sept. 13, 1988) (custodian ordered to produce materials without non-

privilege redactions and "to provide a properly and fully executed Local Rule 46 privilege list" to explain any redactions based on attorney-client, work product, or other legal privilege).

To the extent the government seeks to admit exhibits containing prejudicial and misleading redactions of this nature, the government bears a burden to prove that the documents are what they say they are, Fed. R. Evid. 901(a), and Huawei expects to object. Under the rule of completeness, "an 'omitted portion of [a] statement *must* be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (quoting *United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir. 1987)) (emphasis added). But, unlike in most cases, neither party here knows what is under many of the redactions, so the Court cannot determine whether the unredacted portions must be included. To the extent any such exhibits are ultimately admitted, Huawei has a right to cross-examine the sponsoring witness as to the identity of the party who redacted the document, the basis for the redactions, and the contents of the redacted material.

Respectfully submitted,

*/s/ David Bitkower*
David Bitkower
Katya Jestin
Matthew S. Hellman
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
(202) 639-6048
dbitkower@jenner.com

*/s/ Douglas A. Axel*
Douglas A. Axel
Michael A. Levy
Frank R. Volpe
Ellyce R. Cooper
Melissa Colón-Bosolet
Daniel J. Hay
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
(212) 839-5300
daxel@sidley.com

*/s/ Brian M. Heberlig*
Brian M. Heberlig
Ryan P. Poscablo
Julia Gatto
William L. Drake
Jessica I. Rothschild
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
rposcablo@steptoe.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*