UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

\- against -

HUAWEI TECHNOLOGIES CO., LTD.,
HUAWEI DEVICE CO., LTD.,
HUAWEI DEVICE USA INC.,
FUTUREWEI TECHNOLOGIES, INC.,

Defendants.

\- - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION

18-CR-457 (AMD)

**STIPULATON REGARDING PROTECTIVE ORDER FOR TRIAL**

The United States of America and defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA Inc., and FutureWei Technologies, Inc. (collectively "Huawei") stipulate and consent to the entry of this Protective Order For Trial in the above-captioned matter. The parties previously entered into Protective Orders on June 10, 2019, ECF No. 57, which subsequently was modified by the parties pursuant to various agreements, and December 18, 2025, ECF No. 595, respectively, for purposes of the discovery in this case.[1] Pursuant to the Court's August 19, 2026 order, the parties submit this stipulation (the "Protective Order for Trial") in order to ensure that the confidentiality of potential trade secrets and related information that may be presented at trial is adequately protected. *See* ECF No. 790 at 20-21.

The parties stipulate that the restrictions set forth herein are necessary to preserve the confidentiality of potential trade secret information in this case. Specifically, the limited

[1] These protective orders and the parties' agreements continue to govern access and use of discovery materials in this case, and are not affected by the instant stipulation.

restrictions set forth herein are narrowly tailored to protect the confidentiality of potential trade secret information and to enable the fact finders to consider relevant evidence. Without the tailored restrictions set forth herein, there is a substantial probability that the compelling interest in preserving the confidentiality of the alleged trade secrets would be harmed. Moreover, the parties agree that the approach set forth herein represents the most effective and narrowest means to accomplish these objectives, and is consistent with Congress's direction that courts consider and adopt appropriate measures to "preserve the confidentiality of trade secrets." *See* 18 U.S.C. § 1835(a).

IT IS HEREBY STIPULATED that the following provisions shall govern the handling of evidence prior to, during, and after trial, including with respect to any post-trial proceedings:

1. Any excerpts of source code or object code that any party contends belongs to Cisco Systems, Inc. and/or any of the defendants, and any excerpts thereof, to the extent used by any party at trial (the "Trial Protected Material") will be treated as Sensitive Discovery Material ("SDM") under the protective order entered by this Court on June 10, 2019, ECF No. 57, and the parties' subsequent agreements. The designation or treatment of any material as Trial Protected Material does not constitute an acknowledgment or determination by the Court or any party that the material is in fact a trade secret, and serves only to "to preserve the confidentiality of trade secrets," as required under 18 U.S.C. § 1835.

2. Counsel for the government and the defendants will notify the Court prior to the introduction of any Trial Protected Material at trial, including, but not limited to, any testimony, exhibits, and arguments. Such notification will enable the Court and parties to ensure appropriate measures are in place "to preserve the confidentiality of trade secrets" during the presentation of

this evidence at trial. *See* 18 U.S.C. § 1835(a).

3. When Trial Protected Material is presented, only the jury (as appropriate), the government, defense counsel and the defendants, the Court, the Court's staff, and the court reporters (together, "Authorized Persons") will be permitted to view the Trial Protected Material. Trial Protected Material shall not be displayed on courtroom presentation displays to anyone other than Authorized Persons. In the event hard copies of the Trial Protected Material are used at trial, such hard copies will be retrieved from the jury after the presentation of the evidence.

4. Trial Protected Material shall not be left unattended in the unlocked courtroom.

5. Unless otherwise directed by the Court, Trial Protected Material shall be maintained by the parties in secure locations, and by the Clerk of the Court under seal.

6. Following testimony of witnesses implicating Trial Protected Material, the parties will review the applicable trial transcripts and confer regarding portions of the transcripts to be sealed to protect Trial Protected Material.

7. After final judgment of this action or an appeal from any judgment entered in this action is exhausted, and unless the parties agree otherwise, any person to whom Trial Protected Material has been disclosed pursuant to this Order shall, within 10 days of receipt of a written request from the United States or the defense:

a. destroy all materials and documents produced or revealed containing Trial Protected Material, including, but not limited to, every portion of other materials, memoranda or documents purporting to reproduce or paraphrase Trial Protected Material; and keep such materials confidential, in accordance with this Agreement.

SO STIPULATED.

Dated: Brooklyn, New York
September 24, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: ______________________

Alexander A. Solomon
Meredith A. Arfa
Robert M. Pollack
Matthew Skurnik
Matthew F. Sullivan
Assistant United States Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering, Narcotics and Forfeiture Section,
U.S. Department of Justice

Taylor G. Stout
Morgan Cohen
Jasmin Salehi Fashami
Trial Attorneys

CHRISTIAN NAUVEL
Acting Chief, Counterintelligence and Export Control Section,
National Security Division,
U.S. Department of Justice

Aaron L. Jennen
Trial Attorney

______________________

David Bitkower
Matthew S. Hellman
Katya Jestin
JENNER & BLOCK LLP

Douglas A. Axel
Michael A. Levy
Ellyce R. Cooper
Frank R. Volpe
Melissa Colón-Bosolet
Daniel J. Hay
SIDLEY AUSTIN LLP

Brian M. Heberlig
Ryan P. Poscablo
Julia Gatto
William L. Drake
Jessica I Rothschild
STEPTOE LLP

Counsel to the Defendants